**Fill in this information to identify the case:**

Debtor Name Free Speech Systems LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number: 22-60043

☐ Check if this is an amended filing

Official Form 425C

# Monthly Operating Report for Small Business Under Chapter 11

12/17

Month: September 2022

Line of business: Dietary Supplement Sales

Date report filed: 12/16/2022
MM / DD / YYYY

NAISC code: 325411

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party: J. Patrick Magill

Original signature of responsible party

Printed name of responsible party: J. Patrick Magill

## 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

| | | Yes | No | N/A |
|---|---|---|---|---|
| | **If you answer No to any of the questions in lines 1-9, attach an explanation and label it Exhibit A.** | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☐ | ☑ | ☐ |
| 4. | Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☐ | ☑ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☐ | ☐ | ☑ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer Yes to any of the questions in lines 10-18, attach an explanation and label it Exhibit B.** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? *** NOTE 1 *** | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Debtor Name   Free Speech Systems LLC

Case number   22-60043

17. Have you paid any bills you owed before you filed bankruptcy? ☐ ☑ ☐

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy? ☐ ☑ ☐

*** NOTE 1 *** We provide consignment sales services to PQPR

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

$ 1,964,252.0

20. **Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

Report the total from *Exhibit C* here.

$ 1,051,830.0

21. **Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

Report the total from *Exhibit D* here.

− $ 2,293,537.0

22. **Net cash flow**

Subtract line 21 from line 20 and report the result here.
This amount may be different from what you may have calculated as *net profit*.

+ $ -1,241,707.

23. **Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

= $ 722,545.00

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**

*(Exhibit E)*

$ 557,506.00

Debtor Name  Free Speech Systems LLC

Case number  22-60043

---

### 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy. Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**

$ 178,995.00

*(Exhibit F)*

---

### 5. Employees

26. What was the number of employees when the case was filed?

54

27. What is the number of employees as of the date of this monthly report?

49

---

### 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?

$ 0.00

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?

$ 0.00

30. How much have you paid this month in other professional fees?

$ 150,000.00

31. How much have you paid in total other professional fees since filing the case?

$ 150,000.00

---

### 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

|  | Column A | | Column B | | Column C |
|---|---|---|---|---|---|
|  | *Column A* | | *Column B* | | *Column C* |
|  | **Projected** | − | **Actual** | = | **Difference** |
|  | Copy lines 35-37 from the previous month's report. | | Copy lines 20-22 of this report. | | Subtract Column B from Column A. |
| 32. **Cash receipts** | $ 1,051,830.0 | − | $ 1,051,830.0 | = | $ 0.00 |
| 33. **Cash disbursements** | $ 2,293,537.0 | − | $ 2,293,537.0 | = | $ 0.00 |
| 34. **Net cash flow** | $ -1,241,707. | − | $ -1,241,537. | = | $ 0.00 |

35. Total projected cash receipts for the next month:

$ 2,648,712.0

36. Total projected cash disbursements for the next month:

− $ 1,353,745.0

37. Total projected net cash flow for the next month:

= $ 1,294,967.0

---

Official Form 425C          **Monthly Operating Report for Small Business Under Chapter 11**          page **3**

006570

Debtor Name  Free Speech Systems LLC        Case number 22-60043

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑ 38. Bank statements for each open account (redact all but the last 4 digits of account numbers).

☑ 39. Bank reconciliation reports for each account.

☐ 40. Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐ 41. Budget, projection, or forecast reports.

☐ 42. Project, job costing, or work-in-progress reports.

# FREE SPEECH SYSTEMS

| September 1 to September 30 | AXOS Deposits #78877 | AXOS Operating #78919 | AXOS Donations #78885 | AXOS Payroll #78927 | AXOS Infowars #78893 | AXOS Legal #78901 | SEC BANK Operations #8514 | SEC BANK Donations #8746 | SEC BANK Payroll #8522 | SEC BANK InfoWars #8621 | SEC BANK Deposits #8563 | TOTAL All Accounts |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Opening Balance | 66,713.60 | 1,381,667.57 | 501,229.62 | 8,504.27 | 6,125.44 | - | - | - | - | - | 11.77 | 1,964,252.27 |
| Cash Receipts | 825,360.10 | 20,579.60 (t) | 107,393.20 | 98,497.49 | - | - | - | - | - | - | - | 1,051,830.39 |
| Cash Disbursements | - | (2,012,290.50) | (279,987.56) | (1,259.20) | - | - | - | - | - | - | - | (2,293,537.26) |
| Net Cash Flow | 825,360.10 | (1,991,710.90) | (172,594.36) | 97,238.29 | - | - | - | - | - | - | - | (1,241,706.87) |
| Transfers In | - | 706,000.00 | - | - | - | - | - | - | - | - | - | 706,000.00 |
| Transfers Out | (599,000.00) | (12,000.00) | - | (95,000.00) | - | - | - | - | - | - | - | (706,000.00) |
| Cash on Hand | 293,073.70 | 83,956.67 | 328,635.26 | 10,742.56 | 6,125.44 | - | - | - | - | - | 11.77 | 722,545.40 |

006572


FREE SPEECH SYSTEMS

**FORM 425C Exhibit E**
**Total Payables**

*For various reasons, Free Speech Systems LLC has not kept its books on the accrual basis of accounting and as a result there is not a traditional accounts payable list available at this time.  Free Speech Systems has kept books on the cash basis and virtually all bills are paid via ACH.  We are including the invoices / bills paid / checks cleared from the 1st to the 15th of the following month as a reasonable estimate of our payables at the date of the report.*

*As of September 30, 2022*

| From | Amount | Due Date |
|------|-------:|----------|
| Lathem Time Corp | 134.32 | 10/4/2022 |
| AuthNet Gateway | 4,698.40 | 10/4/2022 |
| Quickbooks Online | 173.23 | 10/4/2022 |
| Hasting Humans | 169.95 | 10/5/2022 |
| Spectrum | 180.14 | 10/5/2022 |
| ACH Batch Ops Exp | 1,200.00 | 10/5/2022 |
| ACH Batch Ops Exp | 2,032.50 | 10/5/2022 |
| Hastings Humans | 5,245.80 | 10/5/2022 |
| Atomial | 25,200.00 | 10/5/2022 |
| Cloudflare | 63,320.40 | 10/5/2022 |
| Haivision | 107,532.76 | 10/5/2022 |
| ATX HD | 20,671.00 | 10/5/2022 |
| Stream Realty | 34,858.32 | 10/5/2022 |
| Security Metrics | 12,000.00 | 10/5/2022 |
| ADP - Payroll | 185,264.31 | 10/5/2022 |
| Austion Security | 4,162.21 | 10/6/2022 |
| Contract Production | 3,425.00 | 10/7/2022 |
| Contract Production | 2,450.00 | 10/7/2022 |
| Quickbooks Online | 213.20 | 10/11/2022 |
| Champion AC | 494.70 | 10/12/2022 |
| Austin Security | 8,248.66 | 10/12/2022 |
| Edgecast Inc | 5,860.00 | 10/12/2022 |
| Getty Images | 9,854.54 | 10/12/2022 |
| TrustArc Inc | 16,789.50 | 10/12/2022 |
| Skyhorse Publishing | 43,327.50 | 10/12/2022 |
| | **557,506.44** | |



**FORM 425C Exhibit F**
**Total Receivables**

*Free Speech Systems LLC does not have traditional receivables from our customers. Virtually all our transactions happen via our on-line store and aggregated by our third party credit card processor. There is a lag between the transaction on the on-line store and the funding from our processor. Therefore, we don't have traditional customer receivables but have included our daily processor deposits from the 1st to the 5th of the following month as receivables*

*As of September 30, 2022*

| From | Amount | Due Date |
|------|--------|----------|
| Processor A | 94,220.05 | 10/3/2022 |
| Processor A | 50,583.51 | 10/4/2022 |
| Processor A | 34,191.56 | 10/5/2022 |
| | **178,995.12** | |



Date  9/30/22         Page      1
Primary Account          78919

FREE SPEECH SYSTEMS, LLC
Debtor in Possesion,
Case 22-60043, Operations
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Debtor in Possesion,
                        Case 22-60043, Operations

| | | |
|---|---|---|
| Commercial Checking | Number of Enclosures | 3 |
| Account Number | Statement Dates  9/01/22 thru 10/02/22 | |
| Previous Balance            1,381,667.57 | Days in the statement period | 32 |
| 87 Deposits/Credits        726,579.60 | Avg Daily Ledger | 444,820.74 |
| 105 Checks/Debits         2,024,272.50 | Avg Daily Collected | 444,294.02 |
| Maintenance Fee                   18.00 | | |
| Interest Paid                        .00 | | |
| Ending Balance                83,956.67 | | |

## SERVICE CHARGE ITEMIZATION

| Description | Amount |
|---|---|
| Item Fee in Service Charge | 18.00 |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 9/01 | From DDA *8877,To DDA *8919 | 60,000.00 |
| 9/02 | PAYMENT    GOOGLE | .19 |
| | CCD 09100011398133 | |
| | Free Speech Systems, L | |
| 9/07 | From DDA *8877,To DDA *8919 | 180,000.00 |
| 9/07 | MyDeposit | 24.95 |
| 9/07 | MyDeposit | 30.00 |
| 9/07 | MyDeposit | 35.00 |



Date   9/30/22          Page      2
Primary Account        ████78919

Commercial Checking          ██████     (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 9/07 | MyDeposit | 36.99 |
| 9/07 | MyDeposit | 70.00 |
| 9/07 | MyDeposit | 74.97 |
| 9/07 | MyDeposit | 80.90 |
| 9/07 | MyDeposit | 86.98 |
| 9/07 | MyDeposit | 88.89 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 108.80 |
| 9/07 | MyDeposit | 110.99 |
| 9/07 | MyDeposit | 115.92 |
| 9/07 | MyDeposit | 116.89 |
| 9/07 | MyDeposit | 120.00 |
| 9/07 | MyDeposit | 120.82 |
| 9/07 | MyDeposit | 124.94 |
| 9/07 | MyDeposit | 125.00 |
| 9/07 | MyDeposit | 135.00 |
| 9/07 | MyDeposit | 135.00 |
| 9/07 | MyDeposit | 137.98 |
| 9/07 | MyDeposit | 140.99 |
| 9/07 | MyDeposit | 150.00 |
| 9/07 | MyDeposit | 150.00 |
| 9/07 | MyDeposit | 151.80 |
| 9/07 | MyDeposit | 183.55 |
| 9/07 | MyDeposit | 200.00 |
| 9/07 | MyDeposit | 200.00 |
| 9/07 | MyDeposit | 227.00 |
| 9/07 | MyDeposit | 250.00 |
| 9/07 | MyDeposit | 274.95 |
| 9/07 | MyDeposit | 295.00 |
| 9/07 | MyDeposit | 303.44 |
| 9/07 | MyDeposit | 321.36 |
| 9/07 | MyDeposit | 463.82 |
| 9/07 | MyDeposit | 500.00 |
| 9/07 | MyDeposit | 1,968.53 |
| 9/08 | REVERSAL    FREESPEECHOP | 3,000.00 ← |
|      | PPD 122287250000637 | |



Date  9/30/22          Page      3
Primary Account        78919

Commercial Checking          _____ (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
|  | FREESPEECHOP | |
| 9/12 | ACH Credit Back Item | 3,000.00 |
| 9/12 | From DDA *8877,To DDA *8919 | 120,000.00 |
| 9/13 | From DDA *8877,To DDA *8919 | 55,000.00 |
| 9/14 | ACH Credit Back Item | 3,724.24 |
| 9/14 | Wire Transfer Credit | 3,000.00 |
|  | ECD UNPOST SUSP | |
|  | 20220914B1QGC05C006277 | |
|  | 20220914MMQFMP9N000109 | |
|  | 09141120FT03 | |
| 9/15 | ACH Credit Back Item | 3,000.00 |
| 9/19 | From DDA *8877,To DDA *8919 | 90,000.00 |
| 9/19 | From DDA *8877,To DDA *8919 | 94,000.00 |
| 9/19 | From DDA *8927,To DDA *8919 | 95,000.00 |
| 9/20 | MyDeposit | 79.35 |
| 9/20 | MyDeposit | 85.97 |
| 9/20 | MyDeposit | 111.99 |
| 9/20 | MyDeposit | 118.00 |
| 9/20 | MyDeposit | 149.55 |
| 9/20 | MyDeposit | 149.95 |
| 9/20 | MyDeposit | 203.21 |
| 9/20 | MyDeposit | 225.00 |
| 9/20 | MyDeposit | 248.79 |
| 9/20 | MyDeposit | 328.81 |
| 9/20 | MyDeposit | 345.06 |
| 9/20 | MyDeposit | 388.85 |
| 9/20 | MyDeposit | 390.34 |
| 9/20 | MyDeposit | 848.43 |
| 9/20 | MyDeposit | 2,013.57 |
| 9/27 | MyDeposit | 24.95 |
| 9/27 | MyDeposit | 29.00 |
| 9/27 | MyDeposit | 30.00 |
| 9/27 | MyDeposit | 77.90 |
| 9/27 | MyDeposit | 82.90 |
| 9/27 | MyDeposit | 100.00 |
| 9/27 | MyDeposit | 110.99 |
| 9/27 | MyDeposit | 111.76 |
| 9/27 | MyDeposit | 137.91 |
| 9/27 | MyDeposit | 144.65 |
| 9/27 | MyDeposit | 171.22 |
| 9/27 | MyDeposit | 174.96 |



Date   9/30/22
Primary Account            ████████78919        Page      4

Commercial Checking        ████████   (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 9/27 | MyDeposit | 178.27 |
| 9/27 | MyDeposit | 193.84 |
| 9/27 | MyDeposit | 286.70 |
| 9/27 | MyDeposit | 339.78 |
| 9/27 | MyDeposit | 400.00 |
| 9/27 | MyDeposit | 413.01 |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 9/01 | DBT CRD 1623 08/31/22 69850016 AMZN Mktp US*144NN5VE3 Amzn.com/bill WA C#2164 | 103.26- |
| 9/02 | Debit Card Rush Order | 50.00- |
| 9/02 | PHONECHECK HASTINGSHUMANS TEL 091000011175151 | 169.95- |
| 9/02 | Epik       FREESPEECHOP CCD 122287250000344 FREESPEECHOP | 636.05- |
| 9/02 | PAYMENTS    FROST INSURANCE CCD 104000019653615 FREE SPEECH SYSTEMS, L | 2,704.02- |
| 9/02 | PHONECHECK HASTINGSHUMANS TEL 091000011175150 | 5,245.80- |
| 9/06 | DBT CRD 0331 09/04/22 06775433 FDCSERVERSN 312-423-6675  FL C#2164 | 555.34- |
| 9/06 | 4155203439 TrustArc WEB 242071756045820 Free Speech Systems | 1,221.46- |
| 9/06 | PHONECHECK HASTINGSHUMANS TEL 091000011948441 | 2,018.58- |
| 9/06 | SALE       AUSTIN SECURITY WEB 021000028716398 WENDELL M SCHWARTZ | 5,412.50- |
| 9/06 | BILLING    AUTHNET GATEWAY CCD 104000012912118 FREE SPEECH SYSTEMS, L | 8,198.60- |
| 9/06 | PHONECHECK HASTINGSHUMANS TEL 091000011948440 | 9,499.99- |



Date  9/30/22       Page   5
Primary Account          ███████ 78919

Commercial Checking        ███████████  (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 9/06 | PHONECHECK HASTINGSHUMANS<br>TEL 091000011948439 | 9,500.00- |
| 9/06 | SALE        ATOMIAL LLC<br>WEB 021000028716319<br>LLC FREE SPEECH SYSTEM | 25,200.00- |
| 9/06 | Skyhorse3  FREESPEECHOP<br>CCD 122287250000048<br>FREESPEECHOP | 100,000.00- |
| 9/06 | Bill Pay    FREESPEECHOP<br>CCD 122287250000022<br>FREESPEECHOP | 137,134.34- |
| 9/06 | DBT CRD 1328 09/02/22 65045325<br>ZOOM.US 888-799-9666<br>WWW.ZOOM.US    CA C#2164 | 159.48- |
| 9/06 | Domestic Wire Transfer-DL<br>Skyhorse Publishing, Inc.<br>021000021<br>716503237765<br>307 W 36th Street, 11th Floor<br>New York, NY 10018 UNITED STAT<br>JPMORGAN CHASE BAN<br>2nd payment on books<br>20220906MMQFMP9N000008<br>20220906B1QGC01R017622<br>09060800FT03 | 80,000.00- |
| 9/06 | Domestic Wire Transfer-DL<br>Skyhorse Publishing, Inc.<br>021000021<br>716503237765<br>307 W 36th Street, 11th Floor<br>New York, NY 10018 UNITED STAT<br>JPMORGAN CHASE BAN<br>Retry rejected payment<br>on book order<br>20220906MMQFMP9N000010<br>20220906B1QGC01R017638<br>09060800FT03 | 80,000.00- |
| 9/07 | PAYMENT    ADT<br>PPD 101000691278790<br>FREE SPEECH SYSTEMS | 9.44- |



Date  9/30/22        Page    6
Primary Account ████████78919

Commercial Checking        ████████    (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 9/07 | PAYMENT     ADT<br>PPD 101000691278796<br>FREE SPEECH SYSTEMS | 20.45- |
| 9/07 | PAYMENT     ADT<br>PPD 101000691278789<br>FREE SPEECH SYSTEMS | 58.94- |
| 9/07 | PAYMENT     ADT<br>PPD 101000691278788<br>FREE SPEECH SYSTEMS | 66.08- |
| 9/07 | PAYMENT     ADT<br>PPD 101000691278794<br>FREE SPEECH SYSTEMS | 69.18- |
| 9/07 | PAYMENT     ADT<br>PPD 101000691278793<br>FREE SPEECH SYSTEMS | 102.06- |
| 9/07 | PAYMENT     ADT<br>PPD 101000691278791<br>FREE SPEECH SYSTEMS | 126.76- |
| 9/07 | PAYMENT     ADT<br>PPD 101000691278787<br>FREE SPEECH SYSTEMS | 270.63- |
| 9/07 | PAYMENT     ADT<br>PPD 101000691278795<br>FREE SPEECH SYSTEMS | 830.10- |
| 9/07 | PAYMENT     ADT<br>PPD 101000691278792<br>FREE SPEECH SYSTEMS | 1,411.18- |
| 9/07 | WEBPAYMENT ADDSHOPPERSINC<br>WEB 091000017804646<br>WENDELL M SCHWARTZ | 2,989.00- |
| 9/07 | Bill Pay    FREESPEECHOP<br>PPD 122287250000085<br>FREESPEECHOP | 10,000.00- |
| 9/07 | BAL         FREESPEECHOP<br>CCD 122287250001069<br>FREESPEECHOP | 50,000.00- |
| 9/07 | Domestic Wire Transfer-DL<br>Cloudflare, Inc.<br>031100209<br>31460181 | 124,162.64- |

006580



Date  9/30/22        Page      7
Primary Account ████████ 78919

Commercial Checking        ████████ (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|---|---|---|
|  | 101 Townsend St | |
|  | San Francisco, CA 94107 UNITED | |
|  | CITIBANK, N.A. | |
|  | 20220907MMQFMP9N000065 | |
|  | 20220907B1Q8021R019558 | |
|  | 09071146FT03 | |
| 9/07 | Domestic Wire Transfer-DL | 164,922.52- |
|  | Cloudflare, Inc. | |
|  | 031100209 | |
|  | 31460181 | |
|  | 101 Townsend St | |
|  | San Francisco, CA 94107 UNITED | |
|  | CITIBANK, N.A. | |
|  | 20220907MMQFMP9N000067 | |
|  | 20220907B1Q8021R019564 | |
|  | 09071146FT03 | |
| 9/08 | DBT CRD 1259 09/07/22 47587713 | 566.04- |
|  | EPIK | |
|  | 425-3668810   WA C#2164 | |
| 9/08 | DBT CRD 1300 09/07/22 48590300 | 699.60- |
|  | EPIK | |
|  | 425-3668810   WA C#2164 | |
| 9/08 | Surv X-3   FREESPEECHOP | 147,823.61- |
|  | CCD 122287250000388 | |
|  | FREESPEECHOP | |
| 9/08 | Domestic Wire Transfer-DL | 177,767.36- |
|  | ADP Total Source | |
|  | 021000021 | |
|  | 304238112 | |
|  | 10200 Sunset Drive | |
|  | Miami | |
|  | FL 33173 UNITED STATES | |
|  | JP Morgan Chase | |
|  | 20220908MMQFMP9N000023 | |
|  | 20220908B1QGC01R030299 | |
|  | 09081010FT03 | |
| 9/09 | Int Fee 1205 09/09/22 99277906 | .31- |
|  | 1PASSWORD | |
|  | TORONTO     00 C# 2164 | |

006581



Date  9/30/22        Page    8
Primary Account     ████████78919

Commercial Checking        ████████    (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 9/09 | SPECTRUM    SPECTRUM<br>PPD 021000021931034<br>FREE SPEECH SYSTEMS LL | 180.14- |
| 9/09 | MSInvoice  DS WATERS OF AME<br>WEB 042000015812643<br>Wendell M Schwartz<br>937914222078336 | 932.37- |
| 9/09 | DBT CRD 1138 09/08/22 99277906<br>1PASSWORD<br>TORONTO     CD C#2164 | 31.42- |
| 9/12 | DBT CRD 1454 09/09/22 16485483<br>TEXASGASSERVICE<br>800-700-2443  OK C#2164 | 85.82- |
| 9/12 | DBT CRD 1448 09/08/22 12852223<br>AWIO WEB SERVICES, LLC<br>267-2803589    PA C#2164 | 209.00- |
| 9/12 | QBooks Onl 18004INTUIT<br>CCD 021000021623759<br>FREE SPEECH SYSTEMS LL | 213.20- |
| 9/12 | RECRD MGMT IRON MOUNTAIN<br>CCD 021000025981777<br>WENDELL *M SCHWARTZ | 276.40- |
| 9/12 | ACH         FREESPEECHOP<br>PPD 122287250000306<br>FREESPEECHOP | 1,094.00- |
| 9/12 | ACH         FREESPEECHOP<br>PPD 122287250000611<br>FREESPEECHOP | 3,000.00- |
| 9/12 | SALE       AUSTIN SECURITY<br>WEB 021000020762817<br>WENDELL M SCHWARTZ | 3,821.23- |
| 9/12 | AUTO PAY   Level 3 Communic<br>CCD 091000012703405<br>FRESPESYS | 8,437.40- |
| 9/12 | AUTO PAY   Level 3 Communic<br>CCD 091000012703404<br>FRESPESYS | 10,569.51- |
| 9/12 | SALE       ECOMMERCE CDN LL<br>WEB 021000020798551<br>WENDELL M SCHWARTZ | 27,270.00- |



Date  9/30/22        Page     9
Primary Account  ███████78919

Commercial Checking        █████████  (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 9/12 | BAL Fulfil FREESPEECHOP<br>CCD 122287250000317<br>FREESPEECHOP | 100,000.00- |
| 9/12 | DBT CRD 1204 09/09/22 14829924<br>GITHUB<br>HTTPSGITHUB.C CA C#2164 | 24.00- |
| 9/12 | DBT CRD 1101 09/10/22 76667489<br>MONGODBCLOUD ITS OR...<br>MONGODB.COM   CA C#2164 | 3,409.78- |
| 9/12 | DBT CRD 1357 09/10/22 82703366<br>ADOBE STOCK<br>800-443-8158  CA C#2164 | 4,884.60- |
| 9/12 | Domestic Wire Transfer-DL<br>Valdemar Rodriguez<br>111000614<br>635027722<br>145 Quali Ridge<br>Kyle Tx, 78640 UNITED STATES<br>Chase Bank<br>20220912MMQFMP9N000315<br>20220912B1QGC01R060880<br>09121438FT03 | 3,000.00- |
| 9/13 | ACH Chargeback | 3,000.00- |
| 9/13 | PAYMENTS    LATHEM TIME CORP<br>CCD 062000017294816<br>FREE SPEECH SYSTEMS LL | 138.64- |
| 9/13 | RECRD MGMT IRON MOUNTAIN<br>CCD 021000020522724<br>WENDELL *M SCHWARTZ | 321.93- |
| 9/13 | ACH         FREESPEECHOP<br>CCD 122287250000081<br>FREESPEECHOP | 115,283.80- |
| 9/13 | Domestic Wire Transfer-DL<br>Blue Ascension Logistics<br>121000248<br>8621401499<br>6231 E. Stassney Lane<br>Bldng. 13, Ste. 200<br>Austin, Tx 78744 UNITED STATES<br>Wells Fargo | 50,000.00- |

006583



Date  9/30/22        Page   10
Primary Account _____78919

Commercial Checking _____ (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| | 20220913MMQFMP9N000244 | |
| | 20220913I1B7032R014595 | |
| | 09131416FT03 | |
| 9/14 | DBT CRD 0330 09/13/22 06548441 | 571.19- |
| | FDCSERVERSN | |
| | 312-423-6675  FL C#2164 | |
| 9/15 | DBT CRD 1020 09/14/22 52328193 | 149.60- |
| | BACKBLAZE | |
| | HTTPSWWW.BACK CA C#2164 | |
| 9/15 | DBT CRD 0902 09/14/22 05335713 | 266.50- |
| | NRI*NEW RELIC | |
| | 888-643-8776  CA C#2164 | |
| 9/16 | DBT CRD 1223 09/15/22 26062173 | 285.83- |
| | Name.com, Inc | |
| | 720-2492374   CO C#2164 | |
| 9/19 | DBT CRD 1508 09/16/22 25211222 | 179.70- |
| | ORKIN  LLC 002 | |
| | 877-620-8282  GA C#2164 | |
| 9/19 | DBT CRD 1427 09/16/22 00780236 | 398.00- |
| | USPS PO BOXES ONLINE | |
| | 800-344-7779  DC C#2164 | |
| 9/19 | DBT CRD 2155 09/18/22 05150907 | 573.71- |
| | BESTBUYCOM806678757840 | |
| | 888BESTBUY   MN C#2164 | |
| 9/19 | GOVERNMENT COA/ALARM ADMIN | 110.00- |
| | WEB 021000027666118 | |
| | WENDELL M *SCHWARTZ | |
| | 5633463 | |
| 9/19 | Bill Pay   FREESPEECHOP | 1,193.54- |
| | CCD 122287250000076 | |
| | FREESPEECHOP | |
| 9/19 | ACH      FREESPEECHOP | 1,442.50- |
| | PPD 122287250000134 | |
| | FREESPEECHOP | |
| 9/19 | Payment   ATT | 2,593.64- |
| | WEB 031100202271927 | |
| | Wendell M Schwartz | |
| | 154973003GLB2F | |
| 9/19 | TELECOMM   GRANDE COMMUNICA | 2,619.50- |
| | WEB 021000026582495 | |



Date  9/30/22        Page    11
Primary Account         ████78919

Commercial Checking        ████████  (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| | WENDELL M *SCHWARTZ 5885783 | |
| 9/19 | SALE        AUSTIN SECURITY WEB 021000024611072 | 3,972.78- |
| | WENDELL M SCHWARTZ | |
| 9/19 | SALE        JCE SEO, LLC WEB 021000024625137 | 5,000.00- |
| | WNDELL M SCHWARTZ | |
| 9/19 | ACH         FREESPEECHOP CCD 122287250000088 | 27,852.19- |
| | FREESPEECHOP | |
| 9/19 | Bill Pay    FREESPEECHOP PPD 122287250000126 | 40,000.00- |
| | FREESPEECHOP | |
| 9/19 | Bill Pay    FREESPEECHOP PPD 122287250000246 | 43,000.00- |
| | FREESPEECHOP | |
| 9/19 | Bill Pay    FREESPEECHOP CCD 122287250000101 | 56,355.50- |
| | FREESPEECHOP | |
| 9/20 | DBT CRD 1408 09/20/22 89257704 AMZN Mktp US*1M20V4MH2 Amzn.com/bill WA C#2164 | 84.65- |
| 9/20 | DBT CRD 1412 09/19/22 91447781 AMZN Mktp US*1M9EK4DV0 Amzn.com/bill WA C#2164 | 140.71- |
| 9/20 | DBT CRD 0331 09/19/22 06678185 FDCSERVERSN 312-423-6675  FL C#2164 | 545.34- |
| 9/20 | DBT CRD 0153 09/19/22 47955707 Microsoft*Advertising 800-6427676   NV C#2164 | 2,500.32- |
| 9/20 | 4155203439 TrustArc WEB 242071759674631 | 1,121.46- |
| | Wendell M Schwartz | |
| 9/20 | PAYMENT    City of Austin T WEB 021000029130607 | 4,127.65- |
| | FREE SPEECH SYSTEMS LL 4722133167 | |
| 9/20 | DBT CRD 1053 09/19/22 71890054 VERCEL PRO | 20.00- |



Date  9/30/22        Page    12
Primary Account    ▇▇▇▇78919

Commercial Checking        ▇▇▇▇▇    (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
|      | HTTPSVERCEL.C CA C#2164 | |
| 9/20 | DBT CRD 1455 09/19/22 17119533 | 173.23- |
|      | INTUIT *QBooks Online | |
|      | CL.INTUIT.COM CA C#2164 | |
| 9/21 | POS DEB 0828 09/21/22 00950864 | 52.90- |
|      | CUMBERLAND | |
|      | CUMBERLAND FARMS | |
|      | MIDDLEBURY    CT C#0837 | |
| 9/21 | DBT CRD 0108 09/20/22 20817569 | 249.62- |
|      | Amazon.com*1M5DD8H52 | |
|      | Amzn.com/bill WA C#2164 | |
| 9/21 | ACH        FREESPEECHOP | 50,000.00- |
|      | CCD 122287250000237 | |
|      | FREESPEECHOP | |
| 9/21 | Domestic Wire Transfer-DL | 178,945.90- |
|      | ADP Total Source | |
|      | 021000021 | |
|      | 304238112 | |
|      | 10200 Sunset Drive | |
|      | Miami | |
|      | FL 33173 UNITED STATES | |
|      | JP Morgan Chase | |
|      | 20220921MMQFMP9N000052 | |
|      | 20220921B1QGC01R038110 | |
|      | 09211151FT03 | |
| 9/22 | DBT CRD 0147 09/21/22 44362094 | 344.69- |
|      | Amazon.com*1U9QZ3CA0 | |
|      | Amzn.com/bill WA C#2164 | |
| 9/22 | From DDA *8919,To DDA *7846 | 2,733.33- |
| 9/23 | DBT CRD 1702 09/22/22 90698155 | 54.00- |
|      | SHELL SERVICE STATION | |
|      | WOODBURY     CT C#0837 | |
| 9/23 | DBT CRD 0754 09/22/22 64759968 | 299.75- |
|      | Amazon.com*1U8PN4AR1 | |
|      | Amzn.com/bill WA C#2164 | |
| 9/23 | DBT CRD 1403 09/22/22 86063851 | 10.00- |
|      | PRITUNL PREMIUM | |
|      | HTTPSPRITUNL. WA C#2164 | |
| 9/23 | DBT CRD 1834 09/21/22 48953614 | 20.00- |
|      | VERCEL PRO | |



Date  9/30/22          Page    13
Primary Account      ████████78919

Commercial Checking     ████████     (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
|      | HTTPSVERCEL.C CA C#2164 | |
| 9/23 | DBT CRD 1100 09/22/22 76285535 | 31.98- |
|      | Name.com, Inc | |
|      | 720-2492374    CO C#2164 | |
| 9/26 | DBT CRD 1101 09/23/22 76794503 | 111.64- |
|      | SAN REMO RESTAURANT | |
|      | 203-2634442    CT C#0837 | |
| 9/26 | DBT CRD 1617 09/22/22 66254213 | 156.98- |
|      | SAN REMO RESTAURANT | |
|      | 203-2634442    CT C#0837 | |
| 9/26 | DBT CRD 1629 09/23/22 73691541 | 460.43- |
|      | FREEBIRD KITCHEN AND B | |
|      | 914-6072476    NY C#0837 | |
| 9/30 | Service Charge | 18.00-SC |

## CHECKS IN SERIAL NUMBER ORDER

| Date | Check No | Amount | Date | Check No | Amount |
|------|----------|--------|------|----------|--------|
| 9/22 | 10010 | 3,000.00 | 9/13 | 99996727* | 87,861.63 |
| 9/09 | 99913403* | 18,773.60 | | | |

\* Indicates Skip In Check Number Sequence

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 9/01 | 1,441,564.31 | 9/13 | 218,304.48 | 9/22 | 82,111.61 |
| 9/02 | 1,432,758.68 | 9/14 | 224,457.53 | 9/23 | 81,695.88 |
| 9/06 | 973,858.39 | 9/15 | 227,041.43 | 9/26 | 80,966.83 |
| 9/07 | 806,979.87 | 9/16 | 226,755.60 | 9/27 | 83,974.67 |
| 9/08 | 483,123.26 | 9/19 | 320,464.54 | 9/30 | 83,956.67 |
| 9/09 | 463,205.42 | 9/20 | 317,438.05 | | |
| 9/12 | 419,910.48 | 9/21 | 88,189.63 | | |

*** END OF STATEMENT ***

006587



Date  9/30/22          Page      1
Primary Account      ████78877

FREE SPEECH SYSTEMS, LLC
Debtor in Possesion, Case 22-60043,
Deposit
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Debtor in Possesion, Case 22-60043,
                        Deposit

| Commercial Checking | | Number of Enclosures | 0 |
|---|---|---|---|
| Account Number | ████ | Statement Dates | 9/01/22 thru 10/02/22 |
| Previous Balance | 66,713.60 | Days in the statement period | 32 |
| 17 Deposits/Credits | 825,360.10 | Avg Daily Ledger | 94,311.14 |
| 6 Checks/Debits | 599,000.00 | Avg Daily Collected | 94,311.14 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 293,073.70 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 9/01 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738<br>CRAWFORD- SECURITY BANK OF CRA<br>20220901k1QJ1N3C000956<br>20220901MMQFMP9N000308<br>09011504FT03 | 46,259.48 |
| 9/06 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 19,412.13 |



```
                           Date  9/30/22        Page     2
                           Primary Account           ████78877
```

Commercial Checking              ██████████  (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| | CRAWFORD- SECURITY BANK OF CRA<br>20220906K1QJ1N3C001230<br>20220906MMQFMP9N000338<br>09061703FT03 | |
| 9/06 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 111,285.93 |
| | CRAWFORD- SECURITY BANK OF CRA<br>20220906K1QJ1N3C001235<br>20220906MMQFMP9N000339<br>09061703FT03 | |
| 9/07 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 36,074.37 |
| | CRAWFORD- SECURITY BANK OF CRA<br>20220907K1QJ1N3C001189<br>20220907MMQFMP9N000350<br>09071659FT03 | |
| 9/09 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 84,342.98 |
| | CRAWFORD- SECURITY BANK OF CRA<br>20220909K1QJ1N3C001109<br>20220909MMQFMP9N000287<br>09091536FT03 | |
| 9/13 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 53,858.50 |
| | CRAWFORD- SECURITY BANK OF CRA<br>20220913K1QJ1N3C000150<br>20220913MMQFMP9N000084<br>09131043FT03 | |
| 9/19 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 92,024.02 |



Date  9/30/22         Page    3
Primary Account       78877

Commercial Checking                    (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
|      | CRAWFORD- SECURITY BANK OF CRA<br>20220919K1QJ1N3C000315<br>20220919MMQFMP9N000125<br>09191201FT03 | |
| 9/19 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 93,265.35 |
|      | CRAWFORD- SECURITY BANK OF CRA<br>20220919K1QJ1N3C000903<br>20220919MMQFMP9N000273<br>09191553FT03 | |
| 9/20 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 35,329.29 |
|      | CRAWFORD- SECURITY BANK OF CRA<br>20220920K1QJ1N3C000609<br>20220920MMQFMP9N000196<br>09201337FT03 | |
| 9/21 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 14,351.91 |
|      | CRAWFORD- SECURITY BANK OF CRA<br>20220921K1QJ1N3C000909<br>20220921MMQFMP9N000232<br>09211532FT03 | |
| 9/22 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 16,804.53 |
|      | CRAWFORD- SECURITY BANK OF CRA<br>20220922K1QJ1N3C000587<br>20220922MMQFMP9N000179<br>09221357FT03 | |
| 9/23 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 19,356.47 |



Date  9/30/22          Page     4
Primary Account        ████████78877

Commercial Checking          ████████     (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
|      | CRAWFORD- SECURITY BANK OF CRA<br>20220923K1QJ1N3C000776<br>20220923MMQFMP9N000200<br>09231421FT03 | |
| 9/26 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738<br>CRAWFORD- SECURITY BANK OF CRA<br>20220926K1QJ1N3C000792<br>20220926MMQFMP9N000216<br>09261459FT03 | 68,865.33 |
| 9/28 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738<br>CRAWFORD- SECURITY BANK OF CRA<br>20220928K1QJ1N3C001047<br>20220928MMQFMP9N000327<br>09281555FT03 | 21,443.44 |
| 9/28 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738<br>CRAWFORD- SECURITY BANK OF CRA<br>20220928K1QJ1N3C000252<br>20220928MMQFMP9N000104<br>09281113FT03 | 24,852.60 |
| 9/29 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738<br>CRAWFORD- SECURITY BANK OF CRA<br>20220929K1QJ1N3C000905<br>20220929MMQFMP9N000268<br>09291508FT03 | 49,627.00 |
| 9/30 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738 | 38,206.77 |

006591



Date  9/30/22          Page    5
Primary Account  78877

Commercial Checking                    (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20220930K1QJ1N3C000883 | |
| | 20220930MMQFMP9N000271 | |
| | 09301336FT03 | |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|---|---|---|
| 9/01 | From DDA *8877,To DDA *8919 | 60,000.00- |
| 9/07 | From DDA *8877,To DDA *8919 | 180,000.00- |
| 9/12 | From DDA *8877,To DDA *8919 | 120,000.00- |
| 9/13 | From DDA *8877,To DDA *8919 | 55,000.00- |
| 9/19 | From DDA *8877,To DDA *8919 | 90,000.00- |
| 9/19 | From DDA *8877,To DDA *8919 | 94,000.00- |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 9/01 | 52,973.08 | 9/13 | 2,946.99 | 9/23 | 90,078.56 |
| 9/06 | 183,671.14 | 9/19 | 4,236.36 | 9/26 | 158,943.89 |
| 9/07 | 39,745.51 | 9/20 | 39,565.65 | 9/28 | 205,239.93 |
| 9/09 | 124,088.49 | 9/21 | 53,917.56 | 9/29 | 254,866.93 |
| 9/12 | 4,088.49 | 9/22 | 70,722.09 | 9/30 | 293,073.70 |

*** END OF STATEMENT ***



```
                                   Date  9/30/22        Page      1
                                   Primary Account        ████78885
```

```
FREE SPEECH SYSTEMS, LLC
Debtor in Possesion,
Case 22-60043, Donations
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741
```

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Debtor in Possesion,
                        Case 22-60043, Donations

| | | | | |
|---|---|---|---|---|
| Commercial Checking | | Number of Enclosures | | 0 |
| Account Number | ████████ | Statement Dates 9/01/22 thru 10/02/22 | | |
| Previous Balance | 501,229.62 | Days in the statement period | | 32 |
| 64 Deposits/Credits | 107,393.20 | Avg Daily Ledger | | 378,318.50 |
| 5 Checks/Debits | 279,987.56 | Avg Daily Collected | | 378,086.21 |
| Maintenance Fee | .00 | | | |
| Interest Paid | .00 | | | |
| Ending Balance | 328,635.26 | | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 9/07 | Wire Transfer Credit | 99,960.00 |
| | FEDERAL RESERVE BANK | |
| | 151 CORLEY MILL ROAD | |
| | LEXINGTON, SC 29073- | |
| | REV YOUR PD REF DWR00774691 | |
| | 20220907MMQFMPYQ000047 | |
| | 20220907MMQFMP9N000024 | |
| | 09070621FT03 | |
| 9/07 | MyDeposit | 5.00 |
| 9/07 | MyDeposit | 8.00 |
| 9/07 | MyDeposit | 10.00 |
| 9/07 | MyDeposit | 10.00 |
| 9/07 | MyDeposit | 11.11 |
| 9/07 | MyDeposit | 11.11 |



Date   9/30/22
Primary Account          78885          Page   2

Commercial Checking          (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 9/07 | MyDeposit | 25.00 |
| 9/07 | MyDeposit | 25.00 |
| 9/07 | MyDeposit | 25.00 |
| 9/07 | MyDeposit | 25.00 |
| 9/07 | MyDeposit | 30.00 |
| 9/07 | MyDeposit | 40.00 |
| 9/07 | MyDeposit | 50.00 |
| 9/07 | MyDeposit | 50.00 |
| 9/07 | MyDeposit | 60.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 100.00 |
| 9/07 | MyDeposit | 125.00 |
| 9/07 | MyDeposit | 200.00 |
| 9/07 | MyDeposit | 200.00 |
| 9/07 | MyDeposit | 200.00 |
| 9/07 | MyDeposit | 444.00 |
| 9/20 | MyDeposit | 10.00 |
| 9/20 | MyDeposit | 10.00 |
| 9/20 | MyDeposit | 17.00 |
| 9/20 | MyDeposit | 20.00 |
| 9/20 | MyDeposit | 25.00 |
| 9/20 | MyDeposit | 35.00 |
| 9/20 | MyDeposit | 50.00 |
| 9/20 | MyDeposit | 50.00 |
| 9/20 | MyDeposit | 50.00 |
| 9/20 | MyDeposit | 60.00 |
| 9/20 | MyDeposit | 100.00 |
| 9/20 | MyDeposit | 100.00 |
| 9/20 | MyDeposit | 100.00 |
| 9/20 | MyDeposit | 100.00 |
| 9/20 | MyDeposit | 200.00 |
| 9/20 | MyDeposit | 250.00 |
| 9/20 | MyDeposit | 400.00 |
| 9/27 | MyDeposit | 5.00 |
| 9/27 | MyDeposit | 10.00 |



Date  9/30/22        Page      3
Primary Account 78885

Commercial Checking                    (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 9/27 | MyDeposit | 10.00 |
| 9/27 | MyDeposit | 18.00 |
| 9/27 | MyDeposit | 20.00 |
| 9/27 | MyDeposit | 50.00 |
| 9/27 | MyDeposit | 50.00 |
| 9/27 | MyDeposit | 53.98 |
| 9/27 | MyDeposit | 60.00 |
| 9/27 | MyDeposit | 100.00 |
| 9/27 | MyDeposit | 100.00 |
| 9/27 | MyDeposit | 100.00 |
| 9/27 | MyDeposit | 125.00 |
| 9/27 | MyDeposit | 150.00 |
| 9/27 | MyDeposit | 150.00 |
| 9/27 | MyDeposit | 500.00 |
| 9/27 | MyDeposit | 1,000.00 |
| 9/27 | MyDeposit | 1,000.00 |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 9/06 | Domestic Wire Transfer-DL<br>Pattis & Smith, LLC<br>011103093<br>4392610957<br>383 Orange Street, First Floor<br>New Haven, CT 06511 UNITED STA<br>TD Bank<br>20220906MMQFMP9N000436<br>20220906MMQFMPYQ010416<br>09061611FT03 | 100,000.00- |
| 9/08 | Domestic Wire Transfer-DL<br>Norman A Pattix<br>011103093<br>4392610957<br>383 Orange Street, First Floor<br>New Haven, CT 06511 UNITED STA<br>TD Bank<br>20220908MMQFMP9N000016 | 100,000.00- |



Date  9/30/22        Page     4
Primary Account          ███████78885

Commercial Checking        ███████████  (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
|  | 20220908MMQFMPYQ002661 | |
|  | 09080942FT03 | |
| 9/13 | Domestic Wire Transfer-DL | 50,000.00- |
|  | Reynal Law Firm | |
|  | 113025723 | |
|  | 1002335768 | |
|  | 917 Franklin St., 6th Floor | |
|  | Houston, TX UNITED STATES | |
|  | Allegiance Bank | |
|  | 20220913MMQFMP9N000270 | |
|  | 20220913MMQFMPPM000215 | |
|  | 09131435FT03 | |
| 9/14 | PAZ        FREESPEECHDON | 7,500.00- |
|  | PPD 122287250000300 | |
|  | FREESPEECHDON | |
| 9/20 | Domestic Wire Transfer-DL | 22,487.56- |
|  | Solomon Bruce Consulting | |
|  | 111915327 | |
|  | 13185169 | |
|  | 3310 W 6th | |
|  | Ft. Worth, TX 76107 UNITED STA | |
|  | Guaranty Bank and | |
|  | 20220920MMQFMP9N000345 | |
|  | 20220920GMQFMP01021819 | |
|  | 09201450FT03 | |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 9/01 | 501,229.62 | 9/08 | 403,543.84 | 9/20 | 325,133.28 |
| 9/06 | 401,229.62 | 9/13 | 353,543.84 | 9/27 | 328,635.26 |
| 9/07 | 503,543.84 | 9/14 | 346,043.84 | | |

*** END OF STATEMENT ***



Date  9/30/22        Page    1
Primary Account        ●●●●●●●78927

FREE SPEECH SYSTEMS, LLC
Debtor in Possesion,
Case 22-60043, Payroll
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:        FREE SPEECH SYSTEMS, LLC
                      Debtor in Possesion,
                      Case 22-60043, Payroll

| | | |
|---|---|---|
| Commercial Checking | Number of Enclosures | 0 |
| Account Number ●●●●●● | Statement Dates  9/01/22 thru 10/02/22 | |
| Previous Balance            8,504.27 | Days in the statement period | 32 |
|   3 Deposits/Credits    98,497.49 | Avg Daily Ledger | 15,623.94 |
|   2 Checks/Debits       96,259.20 | Avg Daily Collected | 15,623.94 |
| Maintenance Fee                  .00 | | |
| Interest Paid                    .00 | | |
| Ending Balance            10,742.56 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 9/16 | Wire Transfer Credit<br>ELEVATED SOLUTIONS GROUP LLC<br>3402 CLAWSON RD<br>AUSTIN TX 78704<br>CRAWFORD- SECURITY BANK OF CRA<br>20220916K1QJ1N3C001252<br>20220916MMQFMP9N000336<br>09161626FT03 | 86,870.26 |
| 9/16 | ACH        ADP TOTALSOURCE<br>CCD 021000028957812<br>EV4-302990251-Free Spe | 4,001.00 |
| 9/27 | ACH        ADP TOTALSOURCE<br>CCD 021000026194680 | 7,626.23 |



Date  9/30/22          Page      2
Primary Account        ████████78927

Commercial Checking          ████████          (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
|      | EV4-381100264-Free Spe |  |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 9/07 | PAYMENTS    FROST INSURANCE<br>CCD 104000016313736<br>AXOS | 1,259.20- |
| 9/19 | From DDA *8927,To DDA *8919 | 95,000.00- |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 9/01 | 8,504.27 | 9/16 | 98,116.33 | 9/27 | 10,742.56 |
| 9/07 | 7,245.07 | 9/19 | 3,116.33 |  |  |

*** END OF STATEMENT ***



```
                                        Date   9/30/22          Page      1
                                        Primary Account         ████████78893


      FREE SPEECH SYSTEMS, LLC
        Debtor in Possesion
        Case 22-60043, Infowars
      3019 ALVIN DEVANE BLVD, SUITE 230
      AUSTIN TX 78741
```

Account Title:          FREE SPEECH SYSTEMS, LLC
                          Debtor in Possesion
                          Case 22-60043, Infowars

```
Commercial Checking              Number of Enclosures              0
Account Number    ████████       Statement Dates   9/01/22 thru 10/02/22
Previous Balance       6,125.44  Days in the statement period     32
     Deposits/Credits       .00  Avg Daily Ledger             6,125.44
     Checks/Debits           .00  Avg Daily Collected         6,125.44
Maintenance Fee             .00
Interest Paid               .00
Ending Balance        6,125.44
```

## DAILY BALANCE INFORMATION

| Date | Balance |
|------|---------|
| 9/01 | 6,125.44 |

*** END OF STATEMENT ***

**Fill in this information to identify the case:**

Debtor Name  Free Speech Systems LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number:  22-60043

☐ Check if this is an
  amended filing

## Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11                12/17

| | |
|---|---|
| Month:  August 2022 | Date report filed:  12/16/2022<br>MM / DD / YYYY |
| Line of business:  Dietary Supplement Sales | NAISC code:  325411 |

**In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.**

Responsible party:  J. Patrick Magill

Original signature of responsible party  *[signature]*

Printed name of responsible party  J. Patrick Magill

### ▮ 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

|  |  | Yes | No | N/A |
|---|---|:---:|:---:|:---:|
| | **If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A*.** | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☐ | ☑ | ☐ |
| 4. | Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☐ | ☑ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☐ | ☑ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☐ | ☐ | ☑ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B*.** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☑ | ☐ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? *** NOTE 1 *** | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☑ | ☐ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Debtor Name  Free Speech Systems LLC         Case number  22-60043

| | | | |
|---|---|---|---|
| 17. Have you paid any bills you owed before you filed bankruptcy? | ☐ | ☑ | ☐ |
| 18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy? | ☐ | ☑ | ☐ |

*** NOTE 1 *** We provide consignment sales services to PQPR

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

    This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

    $ 1,964,252

20. **Total cash receipts**

    Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

    Report the total from *Exhibit C* here.

    $ 1,051,830

21. **Total cash disbursements**

    Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

    Report the total from *Exhibit D* here.

    – $ 2,293,537

22. **Net cash flow**

    Subtract line 21 from line 20 and report the result here.
    This amount may be different from what you may have calculated as *net profit*.

    + $ -1,241,707

23. **Cash on hand at the end of the month**

    Add line 22 + line 19. Report the result here.

    Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

    This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

    = $ 722,545.00

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**

    $ 557,506.00

    *(Exhibit E)*

Debtor Name  Free Speech Systems LLC                              Case number  22-60043

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before and after you filed bankruptcy.  Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25.  **Total receivables**                                                                      $   178,995.00

     *(Exhibit F)*

## 5. Employees

26.  What was the number of employees when the case was filed?                                        54

27.  What is the number of employees as of the date of this monthly report?                           49

## 6. Professional Fees

28.  How much have you paid this month in professional fees related to this bankruptcy case?      $         0.00

29.  How much have you paid in professional fees related to this bankruptcy case since the case was filed?   $         0.00

30.  How much have you paid this month in other professional fees?                               $   150,000.00

31.  How much have you paid in total other professional fees since filing the case?              $   150,000.00

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

|  | Column A | Column B | Column C |
|---|---|---|---|
|  | **Projected** | − **Actual** | = **Difference** |
|  | Copy lines 35-37 from the previous month's report. | Copy lines 20-22 of this report. | Subtract Column B from Column A. |
| 32.  **Cash receipts** | $ 1,051,830 | − $ 1,051,830 | = $ 0.00 |
| 33.  **Cash disbursements** | $ 2,293,537 | − $ 2,293,537 | = $ 0.00 |
| 34.  **Net cash flow** | $ -1,241,707 | − $ -1,241,537 | = $ 0.00 |

35.  Total projected cash receipts for the next month:                                           $   2,648,712

36.  Total projected cash disbursements for the next month:                                    −  $   1,353,745

37.  Total projected net cash flow for the next month:                                         =  $   1,294,967

Debtor Name  Free Speech Systems LLC          Case number  22-60043

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑  38.  Bank statements for each open account (redact all but the last 4 digits of account numbers).

☑  39.  Bank reconciliation reports for each account.

☐  40.  Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐  41.  Budget, projection, or forecast reports.

☐  42.  Project, job costing, or work-in-progress reports.

# FREE SPEECH SYSTEMS

| | AXOS Deposits #78877 | AXOS Operating #78919 | AXOS Donations #78885 | AXOS Payroll #78927 | AXOS Infowars #78893 | AXOS Legal #78901 | SEC BANK Operations #8514 | SEC BANK Donations #8746 | SEC BANK Payroll #8522 | SEC BANK InfoWars #8621 | SEC BANK Deposits #8563 | TOTAL All Accounts |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **August 1 to August 31** | | | | | | | | | | | | |
| **Opening Balance** | - | - | - | - | - | - | 1,168,379.86 | - | 1,000.00 | - | 118,999.04 | **1,288,378.90** |
| Cash Receipts | 1,930,248.15 | 93,752.46 /c | 1,450.00 | 7,519.27 | 6,125.44 | - | - | 620.00 | - | - | 409,573.18 | 2,449,288.50 |
| Cash Disbursements | (15.00) | (1,257,182.04) | (100,015.00) | (15.00) | - | - | (416,108.09) | - | - | - | (80.00) | (1,773,415.13) |
| **Net Cash Flow** | **1,930,233.15** | **(1,163,429.58)** | **(98,565.00)** | **7,504.27** | **6,125.44** | **-** | **(416,108.09)** | **620.00** | **-** | **-** | **409,493.18** | **675,873.37** |
| Transfers In | 528,480.45 | 3,144,271.77 | 599,794.62 | 1,000.00 | - | - | - | - | - | - | - | 4,273,546.84 |
| Transfers Out | (2,392,000.00) | (599,174.62) | - | - | - | - | (752,271.77) | (620.00) | (1,000.00) | - | (528,480.45) | (4,273,546.84) |
| **Cash on Hand** | **66,713.60** | **1,381,667.57** | **501,229.62** | **8,504.27** | **6,125.44** | **-** | **-** | **-** | **-** | **-** | **11.77** | **1,964,252.27** |

006604



**FORM 425C Exhibit E**
**Total Payables**

*For various reasons, Free Speech Systems LLC has not kept its books on the accrual basis of accounting and as a result there is not a traditional accounts payable list available at this time.  Free Speech Systems has kept books on the cash basis and virtually all bills are paid via ACH.  We are including the invoices / bills paid / checks cleared from the 1st to the 15th of the following month as a reasonable estimate of our payables at the date of the report.*

*As of August 31, 2022*

| From | Amount | Due Date | From | Amount | Due Date |
|------|--------|----------|------|--------|----------|
| Amazon - Supplies | 103.26 | 9/1/2022 | Blue Ascencion | 50,000.00 | 9/7/2022 |
| Bank Charge AXOS | 50.00 | 9/2/2022 | Cloudflare | 124,162.64 | 9/7/2022 |
| Hastings Humans | 169.95 | 9/2/2022 | Cloudflare | 164,922.52 | 9/7/2022 |
| Epik | 636.05 | 9/2/2022 | Epik | 566.04 | 9/8/2022 |
| Frost Insurance | 2,704.02 | 9/2/2022 | Epik | 699.60 | 9/8/2022 |
| Hastings Humans | 5,245.80 | 9/2/2022 | X-3 Product | 147,823.61 | 9/8/2022 |
| FDC Serversn | 555.34 | 9/6/2022 | ADP - Payroll | 177,767.36 | 9/8/2022 |
| TrustArc | 1,221.46 | 9/6/2022 | 1 Password | 0.31 | 9/9/2022 |
| Hastings Humans | 2,018.58 | 9/6/2022 | Spectrum | 180.14 | 9/9/2022 |
| Austin Security | 5,412.50 | 9/6/2022 | DS Waters of America | 932.37 | 9/9/2022 |
| Authnet Gateway | 8,198.60 | 9/6/2022 | 1 Password | 31.42 | 9/9/2022 |
| Hastings Humans | 9,499.99 | 9/6/2022 | Texas Gas Svc | 85.82 | 9/12/2022 |
| Hastings Humans | 9,500.00 | 9/6/2022 | AWIO Web Services | 209.00 | 9/12/2022 |
| Atomial LLC | 25,200.00 | 9/6/2022 | QuickBooks | 213.20 | 9/12/2022 |
| Skyhorse Publishing | 100,000.00 | 9/6/2022 | Iron Mountain | 276.40 | 9/12/2022 |
| CloudFlare | 63,320.40 | 9/6/2022 | ACH - Var Operations | 1,094.00 | 9/12/2022 |
| CloudFlare | 511.68 | 9/6/2022 | Austin Security | 3,821.23 | 9/12/2022 |
| ATX HD | 20,671.00 | 9/6/2022 | Level 3 Communications | 8,437.40 | 9/12/2022 |
| Stream Realty | 52,631.26 | 9/6/2022 | Level 3 Communications | 10,569.51 | 9/12/2022 |
| Zoom | 159.48 | 9/6/2022 | E Commerce CDN | 27,270.00 | 9/12/2022 |
| Skyhorse Publishing | 80,000.00 | 9/6/2022 | Blue Ascension | 100,000.00 | 9/12/2022 |
| Skyhorse Publishing | 80,000.00 | 9/6/2022 | GITHub | 24.00 | 9/12/2022 |
| ADT Security | 9.44 | 9/6/2022 | MongoDB | 3,409.78 | 9/12/2022 |
| ADT Security | 20.45 | 9/7/2022 | Adobe Stock | 4,884.60 | 9/12/2022 |
| ADT Security | 58.94 | 9/7/2022 | Lathem Time Corp | 138.64 | 9/13/2022 |
| ADT Security | 69.18 | 9/7/2022 | Iron Mountain | 321.93 | 9/13/2022 |
| ADT Security | 102.06 | 9/7/2022 | Haivision | 111,202.72 | 9/13/2022 |
| ADT Security | 126.76 | 9/7/2022 | Equifax | 3,724.24 | 9/13/2022 |
| ADT Security | 270.63 | 9/7/2022 | Sintec Media | 54.34 | 9/13/2022 |
| ADT Security | 830.10 | 9/7/2022 | Vultr | 302.50 | 9/13/2022 |
| ADT Security | 1,411.18 | 9/7/2022 | Blue Ascenscion | 50,000.00 | 9/13/2022 |
| Add Shoppers Inc | 2,989.00 | 9/7/2022 | FDC Serversn | 571.19 | 9/14/2022 |
| Contract Janitorial | 3,000.00 | 9/7/2022 | Backblaze | 149.60 | 9/15/2022 |
| Contract Production | 7,000.00 | 9/7/2022 | New Relic | 266.50 | 9/15/2022 |
| | | | | **1,477,809.72** | |



**FORM 425C Exhibit F**
**Total Receivables**

*Free Speech Systems LLC does not have traditional receivables from our customers.  Virtually all our transactions happen via our on-line store and aggregated by our third party credit card processor.  There is a lag between the transaction on the on-line store and the funding from our processor.  Therefore, we don't have traditional customer receivables but have included our daily processor deposits from the 1st to the 5th of the following month as receivables*

*As of August 31, 2022*

| From | Amount | Due Date |
|------|--------|----------|
| Processor A | 46,259.48 | 9/1/2022 |



Date  8/31/22          Page          1
Primary Account        78919

FREE SPEECH SYSTEMS, LLC
Debtor in Possesion,
Case 22-60043, Operations
3019 ALVIN DEVANE BLVD, SUITE 300
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Debtor in Possesion,
                        Case 22-60043, Operations

| | | | |
|---|---|---|---|
| Commercial Checking | | Number of Enclosures | 0 |
| Account Number | | Statement Dates  8/02/22 thru  8/31/22 | |
| Previous Balance | .00 | Days in the statement period | 30 |
| 65 Deposits/Credits | 3,238,009.23 | Avg Daily Ledger | 823,973.54 |
| 25 Checks/Debits | 1,856,341.66 | Avg Daily Collected | 823,710.56 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 1,381,667.57 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 8/05 | Wire Transfer Credit | 752,256.77 |
| | FREE SPEECH SYSTEMS LLC | |
| | 3019 ALVIN DEVANE STE 210 | |
| | AUSTIN TX 78760 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20220805K1QJ1N3C000391 | |
| | 20220805MMQFMP9N000126 | |
| | 08051151FT03 | |
| 8/08 | From DDA *8877,To DDA *8919 | 550,000.00 |
| 8/12 | From DDA *8877,To DDA *8919 | 650,000.00 |
| 8/16 | MyDeposit | 10.00 |
| 8/16 | MyDeposit | 10.00 |
| 8/16 | MyDeposit | 25.00 |
| 8/16 | MyDeposit | 25.00 |

006607



Date  8/31/22          Page      2
Primary Account        ████████78919

Commercial Checking          ██████████  (Continued)

**DEPOSITS AND OTHER CREDITS**

| Date | Description | Amount |
|------|-------------|--------|
| 8/16 | MyDeposit | 28.45 |
| 8/16 | MyDeposit | 30.00 |
| 8/16 | MyDeposit | 30.00 |
| 8/16 | MyDeposit | 37.99 |
| 8/16 | MyDeposit | 40.00 |
| 8/16 | MyDeposit | 40.00 |
| 8/16 | MyDeposit | 44.95 |
| 8/16 | MyDeposit | 45.00 |
| 8/16 | MyDeposit | 46.00 |
| 8/16 | MyDeposit | 49.99 |
| 8/16 | MyDeposit | 50.00 |
| 8/16 | MyDeposit | 50.00 |
| 8/16 | MyDeposit | 55.00 |
| 8/16 | MyDeposit | 56.00 |
| 8/16 | MyDeposit | 60.99 |
| 8/16 | MyDeposit | 60.99 |
| 8/16 | MyDeposit | 71.90 |
| 8/16 | MyDeposit | 80.00 |
| 8/16 | MyDeposit | 90.00 |
| 8/16 | MyDeposit | 91.90 |
| 8/16 | MyDeposit | 98.60 |
| 8/16 | MyDeposit | 100.00 |
| 8/16 | MyDeposit | 100.00 |
| 8/16 | MyDeposit | 100.00 |
| 8/16 | MyDeposit | 100.00 |
| 8/16 | MyDeposit | 100.00 |
| 8/16 | MyDeposit | 101.80 |
| 8/16 | MyDeposit | 102.00 |
| 8/16 | MyDeposit | 107.85 |
| 8/16 | MyDeposit | 110.00 |
| 8/16 | MyDeposit | 119.85 |
| 8/16 | MyDeposit | 136.95 |
| 8/16 | MyDeposit | 144.00 |
| 8/16 | MyDeposit | 150.00 |
| 8/16 | MyDeposit | 160.00 |
| 8/16 | MyDeposit | 160.00 |
| 8/16 | MyDeposit | 175.00 |
| 8/16 | MyDeposit | 179.85 |
| 8/16 | MyDeposit | 200.00 |
| 8/16 | MyDeposit | 200.00 |
| 8/16 | MyDeposit | 200.00 |



Date  8/31/22          Page      3
Primary Account        ████████78919

Commercial Checking          ██████████    (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 8/16 | MyDeposit | 200.00 |
| 8/16 | MyDeposit | 213.70 |
| 8/16 | MyDeposit | 216.70 |
| 8/16 | MyDeposit | 250.00 |
| 8/16 | MyDeposit | 285.00 |
| 8/16 | MyDeposit | 350.00 |
| 8/16 | MyDeposit | 400.00 |
| 8/16 | MyDeposit | 500.00 |
| 8/16 | MyDeposit | 675.00 |
| 8/16 | MyDeposit | 824.00 |
| 8/18 | ACH Credit Back Item | 5,863.00 |
| 8/19 | From DDA *8877,To DDA *8919,Fr om Deposits | 250,000.00 |
| 8/22 | From DDA *8877,To DDA *8919 | 430,000.00 |
| 8/24 | From DDA *8877,To DDA *8919 | 240,000.00 |
| 8/26 | From DDA *8877,To DDA *8919 | 92,000.00 |
| 8/29 | From DDA *8877,To DDA *8919 | 180,000.00 |
| 8/30 | Wire Transfer Credit FREE SPEECH SYSTEMS, LLC 3019 ALVIN DEVANE BLVD, SUITE AUSTIN TX 78741-0000 20220830B1QGC02C001361 20220830MMQFMP9N000031 08300800FT03 | 80,000.00 |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 8/05 | From DDA *8919,To DDA *8885,Cr ypto donation fumds | 599,174.62- |
| 8/09 | Blue Ascen FREESPEECHOP CCD 122287250000062 FREESPEECHOP | 100,000.00- |
| 8/09 | Domestic Wire Transfer-DL ADP Total Source 021000021 304238112 10200 Sunset Drive Miami | 132,940.39- |



Date  8/31/22       Page    4
Primary Account                78919

Commercial Checking                    (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
|      | FL 33173 UNITED STATES JP Morgan Chase 20220809MMQFMP9N000558 20220809B1QGC01R077302 08091810FT03 | |
| 8/10 | Blue Ascen FREESPEECHOP CCD 122287250000810 FREESPEECHOP | 114,418.19- |
| 8/12 | Bills 8 15 FREESPEECHOP CCD 122287250000043 FREESPEECHOP | 88,758.84- |
| 8/16 | WEBPAYMENT ADDSHOPPERSINC WEB 091000014627751 FREE SPEECH  SYSTEMS | 2,989.00- |
| 8/16 | Blue Asent FREESPEECHOP CCD 122287250000457 FREESPEECHOP | 5,695.00- |
| 8/16 | blue asens FREESPEECHOP CCD 122287250000156 FREESPEECHOP | 108,205.00- |
| 8/19 | DBT CRD 1050 08/18/22 70470199 ALLIANZ TRAVEL INS ALLIANZINS.US VA C#2164 | 49.13- |
| 8/19 | DBT CRD 1111 08/18/22 82651765 ALLIANZ INSURANCE ALLIANZINS.US VA C#2164 | 61.30- |
| 8/19 | DBT CRD 1050 08/18/22 70363720 AMERICAN AIR0012450837 FORT WORTH    TX C#2164 | 685.21- |
| 8/19 | Bill Pays  FREESPEECHOP CCD 122287250000259 FREESPEECHOP | 22,002.33- |
| 8/22 | DBT CRD 1328 08/19/22 65257747 TEXASGASSERVICE 800-700-2443  OK C#2164 | 1,079.77- |
| 8/22 | Domestic Wire Transfer-DL Solomon Bruce Consulting 111915327 13185169 | 12,000.00- |



Date  8/31/22          Page      5
Primary Account          ▬▬▬▬8919

Commercial Checking          ▬▬▬▬▬   (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| | 3310 W 6th | |
| | Ft. Worth, TX 76107 UNITED STA | |
| | Guaranty Bank and | |
| | 20220822MMQFMP9N000189 | |
| | 20220822GMQFMP01023364 | |
| | 08221445FT03 | |
| 8/23 | WEB PAY    LEASE DIRECT | 1,847.87- |
| | CCD 043000092836744 | |
| | Free Speech Systems | |
| 8/23 | Domestic Wire Transfer-DL | 213,836.97- |
| | ADP Total Source | |
| | 021000021 | |
| | 304238112 | |
| | 10200 Sunset Drive | |
| | Miami | |
| | FL 33173 UNITED STATES | |
| | JP Morgan Chase | |
| | 20220823MMQFMP9N000446 | |
| | 20220823B1QGC01R073979 | |
| | 08231723FT03 | |
| 8/23 | Domestic Wire Transfer-DL | 250,000.00- |
| | Security Bank of Crawford | |
| | 111010170 | |
| | 1020536 | |
| | 6688 North Lonestar Pkwy. | |
| | Crawford, Tx 76638 UNITED STAT | |
| | TIB Dallas | |
| | PQPR Holdings Limited, LLC | |
| | Acct. 3338555 | |
| | 20220823MMQFMP9N000451 | |
| | 20220823K1QJ1N3C001096 | |
| | 08231730FT03 | |
| 8/29 | Bill Pay    FREESPEECHOP | 21,308.42- |
| | CCD 122287250000369 | |
| | FREESPEECHOP | |
| 8/29 | Domestic Wire Transfer-DL | 80,000.00- |
| | Skyhorse Publishing, Inc. | |
| | 021000021 | |
| | 713503237765 | |



Date  8/31/22          Page      6
Primary Account        ███████78919

Commercial Checking          ██████      (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| | 307 West 36th Street, 11th Flo | |
| | New York, NY 10018 UNITED STAT | |
| | JP Morgan Chase Ba | |
| | 20220829MMQFMP9N000423 | |
| | 20220829B1QGC01R085641 | |
| | 08291657FT03 | |
| 8/30 | DBT CRD 1535 08/29/22 41402172 | 545.34- |
| | FDCSERVERSN | |
| | 312-423-6675   FL C#2164 | |
| 8/31 | DBT CRD 1625 08/31/22 71023165 | 100.63- |
| | AMZN Mktp US*473LF5XW3 | |
| | Amzn.com/bill WA C#2164 | |
| 8/31 | DBT CRD 1623 08/31/22 70328555 | 210.54- |
| | AMZN Mktp US*R05I13033 | |
| | Amzn.com/bill WA C#2164 | |
| 8/31 | DBT CRD 1517 08/30/22 30646728 | 423.11- |
| | DTV*DIRECTV SERVICE | |
| | 800-347-3288   CA C#2164 | |
| 8/31 | BAL        FREESPEECHOP | 100,000.00- |
| | CCD 122287250000571 | |
| | FREESPEECHOP | |
| 8/31 | DBT CRD 1201 08/30/22 13171014 | 10.00- |
| | PRITUNL PREMIUM | |
| | HTTPSPRITUNL. WA C#2164 | |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 8/02 | .00 | 8/16 | 807,965.19 | 8/26 | 1,324,265.61 |
| 8/05 | 153,082.15 | 8/18 | 813,828.19 | 8/29 | 1,402,957.19 |
| 8/08 | 703,082.15 | 8/19 | 1,041,030.22 | 8/30 | 1,482,411.85 |
| 8/09 | 470,141.76 | 8/22 | 1,457,950.45 | 8/31 | 1,381,667.57 |
| 8/10 | 355,723.57 | 8/23 | 992,265.61 | | |
| 8/12 | 916,964.73 | 8/24 | 1,232,265.61 | | |

*** END OF STATEMENT ***



Date  8/31/22       Page    1
Primary Account      ██████78877

FREE SPEECH SYSTEMS, LLC
Debtor in Possesion, Case 22-60043,
Deposit
3019 ALVIN DEVANE BLVD, SUITE 300
AUSTIN TX 78741

Account Title:        FREE SPEECH SYSTEMS, LLC
                      Debtor in Possesion, Case 22-60043,
                      Deposit

| | | | |
|---|---|---|---|
| Commercial Checking | | Number of Enclosures | 0 |
| Account Number | ██████ | Statement Dates   8/02/22 thru  8/31/22 | |
| Previous Balance | .00 | Days in the statement period | 30 |
| 18 Deposits/Credits | 2,458,713.60 | Avg Daily Ledger | 238,016.17 |
| 7 Checks/Debits | 2,392,000.00 | Avg Daily Collected | 238,016.17 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 66,713.60 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 8/05 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738<br>CRAWFORD- SECURITY BANK OF CRA<br>20220805K1QJ1N3C001100<br>20220805MMQFMP9N000302<br>08051556FT03 | 59,763.17 |
| 8/05 | Wire Transfer Credit<br>FREE SPEECH SYSTEMS LLC<br>3019 ALVIN DEVANE STE 210<br>AUSTIN TX 78760 | 528,465.45 |

006613



```
                                      Date   8/31/22        Page       2
                                      Primary Account           ████78877
```

Commercial Checking               (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20220805K1QJ1N3C000390 | |
| | 20220805MMQFMP9N000125 | |
| | 08051151FT03 | |
| 8/08 | Wire Transfer Credit | 354,889.64 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | CASE 22-60043 | |
| | 20220808K1QJ1N3C000837 | |
| | 20220808MMQFMP9N000255 | |
| | 08081529FT03 | |
| 8/09 | Wire Transfer Credit | 150,994.62 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | CASE 22-60043 | |
| | 20220809K1QJ1N3C000816 | |
| | 20220809MMQFMP9N000234 | |
| | 08091543FT03 | |
| 8/10 | Wire Transfer Credit | 127,952.62 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | CASE 22-60043 | |
| | 20220810K1QJ1N3C000763 | |
| | 20220810MMQFMP9N000207 | |
| | 08101505FT03 | |
| 8/15 | Wire Transfer Credit | 160,158.84 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20220815k1QJ1N3C001010 | |
| | 20220815MMQFMP9N000274 | |
| | 08151541FT03 | |
| 8/16 | Wire Transfer Credit | 43,485.40 |
| | AURIAM SERVICES LLC | |



Date  8/31/22        Page      3
Primary Account  78877

Commercial Checking                        (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| | 14425 FALCON HEAD BLVD STE #15 AUSTIN TX 78738 CRAWFORD- SECURITY BANK OF CRA 20220816K1QJ1N3C000908 20220816MMQFMP9N000294 08161550FT03 | |
| 8/17 | Wire Transfer Credit AURIAM SERVICES LLC 14425 FALCON HEAD BLVD STE #15 AUSTIN TX 78738 CRAWFORD- SECURITY BANK OF CRA 20220817K1QJ1N3C000663 20220817MMQFMP9N000206 08171447FT03 | 25,232.87 |
| 8/19 | Wire Transfer Credit AURIAM SERVICES LLC 14425 FALCON HEAD BLVD STE #15 AUSTIN TX 78738 CRAWFORD- SECURITY BANK OF CRA 20220819K1QJ1N3C000495 20220819MMQFMP9N000128 08191250FT03 | 101,360.00 |
| 8/19 | Wire Transfer Credit AURIAM SERVICES LLC 14425 FALCON HEAD BLVD. STE #1 AUSTIN TX 78738 CRAWFORD- SECURITY BANK OF CRA 20220819K1QJ1N3C001213 20220819MMQFMP9N000299 08191628FT03 | 330,570.48 |
| 8/22 | Wire Transfer Credit AURIAM SERVICES LLC 14425 FALCON HEAD BLVD STE #15 AUSTIN TX 78738 CRAWFORD- SECURITY BANK OF CRA 20220822K1QJ1N3C000851 20220822MMQFMP9N000234 08221533FT03 | 166,446.47 |
| 8/23 | Wire Transfer Credit AURIAM SERVICES LLC | 76,449.58 |

006615



Date  8/31/22          Page      4
Primary Account        78877

Commercial Checking          ▇▇▇▇▇▇▇   (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
|      | 14425 FALCON HEAD BLVD STE #15 AUSTIN TX 78738 CRAWFORD- SECURITY BANK OF CRA 20220823k1QJ1N3C000858 20220823MMQFMP9N000245 08231559FT03 | |
| 8/25 | Wire Transfer Credit AURIAM SERVICES LLC 14425 FALCON HEAD BLVD STE #15 AUSTIN TX 78738 CRAWFORD- SECURITY BANK OF CRA 20220825k1QJ1N3C000731 20220825MMQFMP9N000275 08251443FT03 | 44,340.25 |
| 8/25 | Wire Transfer Credit AURIAM SERVICES LLC 14425 FALCON HEAD BLVD STE #15 AUSTIN TX 78738 CRAWFORD- SECURITY BANK OF CRA 20220825k1QJ1N3C000203 20220825MMQFMP9N000083 08251056FT03 | 47,897.14 |
| 8/26 | Wire Transfer Credit AURIAM SERVICES LLC 14425 FALCON HEAD BLVD STE #15 AUSTIN TX 78738 CRAWFORD- SECURITY BANK OF CRA 20220826k1QJ1N3C000751 20220826MMQFMP9N000225 08261358FT03 | 58,883.27 |
| 8/29 | Wire Transfer Credit AURIAM SERVICES LLC 14425 FALCON HEAD BLVD STE #15 AUSTIN TX 78738 CRAWFORD- SECURITY BANK OF CRA 20220829k1QJ1N3C000744 20220829MMQFMP9N000282 08291444FT03 | 121,490.02 |
| 8/30 | Wire Transfer Credit AURIAM SERVICES LLC | 26,795.13 |



Date  8/31/22        Page    5
Primary Account      ████████78877

Commercial Checking        ████████        (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
|  | 14425 FALCON HEAD BLVD STE #15 | |
|  | AUSTIN TX 78738 | |
|  | CRAWFORD- SECURITY BANK OF CRA | |
|  | 20220830k1QJ1N3C000890 | |
|  | 20220830MMQFMP9N000270 | |
|  | 08301504FT03 | |
| 8/31 | Wire Transfer Credit | 33,538.65 |
|  | AURIAM SERVICES LLC | |
|  | 14425 FALCON HEAD BLVD STE #15 | |
|  | AUSTIN TX 78738 | |
|  | CRAWFORD- SECURITY BANK OF CRA | |
|  | 20220831k1QJ1N3C001005 | |
|  | 20220831MMQFMP9N000291 | |
|  | 08311509FT03 | |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 8/08 | From DDA *8877,To DDA *8919 | 550,000.00- |
| 8/12 | From DDA *8877,To DDA *8919 | 650,000.00- |
| 8/19 | From DDA *8877,To DDA *8919,Fr om Deposits | 250,000.00- |
| 8/22 | From DDA *8877,To DDA *8919 | 430,000.00- |
| 8/24 | From DDA *8877,To DDA *8919 | 240,000.00- |
| 8/26 | From DDA *8877,To DDA *8919 | 92,000.00- |
| 8/29 | From DDA *8877,To DDA *8919 | 180,000.00- |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 8/02 | .00 | 8/15 | 182,224.34 | 8/24 | 5,769.14 |
| 8/05 | 588,228.62 | 8/16 | 225,709.74 | 8/25 | 98,006.53 |
| 8/08 | 393,118.26 | 8/17 | 250,942.61 | 8/26 | 64,889.80 |
| 8/09 | 544,112.88 | 8/19 | 432,873.09 | 8/29 | 6,379.82 |
| 8/10 | 672,065.50 | 8/22 | 169,319.56 | 8/30 | 33,174.95 |
| 8/12 | 22,065.50 | 8/23 | 245,769.14 | 8/31 | 66,713.60 |



```
                                        Date  8/31/22         Page     1
                                        Primary Account        ████78885
```

FREE SPEECH SYSTEMS, LLC
Debtor in Possesion,
Case 22-60043, Donations
3019 ALVIN DEVANE BLVD, SUITE 300
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Debtor in Possesion,
                        Case 22-60043, Donations

```
Commercial Checking            Number of Enclosures                  0
Account Number   ████          Statement Dates   8/02/22 thru  8/31/22
Previous Balance         .00   Days in the statement period        30
  24 Deposits/Credits   601,229.62   Avg Daily Ledger        460,623.32
   1 Checks/Debits      100,000.00   Avg Daily Collected     460,574.99
Maintenance Fee              .00
Interest Paid                .00
Ending Balance        501,229.62
```

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 8/05 | From DDA *8919,To DDA *8885,Crypto donation fumds | 599,174.62 ✓ |
| 8/05 | Wire Transfer Credit | 605.00 ✓ |
|      | FREE SPEECH SYSTEMS LLC | |
|      | 3019 ALVIN DEVANE STE 210 | |
|      | AUSTIN TX 78760 | |
|      | CRAWFORD- SECURITY BANK OF CRA | |
|      | 20220805K1QJ1N3C000370 | |
|      | 20220805MMQFMP9N000117 | |
|      | 08051143FT03 | |
| 8/15 | MyDeposit | 20.00 |
| 8/15 | MyDeposit | 20.00 |
| 8/15 | MyDeposit | 20.00 |
| 8/15 | MyDeposit | 20.00 |

006618



Date  8/31/22          Page     2
Primary Account  ████████78885

Commercial Checking          ████████          (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 8/15 | MyDeposit | 25.00 |
| 8/15 | MyDeposit | 25.00 |
| 8/15 | MyDeposit | 30.00 |
| 8/15 | MyDeposit | 50.00 |
| 8/15 | MyDeposit | 50.00 |
| 8/15 | MyDeposit | 50.00 |
| 8/15 | MyDeposit | 50.00 |
| 8/15 | MyDeposit | 50.00 |
| 8/15 | MyDeposit | 50.00 |
| 8/15 | MyDeposit | 50.00 |
| 8/15 | MyDeposit | 60.00 |
| 8/15 | MyDeposit | 80.00 |
| 8/15 | MyDeposit | 100.00 |
| 8/15 | MyDeposit | 100.00 |
| 8/15 | MyDeposit | 100.00 |
| 8/15 | MyDeposit | 100.00 |
| 8/15 | MyDeposit | 200.00 |
| 8/15 | MyDeposit | 200.00 |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|---|---|---|
| 8/08 | Credit    FREESPEECHDON<br>CCD 122287250000415<br>FREESPEECHDON | 100,000.00- |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance |
|---|---|---|---|
| 8/02 | .00 | 8/08 | 499,779.62 |
| 8/05 | 599,779.62 | 8/15 | 501,229.62 |

*** END OF STATEMENT ***



```
                                    Date  8/31/22        Page    1
                                    Primary Account        ████78927
```

FREE SPEECH SYSTEMS, LLC
  Debtor in Possesion,
  Case 22-60043, Payroll
3019 ALVIN DEVANE BLVD, SUITE 300
AUSTIN TX 78741

```
Account Title:        FREE SPEECH SYSTEMS, LLC
                      Debtor in Possesion,
                      Case 22-60043, Payroll
```

| Commercial Checking | | Number of Enclosures | 0 |
|---|---|---|---|
| Account Number | ████████ | Statement Dates   8/02/22 thru  8/31/22 | |
| Previous Balance | .00 | Days in the statement period | 30 |
| 3 Deposits/Credits | 8,504.27 | Avg Daily Ledger | 2,949.41 |
| Checks/Debits | .00 | Avg Daily Collected | 2,949.41 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 8,504.27 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 8/05 | Wire Transfer Credit | 985.00 |
| | FREE SPEECH SYSTEMS LLC | |
| | 3019 ALVIN DEVANE STE 210 | |
| | AUSTIN TX 78760 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20220805k1QJ1N3C000369 | |
| | 20220805MMQFMP9N000116 | |
| | 08051143FT03 | |
| 8/16 | ACH        ADP TOTALSOURCE | 3,624.54 |
| | CCD 021000026556514 | |
| | EV4-773020221-Free Spe | |
| 8/31 | ACH        ADP TOTALSOURCE | 3,894.73 |
| | CCD 021000026824084 | |



Date  8/31/22        Page     2
Primary Account      78927

Commercial Checking                    (Continued)

**DEPOSITS AND OTHER CREDITS**

| Date | Description | Amount |
|------|-------------|--------|
|      | EV4-739790235-Free Spe | |

**DAILY BALANCE INFORMATION**

| Date | Balance | Date | Balance |
|------|---------|------|---------|
| 8/02 | .00 | 8/16 | 4,609.54 |
| 8/05 | 985.00 | 8/31 | 8,504.27 |

*** END OF STATEMENT ***



BANK

Date  8/31/22          Page     1
Primary Account        8893

FREE SPEECH SYSTEMS, LLC
Debtor in Possesion
Case 22-60043, Infowars
3019 ALVIN DEVANE BLVD, SUITE 300
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Debtor in Possesion
                        Case 22-60043, Infowars

| | | | |
|---|---|---|---|
| Commercial Checking | | Number of Enclosures | 0 |
| Account Number | | Statement Dates  8/02/22 thru  8/31/22 | |
| Previous Balance | .00 | Days in the statement period | 30 |
| 1 Deposits/Credits | 6,125.44 | Avg Daily Ledger | 5,512.89 |
| Checks/Debits | .00 | Avg Daily Collected | 5,512.89 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 6,125.44 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 8/05 | Wire Transfer Credit | 6,125.44 |
| | FREE SPEECH SYSTEMS LLC | |
| | 3019 ALVIN DEVANE STE 210 | |
| | AUSTIN TX 78760 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20220805K1QJ1N3C000361 | |
| | 20220805MMQFMP9N000111 | |
| | 08051138FT03 | |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance |
|---|---|---|---|
| 8/02 | .00 | 8/05 | 6,125.44 |

006622

# ⚓ Security
Bank

```
                                        7  -  20              PAGE   1
FREE SPEECH SYSTEMS LLC                       ACCOUNT
OPERATING
PO BOX 19549                                  STATEMENT PERIOD
AUSTIN  TX 78704                              07/29/2022 TO 08/31/2022
```

```
------------------------ C H E C K I N G   S U M M A R Y ------------------------
          COMMERCIAL             -
     CHECKING BALANCE LAST STATEMENT.......         1,168,379.86
                    DEPOSITS.............                   .00
                    OTHER CREDITS........                   .00
               7    CHECKS...............            819,765.28
               7    OTHER DEBITS.........            348,614.58
     CHECKING BALANCE THIS STATEMENT.......                 .00
------------------------- F E E   S U M M A R Y ------------------------
                         TOTAL FEES IMPOSED                  .00
----------------- SUMMARY OF OVERDRAFT AND RETURNED ITEM FEES -----------------
```

|                          | TOTAL FOR    | TOTAL        |
|                          | THIS PERIOD  | YEAR-TO-DATE |
|--------------------------|--------------|--------------|
| TOTAL OVERDRAFT FEES     | $0.00        | $0.00        |
| TOTAL RETURNED ITEM FEES | $0.00        | $0.00        |

```
--------------- O T H E R   D E B I T   T R A N S A C T I O N S ---------------
DATE.....AMOUNT....DESCRIPTION
08/01   50,000.00 PATTIS, NORMAN A  Bill Pay              6340000007
08/01  264,811.90 AMEX EPAYMENT     ACH PMT               0017664946
08/02      541.06 City of Austin T  PAYMENT               0022102996
08/02      905.02 City of Austin T  PAYMENT               0022099809
08/02    1,400.53 City of Austin T  PAYMENT               0022104767
08/02    3,686.07 City of Austin T  PAYMENT               0022103818
08/02   27,270.00 ECOMMERCE CDN LL  SALE                  0026044581
```

```
--------------------------------- C H E C K S ---------------------------------
DATE.........CHECK NO.......AMOUNT   DATE.........CHECK NO.......AMOUNT
08/03       011701      1,500.00   08/01      *011833      1,885.00
08/03      *011730      1,500.00   08/02         *          59,922.44
08/03      *011779      1,500.00   08/05         *         752,271.77
08/01      *011822      1,386.07
```

SECURITY BANK OF CRAWFORD • PO BOX 90 • 6588 NORTH LONESTAR PARKWAY • CRAWFORD, TEXAS 76638 • 254-486-0003



FREE SPEECH SYSTEMS LLC
OPERATING
PO BOX 19549
AUSTIN  TX 78704

PAGE  2
ACCOUNT 

STATEMENT PERIOD
07/29/2022 TO 08/31/2022

--------------- D A I L Y  B A L A N C E  I N F O R M A T I O N ---------------

| DATE.......BALANCE | DATE.......BALANCE | DATE.......BALANCE |
|---|---|---|
| 08/01    850,496.89 | 08/03    752,271.77 | |
| 08/02    756,771.77 | 08/05        .00 | |

-------------------------------------------------------------------------------

Thank you for banking with us!
If you have any questions please call
our Crawford Branch at (254) 486-0003 or
our Temple Branch at (254) 249-2265.

SECURITY BANK OF CRAWFORD • PO BOX 90 • 6688 NORTH LONESTAR PARKWAY • CRAWFORD, TEXAS 76638 • 254-486-0003

006624



FREE SPEECH SYSTEMS LLC
DONATIONS
PO BOX 19549
AUSTIN  TX 78704

```
                                      7  -  20            PAGE  1
                                                 ACCOUNT

                                                 STATEMENT PERIOD
                                                 07/29/2022 TO 08/31/2022



------------------------ C H E C K I N G   S U M M A R Y ------------------------
               COMMERCIAL          -
         CHECKING BALANCE LAST STATEMENT.......              .00
                       6  DEPOSITS.............          620.00
                          OTHER CREDITS........              .00
                       1  CHECKS...............          620.00
                          OTHER DEBITS.........              .00
         CHECKING BALANCE THIS STATEMENT.......              .00
------------------------- F E E   S U M M A R Y ------------------------
                          TOTAL FEES IMPOSED                 .00
----------------- SUMMARY OF OVERDRAFT AND RETURNED ITEM FEES -----------------

        |                          |  TOTAL FOR |     TOTAL    |
        |                          | THIS PERIOD|  YEAR-TO-DATE|

        |TOTAL OVERDRAFT FEES      |      $0.00|        $0.00|

        |TOTAL RETURNED ITEM FEES|      $0.00|        $0.00|


-------------- A C C O U N T   C R E D I T   T R A N S A C T I O N S --------------

  DATE.....AMOUNT....DESCRIPTION
  08/01      10.00 DEPOSIT
  08/01      50.00 DEPOSIT
  08/01      60.00 DEPOSIT
  08/01     100.00 DEPOSIT
  08/01     150.00 DEPOSIT
  08/01     250.00 DEPOSIT

----------------------------- C H E C K S -----------------------------

  DATE.........CHECK NO.......AMOUNT   DATE.........CHECK NO.......AMOUNT
  08/05                       620.00

---------------- D A I L Y   B A L A N C E   I N F O R M A T I O N ----------------

  DATE.......BALANCE    DATE.......BALANCE    DATE.......BALANCE
  08/01       620.00    08/05          .00
```

SECURITY BANK OF CRAWFORD • PO BOX 90 • 6688 NORTH LONESTAR PARKWAY • CRAWFORD, TEXAS 76638 • 254-486-0003

006625

# Security Bank of Crawford

Free Speech Systems LLC Payroll
*8522

Current Balance:
-$0.00

Available Balance:
-$0.00

| Date | Description | Category | Amount | Balance |
|------|-------------|----------|--------|---------|
| Friday, August 05, 2022 | Priority Pay | | -$1,000.00 | -$0.00 |

Transaction Range: August 01, 2022 - Pending

Printed: August 08, 2022 9:32AM

006626

# Security Bank of Crawford

Free Speech Systems LLC Depository
*8563

**Current Balance:** -$0.00
**Available Balance:** $11.77

| Date | Description | Category | Amount | Balance |
|------|-------------|----------|--------|---------|
| Pending | eBay PAYOUT 0012487826 | | $31.77 | $11.77 |
| | USAePay 0722 BILLI 6935907159 | | -$20.00 | -$20.00 |
| Friday, August 05, 2022 | Priority Pay | | -$528,480.45 | -$0.00 |
| Thursday, August 04, 2022 | INTERNET TRANSFER FROM CHK 4645 TO CHK 8563 7490626 | | $68,128.75 | $528,480.45 |
| | INTERNET TRANSFER FROM CHK 4645 TO CHK 8563 2113640 | | $59.44 | $460,351.70 |
| Wednesday, August 03, 2022 | INTERNET TRANSFER FROM CHK 4645 TO CHK 8563 4966746 | | $65,799.59 | $460,292.26 |
| | INTERNET TRANSFER FROM CHK 4645 TO CHK 8563 4501110 | | $191.08 | $394,492.67 |
| | INTERNET TRANSFER FROM CHK 4645 TO eBay PAYOUT 0013503170 | | $70.97 | $394,301.59 |
| | | | $22.73 | $394,230.62 |
| Tuesday, August 02, 2022 | PAYARC MERCH FEES 6760185713 | | -$40.00 | $394,207.89 |
| | AUTHNET GATEWAY BILLING 0017472752 | | -$20.00 | $394,247.89 |
| | INTERNET TRANSFER FROM CHK 4645 TO CHK 8563 1384226 | | $60,090.48 | $394,267.89 |
| | eBay PAYOUT 0013042956 | | $291.45 | $334,177.41 |
| | eBay PAYOUT 0012625089 | | $235.63 | $333,885.96 |
| | INTERNET TRANSFER FROM CHK 4645 TO CHK 8563 2428026 | | $56.10 | $333,650.33 |
| | INTERNET TRANSFER FROM CHK 4645 TO CHK 8563 5896245 | | $42.74 | $333,594.23 |
| | eBay PAYOUT 0013370965 | | $14.99 | $333,551.49 |
| Monday, August 01, 2022 | INTERNET TRANSFER FROM CHK 4645 TO CHK 8563 1927326 | | $213,890.47 | $333,536.50 |
| | INTERNET TRANSFER FROM CHK 4645 TO CHK 8563 9176841 | | $362.19 | $119,646.03 |
| | eBay PAYOUT 0014868342 | | $172.20 | $119,283.84 |
| | INTERNET TRANSFER FROM CHK 4645 TO CHK 8563 9129924 | | $112.60 | $119,111.64 |

Transaction Range: August 01, 2022 - Pending

Printed: August 08, 2022 9:30AM

**Fill in this information to identify the case:**

Debtor Name   Free Speech Systems LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number: 22-60043

☐ Check if this is an
amended filing

---

## Official Form 425C

### Monthly Operating Report for Small Business Under Chapter 11                12/17

Month:            October 2022

Date report filed:   12/16/2022
                                                          MM / DD / YYYY

Line of business:   Dietary Supplement Sales

NAISC code:   325411

**In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.**

Responsible party:                    J. Patrick Magill

Original signature of responsible party

Printed name of responsible party    J. Patrick Magill

---

### 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

| | | Yes | No | N/A |
|---|---|:---:|:---:|:---:|
| | **If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A.*** | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☐ | ☑ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☐ | ☐ | ☑ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B.*** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? *** NOTE 1 *** | ☑ | ☐ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Debtor Name  Free Speech Systems LLC                                     Case number  22-60043

17. Have you paid any bills you owed before you filed bankruptcy?  ☐ ☑ ☐

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?  ☐ ☑ ☐

*** NOTE 1 *** We provide consignment sales services to PQPR

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

   This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.                                         $ 1,964,252

20. **Total cash receipts**

   Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

   Report the total from *Exhibit C* here.                    $ 1,051,830

21. **Total cash disbursements**

   Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

   Report the total from *Exhibit D* here.                 – $ 2,293,537

22. **Net cash flow**

   Subtract line 21 from line 20 and report the result here.                    + $ -1,241,707
   This amount may be different from what you may have calculated as *net profit*.

23. **Cash on hand at the end of the month**

   Add line 22 + line 19. Report the result here.                    = $ 722,545.00

   Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

   This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

   Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**                                                    $ 557,506.00

   *(Exhibit E)*

Debtor Name  Free Speech Systems LLC                                    Case number  22-60043

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy.  Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25.  **Total receivables**                                                                    $    178,995.00

*(Exhibit F)*

## 5. Employees

26.  What was the number of employees when the case was filed?                        54

27.  What is the number of employees as of the date of this monthly report?           49

## 6. Professional Fees

28.  How much have you paid this month in professional fees related to this bankruptcy case?        $    0.00

29.  How much have you paid in professional fees related to this bankruptcy case since the case was filed?     $    0.00

30.  How much have you paid this month in other professional fees?                            $    150,000.00

31.  How much have you paid in total other professional fees since filing the case?              $    150,000.00

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

|  | Column A | Column B | Column C |
|---|---|---|---|
|  | **Projected** | − **Actual** | = **Difference** |
|  | Copy lines 35-37 from the previous month's report. | Copy lines 20-22 of this report. | Subtract Column B from Column A. |
| 32. **Cash receipts** | $ 1,051,830 | − $ 1,051,830 | = $ 0.00 |
| 33. **Cash disbursements** | $ 2,293,537 | − $ 2,293,537 | = $ 0.00 |
| 34. **Net cash flow** | $ -1,241,707 | − $ -1,241,537 | = $ 0.00 |

35.  Total projected cash receipts for the next month:                               $ 2,648,712

36.  Total projected cash disbursements for the next month:                        − $ 1,353,745

37.  Total projected net cash flow for the next month:                             = $ 1,294,967

Debtor Name  Free Speech Systems LLC                              Case number  22-60043

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑ 38.  Bank statements for each open account (redact all but the last 4 digits of account numbers).

☑ 39.  Bank reconciliation reports for each account.

☐ 40.  Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐ 41.  Budget, projection, or forecast reports.

☐ 42.  Project, job costing, or work-in-progress reports.

# FREE SPEECH SYSTEMS

| | AXOS Deposits #78877 | AXOS Operating #78919 | AXOS Donations #78885 | AXOS Payroll #78927 | AXOS Inforwars #78893 | AXOS Legal #78901 | SEC BANK Operations #8514 | SEC BANK Donations #8746 | SEC BANK Payroll #8522 | SEC BANK InfoWars #8621 | SEC BANK Deposits #8563 | TOTAL All Accounts |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **October 1 to October 31** | | | | | | | | | | | | |
| **Opening Balance** | **293,073.70** | **83,956.67** | **328,635.26** | **10,742.56** | **6,125.44** | - | - | - | - | - | **11.77** | **722,545.40** |
| Cash Receipts | 1,760,718.92 | 859,055.31 | 22,594.61 | 6,343.62 | - | - | - | - | - | - | - | 2,648,712.46 |
| Cash Disbursements | | (1,228,275.69) | - | (125,469.40) | - | - | - | - | - | - | - | (1,353,745.09) |
| **Net Cash Flow** | **1,760,718.92** | **(369,220.38)** | **22,594.61** | **(119,125.78)** | **6,125.44** | - | - | - | - | - | - | **1,294,967.37** |
| Transfers In | - | 1,087,877.00 | - | 125,000.00 | - | - | - | - | - | - | - | *1,212,877.00* |
| Transfers Out | (1,212,877.00) | - | - | - | - | - | - | - | - | - | - | *(1,212,877.00)* |
| **Cash on Hand** | **840,915.62** | **802,613.29** | **351,229.87** | **16,616.78** | **6,125.44** | - | - | - | - | - | **11.77** | **2,017,512.27** |

006632

 FREE SPEECH SYSTEMS

**FORM 425C Exhibit E**
**Total Payables**

*For various reasons, Free Speech Systems LLC has not kept its books on the accrual basis of accounting and as a result there is not a traditional accounts payable list available at this time.  Free Speech Systems has kept books on the cash basis and virtually all bills are paid via ACH.  We are including the invoices / bills paid / checks cleared from the 1st to the 15th of the following month as a reasonable estimate of our payables at the date of the report.*

As of October 31, 2022

| From | Amount | Due Date | From | Amount | Due Date |
|---|---|---|---|---|---|
| Blue Ascension | 49,999.99 | 11/1/2022 | Waste Connections | 2,099.92 | 11/7/2022 |
| ACH Ops Expense | 13.12 | 11/1/2022 | Travelers | 2,275.06 | 11/8/2022 |
| Complete Controller | 150.00 | 11/1/2022 | Spectrum | 180.14 | 11/9/2022 |
| ACH Ops Expense | 363.54 | 11/1/2022 | ACH Ops Expense | 3,500.00 | 11/9/2022 |
| ACH Ops Expense | 373.46 | 11/1/2022 | ACH Ops Expense | 5,863.00 | 11/9/2022 |
| ACH Ops Expense | 738.80 | 11/1/2022 | ACH Ops Expense | 7,000.00 | 11/9/2022 |
| Orkin Pest Control | 785.91 | 11/1/2022 | Blue Ascension | 11,960.01 | 11/9/2022 |
| ACH Ops Expense | 970.00 | 11/1/2022 | Blue Ascension | 49,999.99 | 11/9/2022 |
| ACH Ops Expense | 5,504.47 | 11/1/2022 | ADT Security | 9.44 | 11/10/2022 |
| Austin Security | 5,791.38 | 11/1/2022 | ADT Security | 10.28 | 11/10/2022 |
| Add Shoppers Inc | 5,978.00 | 11/1/2022 | ADT Security | 20.45 | 11/10/2022 |
| City of Austin | 6,413.00 | 11/1/2022 | ADT Security | 20.45 | 11/10/2022 |
| The Hartford | 7,093.30 | 11/1/2022 | ADT Security | 58.94 | 11/10/2022 |
| ACH Ops Expense | 9,367.26 | 11/1/2022 | ADT Security | 64.22 | 11/10/2022 |
| ACH Ops Expense | 16,378.64 | 11/1/2022 | ADT Security | 66.08 | 11/10/2022 |
| ACH Ops Expense | 27,000.00 | 11/1/2022 | ADT Security | 69.18 | 11/10/2022 |
| E Commerce CDN | 27,270.00 | 11/1/2022 | ADT Security | 69.18 | 11/10/2022 |
| ACH Ops Expense | 33.88 | 11/2/2022 | ADT Security | 72.02 | 11/10/2022 |
| DS Waters of America | 278.41 | 11/2/2022 | ADT Security | 102.06 | 11/10/2022 |
| Verizon | 438.24 | 11/2/2022 | ADT Security | 102.06 | 11/10/2022 |
| Waste Connections | 4,199.84 | 11/2/2022 | ADT Security | 126.76 | 11/10/2022 |
| Authnet Gateway | 8,285.20 | 11/2/2022 | ADT Security | 126.76 | 11/10/2022 |
| ACH Ops Expense | 50,000.00 | 11/2/2022 | ADT Security | 830.10 | 11/10/2022 |
| ACH Ops Expense | 52,907.19 | 11/2/2022 | ADT Security | 830.10 | 11/10/2022 |
| Lathem Time Corp | 138.64 | 11/3/2022 | ADT Security | 1,411.18 | 11/10/2022 |
| Complete Controller | 1,835.00 | 11/3/2022 | ADT Security | 1,411.18 | 11/10/2022 |
| Norm Pattis | 80,000.00 | 11/3/2022 | Complete Controller | 93.75 | 11/14/2022 |
| Quickbooks Online | 684.91 | 11/4/2022 | Quickbooks Online | 213.20 | 11/14/2022 |
| AT&T | 2,567.49 | 11/4/2022 | Google | 280.00 | 11/14/2022 |
| ACH Ops Expense | 3,000.00 | 11/4/2022 | Austin Security | 1,353.13 | 11/14/2022 |
| ACH Ops Expense | 3,200.00 | 11/4/2022 | AXOS Bank | 5,344.17 | 11/14/2022 |
| ACH Ops Expense | 7,500.00 | 11/4/2022 | Austin Security | 5,829.26 | 11/14/2022 |
| ACH Ops Expense | 15,998.00 | 11/4/2022 | Contract Production | 3,200.00 | 11/14/2022 |
| Haivision | 49,865.00 | 11/4/2022 | Contract Production | 20,000.00 | 11/14/2022 |
| Gracenote Media | 123.58 | 11/4/2022 | Contract Production | 1,500.00 | 11/14/2022 |
| ACH Ops Expense | 50,000.00 | 11/4/2022 | Employee Exp Reports | 2,192.33 | 11/15/2022 |
| ACH Ops Expense | 55,000.00 | 11/4/2022 | Add Shoppers Inc | 2,989.00 | 11/15/2022 |
| ACH Ops Expense | 109,300.00 | 11/4/2022 | PQPR | 50,000.00 | 11/15/2022 |
| | | | ACH Ops Expense | 55,000.00 | 11/15/2022 |
| | | | ACH Ops Expense | 254,050.00 | 11/15/2022 |
| | | | | **1,232,370.84** | |



**FORM 425C Exhibit F**
**Total Receivables**

*Free Speech Systems LLC does not have traditional receivables from our customers.  Virtually all our transactions happen via our on-line store and aggregated by our third party credit card processor.  There is a lag between the transaction on the on-line store and the funding from our processor.  Therefore, we don't have traditional customer receivables but have included our daily processor deposits from the 1st to the 5th of the following month as receivables*

*As of October 31, 2022*

| From | Amount | Due Date |
|------|--------|----------|
| Processor C | 296,501.49 | 11/1/2022 |
| Processor S | 52,787.32 | 11/2/2022 |
| Processor C | 103,967.42 | 11/3/2022 |
| Processor C | 132,173.49 | 11/4/2022 |
| | **585,429.72** | |



Date 10/31/22          Page      1
Primary Account          ████████8919

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Operations
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Case 22-60043, Operations

| | | | |
|---|---|---|---|
| Commercial Checking | | Number of Enclosures | 10 |
| Account Number | ████████ | Statement Dates   10/03/22 thru 10/31/22 | |
| Previous Balance | 83,956.67 | Days in the statement period | 29 |
| 64 Deposits/Credits | ✓1,946,932.31 | Avg Daily Ledger | 213,779.31 |
| 61 Checks/Debits | 1,228,275.69 | Avg Daily Collected | 213,291.41 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 802,613.29 | | |

**DEPOSITS AND OTHER CREDITS**

| Date | Description | Amount |
|---|---|---|
| 10/04 | From DDA *8877,To DDA *8919 | 437,877.00 |
| 10/07 | Wire Transfer Credit | 226,454.26 |
| | ELEVATED SOLUTIONS GROUP LLC | |
| | 3402 CLAWSON RD | |
| | AUSTIN TX 78704 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221007K1QJ1N3C000392 | |
| | 20221007MMQFMP9N000135 | |
| | 10071201FT03 | |
| 10/11 | MyDeposit | 24.95 |
| 10/11 | MyDeposit | 26.95 |
| 10/11 | MyDeposit | 39.95 |
| 10/11 | MyDeposit | 40.00 |
| 10/11 | MyDeposit | 50.00 |
| 10/11 | MyDeposit | 50.00 |



Date 10/31/22          Page     2
Primary Account    �▬78919

Commercial Checking    ▬▬▬    (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|-------:|
| 10/11 | MyDeposit | 59.85 |
| 10/11 | MyDeposit | 60.00 |
| 10/11 | MyDeposit | 100.00 |
| 10/11 | MyDeposit | 104.85 |
| 10/11 | MyDeposit | 118.95 |
| 10/11 | MyDeposit | 120.00 |
| 10/11 | MyDeposit | 130.00 |
| 10/11 | MyDeposit | 144.00 |
| 10/11 | MyDeposit | 150.00 |
| 10/11 | MyDeposit | 161.80 |
| 10/11 | MyDeposit | 175.75 |
| 10/11 | MyDeposit | 177.70 |
| 10/11 | MyDeposit | 194.76 |
| 10/11 | MyDeposit | 260.00 |
| 10/11 | MyDeposit | 278.65 |
| 10/11 | MyDeposit | 370.00 |
| 10/11 | MyDeposit | 400.00 |
| 10/11 | MyDeposit | 440.00 |
| 10/11 | MyDeposit | 490.60 |
| 10/11 | MyDeposit | 499.50 |
| 10/11 | MyDeposit | 500.00 |
| 10/11 | MyDeposit | 522.70 |
| 10/11 | MyDeposit | 542.00 |
| 10/11 | MyDeposit | 602.99 |
| 10/11 | MyDeposit | 621.00 |
| 10/11 | MyDeposit | 803.19 |
| 10/14 | From DDA *8877,To DDA *8919 | 150,000.00 |
| 10/17 | From DDA *8877,To DDA *8919 | 100,000.00 |
| 10/26 | ACCTVERIFY ZOOM.US 888-799- | .09 |
|  | CCD 091000016064485 |  |
|  | FREE SPEECH SYSTEMS LL |  |
| 10/26 | ACCTVERIFY ZOOM.US 888-799- | .13 |
|  | CCD 091000016772320 |  |
|  | FREE SPEECH SYSTEMS LL |  |
| 10/27 | MyDeposit | 31.00 |
| 10/27 | MyDeposit | 50.00 |
| 10/27 | MyDeposit | 50.78 |
| 10/27 | MyDeposit | 56.90 |
| 10/27 | MyDeposit | 70.00 |
| 10/27 | MyDeposit | 80.00 |
| 10/27 | MyDeposit | 80.00 |



Date 10/31/22          Page     3
Primary Account      78919

Commercial Checking                        (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 10/27 | MyDeposit | 100.00 |
| 10/27 | MyDeposit | 110.00 |
| 10/27 | MyDeposit | 110.99 |
| 10/27 | MyDeposit | 125.00 |
| 10/27 | MyDeposit | 131.42 |
| 10/27 | MyDeposit | 169.92 |
| 10/27 | MyDeposit | 184.35 |
| 10/27 | MyDeposit | 189.69 |
| 10/27 | MyDeposit | 210.75 |
| 10/27 | MyDeposit | 222.65 |
| 10/27 | MyDeposit | 260.70 |
| 10/27 | MyDeposit | 285.00 |
| 10/27 | MyDeposit | 417.82 |
| 10/27 | MyDeposit | 420.00 |
| 10/27 | MyDeposit | 455.12 |
| 10/27 | MyDeposit | 2,076.80 |
| 10/28 | From DDA *8877,To DDA *8919 | 100,000.00 |
| 10/28 | From DDA *8877,To DDA *8919 | 300,000.00 |
| 10/31 | TP RES REL M MERCHANT | 618,451.80 |
|       | CCD 084106760114619 | |
|       | (INFOWARS/ALEX JONES | |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 10/04 | PAYMENTS    LATHEM TIME CORP | 134.32- |
|       | CCD 062000014230228 | |
|       | FREE SPEECH SYSTEMS LL | |
| 10/04 | BILLING    AUTHNET GATEWAY | 4,698.40- |
|       | CCD 104000017372795 | |
|       | FREE SPEECH SYSTEMS, L | |
| 10/04 | DBT CRD 1120 10/03/22 88242770 | 173.23- |
|       | INTUIT *QBooks Online | |
|       | CL.INTUIT.COM CA C#2172 | |
| 10/05 | PHONECHECK HASTINGSHUMANS | 169.95- |
|       | TEL 091000010758436 | |
| 10/05 | SPECTRUM    SPECTRUM | 180.14- |
|       | WEB 021000022691930 | |



```
                                        Date 10/31/22        Page     4
                                        Primary Account    8█████78919
```

Commercial Checking  (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| | FREE SPEECH SYSTEMS LL 9535445 | |
| 10/05 | Monthly    FREESPEECHOP PPD 122287250000153 FREESPEECHOP | 1,200.00- |
| 10/05 | Monthly    FREESPEECHOP CCD 122287250000095 FREESPEECHOP | 2,032.50- |
| 10/05 | PHONECHECK HASTINGSHUMANS TEL 091000010758435 | 5,245.80- |
| 10/05 | SALE       ATOMIAL LLC CCD 021000023817157 FREE SPEECH SYSTEMS | 25,200.00- |
| 10/05 | Monthly    FREESPEECHOP CCD 122287250000839 FREESPEECHOP | 238,382.48- |
| 10/05 | Domestic Wire Transfer-DL ADP Total Source 021000021 304238112 10200 Sunset Drive Miami FL 33173 UNITED STATES JP Morgan Chase 9I-191403 20221005MMQFMP9N000136 20221005B1QGC01R051183 10051345FT03 | 185,264.31- |
| 10/06 | SALE       AUSTIN SECURITY CCD 021000022812131 FREE SPEECH SYSTEMS | 4,162.21- |
| 10/07 | Monthly    FREESPEECHOP PPD 122287250000024 FREESPEECHOP | 5,875.00- |
| 10/11 | QBooks Onl 18004INTUIT CCD 021000020774609 FREE SPEECH SYSTEMS LL | 213.20- |
| 10/12 | Monthly    FREESPEECHOP CCD 122287250000224 FREESPEECHOP | 8,743.36- |



Date 10/31/22          Page      5
Primary Account      ⬛⬛⬛⬛78919

Commercial Checking          ⬛⬛⬛⬛     (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 10/14 | Monthly    FREESPEECHOP<br>CCD 122287250000258<br>FREESPEECHOP | 75,834.54- |
| 10/17 | Monthly    FREESPEECHOP<br>PPD 122287250000397<br>FREESPEECHOP | 1,600.00- |
| 10/17 | SALE    ECOMMERCE CDN LL<br>CCD 021000023086900<br>NULL IWHEALTH | 27,270.00- |
| 10/17 | Monthly    FREESPEECHOP<br>PPD 122287250000379<br>FREESPEECHOP | 50,000.00- |
| 10/17 | Monthly    FREESPEECHOP<br>CCD 122287250000351<br>FREESPEECHOP | 75,834.54- |
| 10/18 | Monthly    FREESPEECHOP<br>PPD 122287250000122<br>FREESPEECHOP | 1,450.00- |
| 10/18 | Monthly    FREESPEECHOP<br>PPD 122287250000168<br>FREESPEECHOP | 8,000.00- |
| 10/18 | PHONECHECK HASTINGSHUMANS<br>TEL 091000018607228 | 8,610.81- |
| 10/18 | Domestic Wire Transfer-DL<br>Norman A Pattix<br>011103093<br>4392610957<br>383 Orange Street, First Floor<br>New Haven, CT 06511 UNITED STA<br>TD Bank<br>20221018MMQFMP9N000003<br>20221018MMQFMPYQ002995<br>10181114FT03 | 80,000.00- |
| 10/20 | Monthly    FREESPEECHOP<br>CCD 122287250000412<br>FREESPEECHOP | 49,865.00- |
| 10/21 | Monthli    FREESPEECHOP<br>PPD 122287250000348<br>FREESPEECHOP | 1,200.00- |
| 10/24 | DBT CRD 1238 10/22/22 31137199<br>SHELL SERVICE STATION | 76.18- |



Date 10/31/22          Page      6
Primary Account     ████78919

Commercial Checking        ████████  (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| | AUSTIN        TX C#0837 | |
| 10/24 | RECRD MGMT IRON MOUNTAIN | 459.71- |
| | CCD 021000028081707 | |
| | WENDELL *M SCHWARTZ | |
| 10/24 | BILL PYMNT ACHMA VISB | 1,622.16- |
| | WEB 021000029697845 | |
| | ALEXANDER *JONES | |
| | 3277956 | |
| 10/24 | BILL PYMNT ACHMA VISB | 1,637.72- |
| | WEB 021000029697844 | |
| | FREE SPEECH SYSTEMS LL | |
| | 3277955 | |
| 10/24 | PURCHASE    COMPLETECONTROLR | 2,372.83- |
| | PPD 091000011515185 | |
| | JOHN HAARMANN | |
| 10/25 | PHONECHECK HASTINGSHUMANS | 169.95- |
| | TEL 091000017191848 | |
| 10/25 | PHONECHECK HASTINGSHUMANS | 2,337.74- |
| | TEL 091000017191841 | |
| 10/25 | PHONECHECK HASTINGSHUMANS | 9,000.00- |
| | TEL 091000017191840 | |
| 10/26 | ACCTVERIFY ZOOM.US 888-799- | .22- |
| | CCD 091000016303400 | |
| | FREE SPEECH SYSTEMS LL | |
| 10/27 | Monthly    FREESPEECHOP | 1,600.00- |
| | PPD 122287250000087 | |
| | FREESPEECHOP | |
| 10/28 | SALE      AUSTIN SECURITY | 4,578.98- |
| | CCD 021000026893424 | |
| | LLC FREE SPEECH SYSTEM | |
| 10/28 | SALE      AUSTIN SECURITY | 4,768.41- |
| | CCD 021000026893426 | |
| | LLC FREE SPEECH SYSTEM | |
| 10/28 | Monthly    FREESPEECHOP | 6,000.00- |
| | PPD 122287250000569 | |
| | FREESPEECHOP | |
| 10/31 | Monthly    FREESPEECHOP | 255.95- |
| | CCD 122287250000301 | |
| | FREESPEECHOP | |
| 10/31 | DIRECTV    DIRECTV | 423.11- |
| | TEL 021000027496444 | |

006640



Date 10/31/22        Page      7
Primary Account       ██████78919

Commercial Checking         ████████   (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 10/31 | Monthly    FREESPEECHOP<br>CCD 122287250000270<br>FREESPEECHOP | 874.66- |
| 10/31 | TELECOMM    GRANDE COMMUNICA<br>WEB 021000027491727<br>WENDELL M *SCHWARTZ<br>5029630 | 1,300.00- |
| 10/31 | SALE       AUSTIN SECURITY<br>CCD 021000027261933<br>FREE SPEECH SYSTEMS | 1,353.13- |
| 10/31 | Monthly    FREESPEECHOP<br>PPD 122287250000700<br>FREESPEECHOP | 1,600.00- |
| 10/31 | Monthly    FREESPEECHOP<br>PPD 122287250000546<br>FREESPEECHOP | 3,500.00- |
| 10/31 | SALE       AUSTIN SECURITY<br>CCD 021000027261935<br>FREE SPEECH SYSTEMS | 4,957.85- |
| 10/31 | SALE       BLUE ASENSION LO<br>CCD 021000027264710<br>FREE SPEECH SYSTEMS | 6,200.01- |
| 10/31 | Monthly    FREESPEECHOP<br>CCD 122287250000243<br>FREESPEECHOP | 24,201.00- |
| 10/31 | Monthly    FREESPEECHOP<br>CCD 122287250000241<br>FREESPEECHOP | 56,637.50- |
| 10/31 | Monthly    FREESPEECHOP<br>CCD 122287250000708<br>FREESPEECHOP | 138,608.76- |

## CHECKS IN SERIAL NUMBER ORDER

| Date | Check No | Amount | Date | Check No | Amount |
|------|----------|--------|------|----------|--------|
| 10/31 | 99483893 | 25.00 | 10/24 | 99959368* | 140.26 |
| 10/20 | 99667998* | 2,000.00 | 10/24 | 99960321* | 68.52 |
| 10/13 | 99739887* | 71,286.94 | 10/21 | 99961868* | 41.12 |
| 10/21 | 99947945* | 62.77 | 10/21 | 99962642* | 28.15 |

* Indicates Skip In Check Number Sequence



Date 10/31/22          Page     8
Primary Account      78919

Commercial Checking                    (Continued)

## CHECKS IN SERIAL NUMBER ORDER

| Date | Check No | Amount | Date | Check No | Amount |
|------|----------|--------|------|----------|--------|
| 10/21 | 99968676* | 55.16 | 10/13 | 99999624* | 18,692.11 |

* Indicates Skip In Check Number Sequence

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 10/03 | 83,956.67 | 10/13 | 184,894.12 | 10/25 | 35,156.96 |
| 10/04 | 516,827.72 | 10/14 | 259,059.58 | 10/26 | 35,156.96 |
| 10/05 | 59,152.54 | 10/17 | 204,355.04 | 10/27 | 39,445.85 |
| 10/06 | 54,990.33 | 10/18 | 106,294.23 | 10/28 | 424,098.46 |
| 10/07 | 275,569.59 | 10/20 | 54,429.23 | 10/31 | 802,613.29 |
| 10/11 | 283,616.53 | 10/21 | 53,042.03 | | |
| 10/12 | 274,873.17 | 10/24 | 46,664.65 | | |

*** END OF STATEMENT ***



```
                                    Date 10/31/22          Page    1
                                    Primary Account         ████78877
```

```
FREE SPEECH SYSTEMS, LLC
Case 22-60043, Deposit
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741
```

| Account Title: | FREE SPEECH SYSTEMS, LLC |
|---|---|
| | Case 22-60043, Deposit |

| Commercial Checking | | Number of Enclosures | 0 |
|---|---|---|---|
| Account Number | ████ | Statement Dates   10/03/22 thru 10/31/22 | |
| Previous Balance | 293,073.70 | Days in the statement period | 29 |
| 16 Deposits/Credits | 1,760,718.92 | Avg Daily Ledger | 603,405.72 |
| 6 Checks/Debits | 1,212,877.00 | Avg Daily Collected | 603,405.72 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 840,915.62 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 10/03 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738<br>CRAWFORD- SECURITY BANK OF CRA<br>20221003K1QJ1N3C001311<br>20221003MMQFMP9N000436<br>10031633FT03 | 94,220.05 |
| 10/04 | Wire Transfer Credit<br>AURIAM SERVICES LLC<br>14425 FALCON HEAD BLVD STE #15<br>AUSTIN TX 78738<br>CRAWFORD- SECURITY BANK OF CRA<br>20221004K1QJ1N3C000648 | 50,583.51 |



Date 10/31/22        Page       2
Primary Account    ▓▓▓▓▓978877

Commercial Checking      ▓▓▓▓▓▓   (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| | 20221004MMQFMP9N000219 | |
| | 10041404FT03 | |
| 10/05 | Wire Transfer Credit | 34,191.56 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221005k1QJ1N3C000824 | |
| | 20221005MMQFMP9N000203 | |
| | 10051505FT03 | |
| 10/06 | Wire Transfer Credit | 29,962.91 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221006k1QJ1N3C000611 | |
| | 20221006MMQFMP9N000182 | |
| | 10061359FT03 | |
| 10/07 | Wire Transfer Credit | 47,926.39 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221007k1QJ1N3C000356 | |
| | 20221007MMQFMP9N000131 | |
| | 10071149FT03 | |
| 10/11 | Wire Transfer Credit | 145,358.21 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221011K1QJ1N3C001156 | |
| | 20221011MMQFMP9N000344 | |
| | 10111526FT03 | |
| 10/12 | Wire Transfer Credit | 224,986.97 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221012k1QJ1N3C000849 | |



Date 10/31/22        Page    3
Primary Account  ████████78877

Commercial Checking   ████████   (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| | 20221012MMQFMP9N000275 | |
| | 10121516FT03 | |
| 10/13 | Wire Transfer Credit | 133,947.72 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221013K1QJ1N3C000991 | |
| | 20221013MMQFMP9N000249 | |
| | 10131542FT03 | |
| 10/14 | Wire Transfer Credit | 252,768.04 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221014K1QJ1N3C001134 | |
| | 20221014MMQFMP9N000340 | |
| | 10141554FT03 | |
| 10/17 | Wire Transfer Credit | 220,477.99 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221017K1QJ1N3C000813 | |
| | 20221017MMQFMP9N000266 | |
| | 10171532FT03 | |
| 10/21 | Wire Transfer Credit | 193,592.09 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221021K1QJ1N3C000536 | |
| | 20221021MMQFMP9N000165 | |
| | 10211310FT03 | |
| 10/24 | Wire Transfer Credit | 37,567.75 |
| | AURIAM SERVICES LLC | |
| | 14425 FALCON HEAD BLVD STE #15 | |
| | AUSTIN TX 78738 | |
| | CRAWFORD- SECURITY BANK OF CRA | |
| | 20221024K1QJ1N3C000706 | |



Date 10/31/22        Page     4
Primary Account      ████████78877

Commercial Checking      ███████████  (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
|      | 20221024MMQFMP9N000189 | |
|      | 10241451FT03 | |
| 10/26 | Wire Transfer Credit | 65,626.14 |
|      | ████████████████████████ | |
|      | ████████████████████████ | |
|      | VENDOR PAYMENT | |
|      | 20221026B6B7HU4R006437 | |
|      | 20221026MMQFMP9N000067 | |
|      | 10261037FT03 | |
| 10/28 | Wire Transfer Credit | 66,773.74 |
|      | ████████████████████████ | |
|      | 91362-4344 US CA | |
|      | DEBTOR IN POSSESSION; CASE 22- | |
|      | 20221028B6B7HU2R016174 | |
|      | 20221028MMQFMP9N000338 | |
|      | 10281530FT03 | |
| 10/28 | Wire Transfer Credit | 101,063.91 |
|      | ████████████████████████ | |
|      | VENDOR PAYMENT | |
|      | 20221028B6B7HU3R004382 | |
|      | 20221028MMQFMP9N000007 | |
|      | 10280447FT03 | |
| 10/31 | Wire Transfer Credit | 61,671.94 |
|      | ████████████████████████ | |
|      | VENDOR PAYMENT | |
|      | 20221031B6B7HU3R033037 | |
|      | 20221031MMQFMP9N000486 | |
|      | 10311816FT03 | |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 10/04 | From DDA *8877,To DDA *8919 | 437,877.00- |



Date 10/31/22          Page      5
Primary Account        8▇▇▇▇78877

Commercial Checking              ▇▇▇▇▇▇▇▇   (Continued)

## CHECKS AND WITHDRAWALS

| Date  | Description                              | Amount       |
|-------|------------------------------------------|--------------|
| 10/14 | From DDA *8877,To DDA *8919              | 150,000.00-  |
| 10/17 | From DDA *8877,To DDA *8919              | 100,000.00-  |
| 10/20 | From DDA *8877,To DDA *8927,Payroll 10/20 | 125,000.00-  |
| 10/28 | From DDA *8877,To DDA *8919              | 100,000.00-  |
| 10/28 | From DDA *8877,To DDA *8919              | 300,000.00-  |

## DAILY BALANCE INFORMATION

| Date  | Balance    | Date  | Balance    | Date  | Balance      |
|-------|------------|-------|------------|-------|--------------|
| 10/03 | 387,293.75 | 10/12 | 482,426.30 | 10/24 | 945,779.89   |
| 10/04 | .26        | 10/13 | 616,374.02 | 10/26 | 1,011,406.03 |
| 10/05 | 34,191.82  | 10/14 | 719,142.06 | 10/28 | 779,243.68   |
| 10/06 | 64,154.73  | 10/17 | 839,620.05 | 10/31 | 840,915.62   |
| 10/07 | 112,081.12 | 10/20 | 714,620.05 |       |              |
| 10/11 | 257,439.33 | 10/21 | 908,212.14 |       |              |

*** END OF STATEMENT ***



Date 10/31/22          Page      1
Primary Account        ████████78885

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Donations
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Case 22-60043, Donations

| Commercial Checking | | Number of Enclosures | 0 |
|---|---|---|---|
| Account Number | ████████ | Statement Dates  10/03/22 thru 10/31/22 | |
| Previous Balance | 328,635.26 | Days in the statement period | 29 |
| 69 Deposits/Credits | 22,594.61 | Avg Daily Ledger | 336,230.28 |
| Checks/Debits | .00 | Avg Daily Collected | 335,451.16 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 351,229.87 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 10/11 | MyDeposit | 11.11 |
| 10/11 | MyDeposit | 20.00 |
| 10/11 | MyDeposit | 50.00 |
| 10/11 | MyDeposit | 50.00 |
| 10/11 | MyDeposit | 300.00 |
| 10/11 | MyDeposit | 300.00 |
| 10/11 | MyDeposit | 500.00 |
| 10/11 | MyDeposit | 500.00 |
| 10/11 | MyDeposit | 500.00 |
| 10/11 | MyDeposit | 1,000.00 |
| 10/17 | MyDeposit | 5.00 |
| 10/17 | MyDeposit | 10.00 |
| 10/17 | MyDeposit | 10.00 |
| 10/17 | MyDeposit | 10.00 |
| 10/17 | MyDeposit | 10.00 |



Date 10/31/22          Page      2
Primary Account        ███████78885

Commercial Checking        ██████████ (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 10/17 | MyDeposit | 10.00 |
| 10/17 | MyDeposit | 20.00 |
| 10/17 | MyDeposit | 20.00 |
| 10/17 | MyDeposit | 20.00 |
| 10/17 | MyDeposit | 25.00 |
| 10/17 | MyDeposit | 30.00 |
| 10/17 | MyDeposit | 44.67 |
| 10/17 | MyDeposit | 50.00 |
| 10/17 | MyDeposit | 50.00 |
| 10/17 | MyDeposit | 50.00 |
| 10/17 | MyDeposit | 50.00 |
| 10/17 | MyDeposit | 60.00 |
| 10/17 | MyDeposit | 75.00 |
| 10/17 | MyDeposit | 100.00 |
| 10/17 | MyDeposit | 100.00 |
| 10/17 | MyDeposit | 100.00 |
| 10/17 | MyDeposit | 100.00 |
| 10/17 | MyDeposit | 100.00 |
| 10/17 | MyDeposit | 100.00 |
| 10/17 | MyDeposit | 100.00 |
| 10/17 | MyDeposit | 100.00 |
| 10/17 | MyDeposit | 100.00 |
| 10/17 | MyDeposit | 200.00 |
| 10/17 | MyDeposit | 200.00 |
| 10/17 | MyDeposit | 280.00 |
| 10/17 | MyDeposit | 428.83 |
| 10/17 | MyDeposit | 500.00 |
| 10/17 | MyDeposit | 500.00 |
| 10/17 | MyDeposit | 2,000.00 |
| 10/27 | MyDeposit | 10.00 |
| 10/27 | MyDeposit | 10.00 |
| 10/27 | MyDeposit | 10.00 |
| 10/27 | MyDeposit | 15.00 |
| 10/27 | MyDeposit | 20.00 |
| 10/27 | MyDeposit | 20.00 |
| 10/27 | MyDeposit | 20.00 |
| 10/27 | MyDeposit | 20.00 |
| 10/27 | MyDeposit | 25.00 |
| 10/27 | MyDeposit | 30.00 |
| 10/27 | MyDeposit | 50.00 |
| 10/27 | MyDeposit | 50.00 |



```
                              Date 10/31/22         Page      3
                              Primary Account      ████████78885
```

Commercial Checking                    ██████████   (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 10/27 | MyDeposit | 50.00 |
| 10/27 | MyDeposit | 60.00 |
| 10/27 | MyDeposit | 65.00 |
| 10/27 | MyDeposit | 100.00 |
| 10/27 | MyDeposit | 100.00 |
| 10/27 | MyDeposit | 100.00 |
| 10/27 | MyDeposit | 100.00 |
| 10/27 | MyDeposit | 200.00 |
| 10/27 | MyDeposit | 250.00 |
| 10/27 | MyDeposit | 500.00 |
| 10/27 | MyDeposit | 1,000.00 |
| 10/27 | MyDeposit | 1,000.00 |
| 10/27 | MyDeposit | 10,000.00 |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance |
|------|---------|------|---------|
| 10/03 | 328,635.26 | 10/17 | 337,424.87 |
| 10/11 | 331,866.37 | 10/27 | 351,229.87 |

*** END OF STATEMENT ***



Date 10/31/22          Page      1
Primary Account      ████████78927

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Payroll
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Case 22-60043, Payroll

| | | | |
|---|---|---|---|
| Commercial Checking | | Number of Enclosures | 0 |
| Account Number | ████████ | Statement Dates   10/03/22 thru 10/31/22 | |
| Previous Balance | 10,742.56 | Days in the statement period | 29 |
| 9 Deposits/Credits | 151,260.62 | Avg Daily Ledger | 19,194.78 |
| 9 Checks/Debits | 145,386.40 | Avg Daily Collected | 19,194.78 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 16,616.78 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 10/12 | VERIFYQBW  INTUIT<br>PPD 021000025434587<br>IWHEALTH, LLC | .18 |
| 10/12 | VERIFYQBW  INTUIT<br>PPD 021000025434588<br>IWHEALTH, LLC | .18 |
| 10/13 | ACH        ADP TOTALSOURCE<br>CCD 021000020536728<br>EV4-511830278-Free Spe | 4,153.41 |
| 10/17 | ACH        ADP TOTALSOURCE<br>CCD 021000028163795<br>921438-Free Speech Sys | 2,190.21 |
| 10/20 | From DDA *8877,To DDA *8927,Pa<br>yroll 10/20 | 125,000.00 |
| 10/25 | ACH Credit Back Item | 4,979.16 |



Date 10/31/22
Primary Account    ████████78927

Page    2

Commercial Checking    ████████████ (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 10/25 | REVERSAL    FREESPEECHPAYR PPD 122287250000431 FREESPEECHPAYR | 4,979.16 |
| 10/25 | REVERSAL    FREESPEECHPAYR PPD 122287250000433 FREESPEECHPAYR | 4,979.16 |
| 10/26 | ACH Credit Back Item | 4,979.16 |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 10/12 | VERIFYQBW  INTUIT PPD 021000025435108 IWHEALTH, LLC | .36- |
| 10/18 | ACH        ADP TOTALSOURCE CCD 021000022800645 929225-Free Speech Sys | 475.86- |
| 10/21 | Payroll    FREESPEECHPAYR PPD 122287250000599 FREESPEECHPAYR | 92.25- |
| 10/21 | Payroll    FREESPEECHPAYR PPD 122287250000290 FREESPEECHPAYR | 2,651.73- |
| 10/21 | Payroll    FREESPEECHPAYR PPD 122287250000251 FREESPEECHPAYR | 122,249.56- |
| 10/24 | Payroll    FREESPEECHPAYR PPD 122287250000453 FREESPEECHPAYR | 4,979.16- |
| 10/26 | Payroll    FREESPEECHPAYR PPD 122287250000435 FREESPEECHPAYR | 4,979.16- |
| 10/27 | ACH Chargeback | 4,979.16- |
| 10/27 | ACH Chargeback | 4,979.16- |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 10/03 | 10,742.56 | 10/12 | 10,742.56 | 10/13 | 14,895.97 |



Date 10/31/22    Page    3
Primary Account        ████████78927

Commercial Checking        ████████████  (Continued)

**DAILY BALANCE INFORMATION**

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 10/17 | 17,086.18 | 10/21 | 16,616.78 | 10/26 | 26,575.10 |
| 10/18 | 16,610.32 | 10/24 | 11,637.62 | 10/27 | 16,616.78 |
| 10/20 | 141,610.32 | 10/25 | 26,575.10 | | |

\*\*\* END OF STATEMENT \*\*\*



Date 10/31/22          Page      1
Primary Account    ████████78893

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Infowars
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Case 22-60043, Infowars

| Commercial Checking | | Number of Enclosures | 0 |
|---|---|---|---|
| Account Number | 8████████ | Statement Dates   10/03/22 thru 10/31/22 | |
| Previous Balance | 6,125.44 | Days in the statement period | 29 |
| Deposits/Credits | .00 | Avg Daily Ledger | 6,125.44 |
| Checks/Debits | .00 | Avg Daily Collected | 6,125.44 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 6,125.44 | | |

**DAILY BALANCE INFORMATION**

| Date | Balance |
|---|---|
| 10/03 | 6,125.44 |

*** END OF STATEMENT ***

006654



Date 10/31/22          Page     1
Primary Account        ●●●●●●●●78901

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Legal
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Case 22-60043, Legal

| Commercial Checking | | Number of Enclosures | 0 |
|---|---|---|---|
| Account Number | ●●●●●●●●●● | Statement Dates   10/03/22 thru 10/31/22 | |
| Previous Balance | | Days in the statement period | 29 |
| Deposits/Credits | .00 | Avg Daily Ledger | .00 |
| Checks/Debits | .00 | Avg Daily Collected | .00 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | .00 | | |

**DAILY BALANCE INFORMATION**

| Date | Balance |
|---|---|
| 10/03 | .00 |

*** END OF STATEMENT ***

006655

**Fill in this information to identify the case:**

Debtor Name __Free Speech Systems LLC__

United States Bankruptcy Court for the: Southern District of Texas

Case number: __22-60043__

☐ Check if this is an
amended filing

Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11

12/17

Month: __November__

Date report filed: __12/19/2022__
MM / DD / YYYY

Line of business: __Dietary Supplement Sales__

NAISC code: __325411__

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury
that I have examined the following small business monthly operating report and the accompanying
attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party: __J Patrick Magill__

Original signature of responsible party ___[signature]___

Printed name of responsible party __J Patrick Magill__

### 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

| | | Yes | No | N/A |
|---|---|:---:|:---:|:---:|
| | **If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A.*** | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☐ | ☑ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☐ | ☐ | ☑ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B.*** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way?*** NOTE 1 *** | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Debtor Name  Free Speech Systems LLC

Case number  22-60043

---

17. Have you paid any bills you owed before you filed bankruptcy?  ☐ ☑ ☐

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?  ☐ ☑ ☐

*** NOTE 1 *** We provide consignment sales services to PQPR

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

$ 1,964,252

20. **Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

Report the total from *Exhibit C* here.

$ 1,051,830

21. **Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

Report the total from *Exhibit D* here.

– $ 2,293,537

22. **Net cash flow**

Subtract line 21 from line 20 and report the result here.
This amount may be different from what you may have calculated as *net profit*.

+ $ -1,241,707

23. **Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

= $ 722,545.00

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**

*(Exhibit E)*

$ 557,506.00

---

Debtor Name  Free Speech Systems LLC

Case number  22-60043

---

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before and after you filed bankruptcy.  Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**

$ 178,995.00

*(Exhibit F)*

---

## 5. Employees

26. What was the number of employees when the case was filed?   54

27. What is the number of employees as of the date of this monthly report?   49

---

## 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?   $ 0.00

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?   $ 0.00

30. How much have you paid this month in other professional fees?   $ 150,000.00

31. How much have you paid in total other professional fees since filing the case?   $ 150,000.00

---

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

|  | Column A | Column B | Column C |
|---|---|---|---|
|  | **Projected** − | **Actual** = | **Difference** |
|  | Copy lines 35-37 from the previous month's report. | Copy lines 20-22 of this report. | Subtract Column B from Column A. |
| 32. **Cash receipts** | $ 1,051,830 − | $ 1,051,830 = | $ 0.00 |
| 33. **Cash disbursements** | $ 2,293,537 − | $ 2,293,537 = | $ 0.00 |
| 34. **Net cash flow** | $ -1,241,707 − | $ -1,241,537 = | $ 0.00 |

35. Total projected cash receipts for the next month:   $ 2,648,712

36. Total projected cash disbursements for the next month:   − $ 1,353,745

37. Total projected net cash flow for the next month:   = $ 1,294,967

Debtor Name  Free Speech Systems LLC                          Case number  22-60043

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑ 38.  Bank statements for each open account (redact all but the last 4 digits of account numbers).

☑ 39.  Bank reconciliation reports for each account.

☐ 40.  Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐ 41.  Budget, projection, or forecast reports.

☐ 42.  Project, job costing, or work-in-progress reports.

# FREE SPEECH SYSTEMS

| November 1 to November 30 | AXOS Deposits #78877 | AXOS Operating #78919 | AXOS Donations #78885 | AXOS Payroll #78927 | AXOS Infowars #78893 | AXOS Legal #78901 | SEC BANK Operations #8514 | SEC BANK Donations #8746 | SEC BANK Payroll #8522 | SEC BANK InfoWars #8621 | SEC BANK Deposits #8563 | TOTAL All Accounts |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Opening Balance | 840,915.62 | 802,613.29 | 351,229.87 | 16,616.78 | 6,125.44 | - | - | - | - | - | 11.77 | 2,017,512.77 |
| Cash Receipts | 2,464,271.55 | 9,782.48 | 4,741.64 | 3,724.00 | - | - | - | - | - | - | - | 2,482,519.67 |
| Cash Disbursements | | (2,447,732.82) | - | (243,504.17) | - | - | - | - | - | - | - | (2,691,236.99) |
| Net Cash Flow | 2,464,271.55 | (2,437,950.34) | 4,741.64 | (239,780.17) | - | - | - | - | - | - | - | (208,717.32) |
| Transfers In | - | 2,000,000.00 | - | 325,000.00 | - | 300,000.00 | - | - | - | - | - | 2,625,000.00 |
| Transfers Out | (2,200,000.00) | (125,000.00) | - | - | - | (300,000.00) | - | - | - | - | - | (2,625,000.00) |
| Cash on Hand | 1,105,187.17 | 239,662.95 | 355,971.51 | 101,836.61 | 6,125.44 | - | - | - | - | - | 11.77 | 1,808,795.45 |

 **FREE SPEECH SYSTEMS**

**FORM 425C Exhibit E**
**Total Payables**

*For various reasons, Free Speech Systems LLC has not kept its books on the accrual basis of accounting and as a result there is not a traditional accounts payable list available at this time. Free Speech Systems has kept books on the cash basis and virtually all bills are paid via ACH. We are including the invoices / bills paid / checks cleared from the 1st to the 15th of the following month as a reasonable estimate of our payables at the date of the report.*

*As of November 30, 2022*

| From | Amount | Due Date | From | Amount | Due Date |
|---|---|---|---|---|---|
| Surf Thru | 20.00 | 12/1/2022 | RMA Toll Road | 475.75 | 12/8/2022 |
| The Hartford | 2,363.10 | 12/1/2022 | Check #99266774 | 425.66 | 12/8/2022 |
| Blue Ascension | 46,960.01 | 12/1/2022 | Spectrum | 180.14 | 12/9/2022 |
| Blue Ascension | 49,999.99 | 12/1/2022 | Waste Connections | 2,099.92 | 12/9/2022 |
| Lathem Time Corp | 138.64 | 12/2/2022 | Austin Security | 4,237.99 | 12/9/2022 |
| ACH Ops Expense | 1,600.00 | 12/2/2022 | Blue Ascension | 4,900.00 | 12/9/2022 |
| ACH Ops Expense | 2,700.00 | 12/2/2022 | Contract Production | 8,950.00 | 12/9/2022 |
| ACH Ops Expense | 2,837.50 | 12/2/2022 | Alex Jones CC Reimb | 22,325.27 | 12/9/2022 |
| ACH Ops Expense | 3,000.00 | 12/2/2022 | Employee Exp Reimb | 15.66 | 12/9/2022 |
| Austin Security | 4,692.64 | 12/2/2022 | Blue Ascension | 50,000.00 | 12/9/2022 |
| Austin Security | 4,919.96 | 12/2/2022 | B&H Video | 238.91 | 12/9/2022 |
| Authnet Gateway | 6,096.00 | 12/2/2022 | Edgecast Inc | 5,863.00 | 12/9/2022 |
| ACH Ops Expense | 8,194.05 | 12/2/2022 | Gracenote Media | 123.58 | 12/9/2022 |
| Air Supply of N TX | 238.91 | 12/2/2022 | Haivision | 49,865.00 | 12/9/2022 |
| ATX HD | 20,671.00 | 12/2/2022 | JIB Equipment | 818.82 | 12/9/2022 |
| Atomial LLC | 25,200.00 | 12/2/2022 | Stone Edge | 970.00 | 12/9/2022 |
| E Commerce CDN | 27,270.00 | 12/2/2022 | PQPR | 5,000.00 | 12/9/2022 |
| ACH Ops Expense | 50,798.26 | 12/2/2022 | PQPR | 50,000.00 | 12/9/2022 |
| Nutrascience | 121,752.51 | 12/2/2022 | PQPR | 187,012.07 | 12/9/2022 |
| Stone Edge | 970.00 | 12/2/2022 | Nutrascience | 121,752.51 | 12/9/2022 |
| PQPR | 50,000.00 | 12/2/2022 | Check # 99093634 | 216.44 | 12/9/2022 |
| PQPR | 5,000.00 | 12/2/2022 | Hertz Toll Rd | 24.45 | 12/12/2022 |
| PQPR | 116,486.01 | 12/2/2022 | Quickbooks Online | 213.20 | 12/12/2022 |
| PQPR | 127,518.40 | 12/2/2022 | Verizon | 535.06 | 12/12/2022 |
| ACH Ops Expense | 10.00 | 12/2/2022 | Telecomm Grande | 1,300.00 | 12/12/2022 |
| Amazon | 103.96 | 12/2/2022 | ACH Ops Expense | 3,394.69 | 12/12/2022 |
| Hertz Austin | 873.50 | 12/5/2022 | Check 1007 | 225.00 | 12/12/2022 |
| ADT Security | 10.28 | 12/5/2022 | Check 1006 | 475.00 | 12/12/2022 |
| ADT Security | 20.45 | 12/5/2022 | Check 1004 | 706.25 | 12/12/2022 |
| ADT Security | 64.22 | 12/5/2022 | Check 1002 | 718.75 | 12/12/2022 |
| ADT Security | 69.18 | 12/5/2022 | Check 1005 | 1,512.50 | 12/12/2022 |
| ADT Security | 72.02 | 12/5/2022 | WEBFILE Tax Pmt | 3,817.56 | 12/13/2022 |
| ADT Security | 81.19 | 12/5/2022 | WEBFILE Tax Pmt | 4,915.54 | 12/13/2022 |
| ADT Security | 81.19 | 12/5/2022 | WEBFILE Tax Pmt | 10,857.23 | 12/13/2022 |
| ADT Security | 102.06 | 12/5/2022 | WEBFILE Tax Pmt | 12,081.77 | 12/13/2022 |
| ADT Security | 126.76 | 12/5/2022 | Name.com | 151.90 | 12/13/2022 |
| DirectTV | 208.43 | 12/5/2022 | Check #99512212 | 18,269.20 | 12/13/2022 |
| Google Ad Services | 280.00 | 12/5/2022 | Check # 99136700 | 67,521.44 | 12/13/2022 |
| ADT Security | 532.93 | 12/5/2022 | WEBFILE Tax Pmt | 2,875.94 | 12/14/2022 |
| Quickbooks Online | 642.27 | 12/5/2022 | WEBFILE Tax Pmt | 6,392.62 | 12/14/2022 |
| ADT Security | 830.10 | 12/5/2022 | WEBFILE Tax Pmt | 7,225.91 | 12/14/2022 |
| ADT Security | 1,411.18 | 12/5/2022 | WEBFILE Tax Pmt | 12,042.22 | 12/14/2022 |
| Complete Controller | 1,835.00 | 12/5/2022 | Amazon - Supplies | 267.78 | 12/14/2022 |
| Check # 99393588 | 56.00 | 12/5/2022 | Amazon - Supplies | 170.70 | 12/15/2022 |
| Check #99415135 | 570.00 | 12/5/2022 | Amazon - Supplies | 241.52 | 12/15/2022 |
| Check # 99234248 | 92.95 | 12/8/2022 | Orkin Pest Control | 261.97 | 12/15/2022 |
| | | | Amazon - Supplies | 405.50 | 12/15/2022 |
| | | | **1,359,575.07** | | |



**FORM 425C Exhibit F**
**Total Receivables**

*Free Speech Systems LLC does not have traditional receivables from our customers.  Virtually all our transactions happen via our on-line store and aggregated by our third party credit card processor.  There is a lag between the transaction on the on-line store and the funding from our processor.  Therefore, we don't have traditional customer receivables but have included our daily processor deposits from the 1st to the 5th of the following month as receivables*

*As of November 30, 2022*

| From | Amount | Due Date |
|------|--------|----------|
| Processor C | 160,455.75 | 12/1/2022 |
| Processor S | 109,485.05 | 12/5/2022 |
| | **269,940.80** | |



Date 11/30/22      Page    1
Primary Account         78919

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Operations
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:      FREE SPEECH SYSTEMS, LLC
                Case 22-60043, Operations

| | | |
|---|---|---|
| Commercial Checking | Number of Enclosures | 15 |
| Account Number | Statement Dates 11/01/22 thru 11/30/22 | |
| Previous Balance 802,613.29 | Days in the statement period | 30 |
| 47 Deposits/Credits 2,097,600.82 | Avg Daily Ledger | 293,655.21 |
| 122 Checks/Debits 2,660,550.86 | Avg Daily Collected | 293,453.26 |
| Maintenance Fee .30 | | |
| Interest Paid .00 | | |
| Ending Balance 239,662.95 | | |

**SERVICE CHARGE ITEMIZATION**

| Description | Amount |
|---|---|
| Item Fee in Service Charge | .30 |

**DEPOSITS AND OTHER CREDITS**

| Date | Description | Amount |
|---|---|---|
| 11/03 | ACH Credit Back Item | 3,724.00 |
| 11/03 | From DDA *8877,To DDA *8919 | 100,000.00 |
| 11/10 | From DDA *8877,To DDA *8919 | 200,000.00 |
| 11/10 | From DDA *8877,To DDA *8919 | 400,000.00 |
| 11/16 | From DDA *8901,To DDA *8919 | 300,000.00 |
| 11/17 | From DDA *8877,To DDA *8919 | 1,000,000.00 |
| 11/17 | REVERSAL    FREESPEECHOP | 44,094.34 |
| | CCD 122287250000663 | |



Date 11/30/22               Page    2
Primary Account          ▬▬▬▬▬78919

Commercial Checking          ▬▬▬▬▬▬   (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
|  | FREESPEECHOP |  |
| 11/22 | ACH Credit Back Item | 3,724.00 |
| 11/22 | ACH Credit Back Item | 20,000.00 |
| 11/22 | REVERSAL     FREESPEECHOP | 20,000.00 |
|  | PPD 122287250000622 |  |
|  | FREESPEECHOP |  |
| 11/28 | MyDeposit | 13.00 |
| 11/28 | MyDeposit | 29.41 |
| 11/28 | MyDeposit | 30.00 |
| 11/28 | MyDeposit | 35.91 |
| 11/28 | MyDeposit | 60.73 |
| 11/28 | MyDeposit | 68.98 |
| 11/28 | MyDeposit | 72.85 |
| 11/28 | MyDeposit | 85.00 |
| 11/28 | MyDeposit | 85.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 101.55 |
| 11/28 | MyDeposit | 106.90 |
| 11/28 | MyDeposit | 121.84 |
| 11/28 | MyDeposit | 130.00 |
| 11/28 | MyDeposit | 134.80 |
| 11/28 | MyDeposit | 144.00 |
| 11/28 | MyDeposit | 149.80 |
| 11/28 | MyDeposit | 149.89 |
| 11/28 | MyDeposit | 151.35 |
| 11/28 | MyDeposit | 160.00 |
| 11/28 | MyDeposit | 167.70 |
| 11/28 | MyDeposit | 181.00 |
| 11/28 | MyDeposit | 190.00 |
| 11/28 | MyDeposit | 196.80 |
| 11/28 | MyDeposit | 200.00 |
| 11/28 | MyDeposit | 206.75 |
| 11/28 | MyDeposit | 222.13 |
| 11/28 | MyDeposit | 229.54 |
| 11/28 | MyDeposit | 256.45 |
| 11/28 | MyDeposit | 288.55 |
| 11/28 | MyDeposit | 288.55 |
| 11/28 | MyDeposit | 400.00 |



Date 11/30/22          Page     3
Primary Account        ⬛⬛⬛⬛⬛78919

Commercial Checking          ⬛⬛⬛⬛⬛     (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 11/28 | MyDeposit | 500.00 |
| 11/28 | MyDeposit | 500.00 |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 10/31 | SALE       BLUE ASENSION LO<br>CCD 021000027264708<br>FREE SPEECH SYSTEMS | 49,999.99- |
| 11/01 | Monthly    FREESPEECHOP<br>CCD 122287250000716<br>FREESPEECHOP | 13.12- |
| 11/01 | PURCHASE    COMPLETECONTROLR<br>PPD 091000017110340<br>FREE SPEECH SYSTEMS | 150.00- |
| 11/01 | Monthly    FREESPEECHOP<br>CCD 122287250000120<br>FREESPEECHOP | 363.54- |
| 11/01 | Monthly    FREESPEECHOP<br>CCD 122287250000103<br>FREESPEECHOP | 373.46- |
| 11/01 | Monthly    FREESPEECHOP<br>CCD 122287250000773<br>FREESPEECHOP | 738.80- |
| 11/01 | ORKIN PEST ORKIN<br>WEB 021000023805874<br>FREE SPEECH SYSTEMS *O<br>5406790 | 785.91- |
| 11/01 | Monthly    FREESPEECHOP<br>CCD 122287250000398<br>FREESPEECHOP | 970.00- |
| 11/01 | Monthly    FREESPEECHOP<br>CCD 122287250000112<br>FREESPEECHOP | 3,724.00- |
| 11/01 | Monthly    FREESPEECHOP<br>PPD 122287250000598<br>FREESPEECHOP | 5,504.47- |
| 11/01 | SALE       AUSTIN SECURITY<br>CCD 021000024955195 | 5,791.38- |



Date 11/30/22          Page      4
Primary Account        ██████78919

Commercial Checking          ███████    (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 11/01 | FREE SPEECH SYSTEMS<br>WEBPAYMENT ADDSHOPPERSINC<br>WEB 091000017151129 | 5,978.00- |
| 11/01 | ALEX JONES<br>PAYMENT     City of Austin T<br>WEB 021000028106186 | 6,413.00- |
| 11/01 | FREE SPEECH SYSTEMS LL<br>4722133167<br>NWTBCLSCIC THE HARTFORD<br>CCD 051000014695706 | 7,093.30- |
| 11/01 | FREE SPEECH SYSTEMS<br>Monthly     FREESPEECHOP<br>CCD 122287250000114 | 9,367.26- |
| 11/01 | FREESPEECHOP<br>monthly     FREESPEECHOP<br>PPD 122287250000074 | 16,378.64- |
| 11/01 | FREESPEECHOP<br>Monthly     FREESPEECHOP<br>CCD 122287250000749 | 27,000.00- |
| 11/01 | FREESPEECHOP<br>SALE       ECOMMERCE CDN LL<br>CCD 021000025341453 | 27,270.00- |
| 11/01 | FREE SPEECH SYSTEMS<br>Fees       FREESPEECHOP<br>PPD 122287250000186 | 82,501.19- |
| 11/02 | FREESPEECHOP<br>monthly     FREESPEECHOP<br>CCD 122287250000424 | 33.88- |
| 11/02 | FREESPEECHOP<br>MSInvoice  DS WATERS OF AME<br>WEB 042000016128720 | 278.41- |
| 11/02 | Wendell M Schwartz<br>937914222078336<br>BILL PYMNT ACHIVR VISB<br>TEL 021000029876511 | 438.24- |
| 11/02 | WEB_PAY    WASTE CONNECTION<br>WEB 021000021042294 | 4,199.84- |
| 11/02 | WENDELL M SCHWARTZ<br>67125862103122<br>BILLING    AUTHNET GATEWAY<br>CCD 104000016774334 | 8,285.20- |

006666



Date 11/30/22                Page      5
Primary Account          ████████78919

Commercial Checking          ██████  (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|---|---|---|
| | FREE SPEECH SYSTEMS, L | |
| 11/02 | monthly    FREESPEECHOP | 50,000.00- |
| | PPD 122287250000417 | |
| | FREESPEECHOP | |
| 11/02 | Monthly    FREESPEECHOP | 52,907.19- |
| | CCD 122287250000394 | |
| | FREESPEECHOP | |
| 11/03 | PAYMENTS    LATHEM TIME CORP | 138.64- |
| | CCD 062000019360318 | |
| | FREE SPEECH SYSTEMS LL | |
| 11/03 | PURCHASE    COMPLETECONTROLR | 1,835.00- |
| | PPD 091000016953596 | |
| | FREE SPEECH SYSTEMS | |
| 11/03 | From DDA *8919,To DDA *8927 | 125,000.00- |
| 11/03 | Domestic Wire Transfer-DL | 80,000.00- |
| | Norman A Pattix | |
| | 011103093 | |
| | 4392610957 | |
| | 383 Orange Street, First Floor | |
| | New Haven, CT 06511 UNITED STA | |
| | TD Bank | |
| | 20221103MMQFMP9N000087 | |
| | 20221103MMQFMPYQ004257 | |
| | 11031201FT03 | |
| 11/04 | QBooks Onl 18004INTUIT | 684.91- |
| | CCD 021000029314672 | |
| | FREE SPEECH SYSTEMS | |
| 11/04 | Payment    ATT | 2,567.49- |
| | WEB 031100201585791 | |
| | Free speech systems | |
| | 103476003GLB2B | |
| 11/04 | monthly    FREESPEECHOP | 3,000.00- |
| | PPD 122287250000118 | |
| | FREESPEECHOP | |
| 11/04 | monthly    FREESPEECHOP | 3,200.00- |
| | PPD 122287250000116 | |
| | FREESPEECHOP | |
| 11/04 | monthly    FREESPEECHOP | 7,500.00- |
| | CCD 122287250000122 | |
| | FREESPEECHOP | |



Date 11/30/22          Page      6
Primary Account    ●●●●●●●●78919

Commercial Checking        ●●●●●●●●●●   (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 11/04 | monthly    FREESPEECHOP<br>CCD 122287250000120<br>FREESPEECHOP | 15,998.00- |
| 11/04 | Monthly    FREESPEECHOP<br>CCD 122287250000109<br>FREESPEECHOP | 49,988.58- |
| 11/04 | monthly    FREESPEECHOP<br>PPD 122287250000104<br>FREESPEECHOP | 50,000.00- |
| 11/04 | weekly     FREESPEECHOP<br>CCD 122287250000127<br>FREESPEECHOP | 55,000.00- |
| 11/04 | weekly     FREESPEECHOP<br>CCD 122287250000106<br>FREESPEECHOP | 109,300.00- |
| 11/07 | WEB_PAY    WASTE CONNECTION<br>WEB 021000023962426<br>WENDELL M SCHWARTZ<br>67596190110322 | 2,099.92- |
| 11/08 | BUS INSUR  TRAVELERS<br>CCD 021000023673538<br>FREE SPEECH SYSTEMS, L | 2,275.06- |
| 11/09 | SPECTRUM    SPECTRUM<br>PPD 021000023812368<br>FREE SPEECH SYSTEMS LL | 180.14- |
| 11/09 | monthly    FREESPEECHOP<br>PPD 122287250000244<br>FREESPEECHOP | 3,500.00- |
| 11/09 | monthly    FREESPEECHOP<br>CCD 122287250000242<br>FREESPEECHOP | 5,863.00- |
| 11/09 | monthly    FREESPEECHOP<br>PPD 122287250000240<br>FREESPEECHOP | 7,000.00- |
| 11/09 | SALE       BLUE ASENSION LO<br>CCD 021000024929450<br>FREE SPEECH SYSTEMS | 11,960.01- |
| 11/09 | SALE       BLUE ASENSION LO<br>CCD 021000024929448<br>FREE SPEECH SYSTEMS | 49,999.99- |



Date 11/30/22          Page      7
Primary Account        ███████78919

Commercial Checking          ████████ (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|---|---|---|
| 11/10 | PAYMENT     ADT<br>PPD 101000695745383<br>FREE SPEECH SYSTEMS | 9.44- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745392<br>FREE SPEECH SYSTEMS | 10.28- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745389<br>FREE SPEECH SYSTEMS | 20.45- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745398<br>FREE SPEECH SYSTEMS | 20.45- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745382<br>FREE SPEECH SYSTEMS | 58.94- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745391<br>FREE SPEECH SYSTEMS | 64.22- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745381<br>FREE SPEECH SYSTEMS | 66.08- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745387<br>FREE SPEECH SYSTEMS | 69.18- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745396<br>FREE SPEECH SYSTEMS | 69.18- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745390<br>FREE SPEECH SYSTEMS | 72.02- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745386<br>FREE SPEECH SYSTEMS | 102.06- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745395<br>FREE SPEECH SYSTEMS | 102.06- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745384<br>FREE SPEECH SYSTEMS | 126.76- |
| 11/10 | PAYMENT     ADT<br>PPD 101000695745393 | 126.76- |



Date 11/30/22        Page    8
Primary Account      ██████8919

Commercial Checking        ██████ (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|-------:|
| | FREE SPEECH SYSTEMS | |
| 11/10 | PAYMENT    ADT<br>PPD 101000695745388 | 830.10- |
| | FREE SPEECH SYSTEMS | |
| 11/10 | PAYMENT    ADT<br>PPD 101000695745397 | 830.10- |
| | FREE SPEECH SYSTEMS | |
| 11/10 | PAYMENT    ADT<br>PPD 101000695745385 | 1,411.18- |
| | FREE SPEECH SYSTEMS | |
| 11/10 | PAYMENT    ADT<br>PPD 101000695745394 | 1,411.18- |
| | FREE SPEECH SYSTEMS | |
| 11/10 | monthly    FREESPEECHOP<br>CCD 122287250000531 | 44,094.34- |
| | FREESPEECHOP | |
| 11/14 | PURCHASE    COMPLETECONTROLR<br>PPD 091000013860061 | 93.75- |
| | FREE SPEECH SYSTEMS | |
| 11/14 | QBooks Onl 18004INTUIT<br>CCD 021000023391252 | 213.20- |
| | FREE SPEECH SYSTEMS LL | |
| 11/14 | SERVICES    GOOGLE<br>CCD 091000013199402 | 280.00- |
| | Free Speech Systems, L | |
| 11/14 | SALE    AUSTIN SECURITY<br>CCD 021000028468290 | 1,353.13- |
| | FREE SPEECH SYSTEMS | |
| 11/14 | INSUR CLM  PLIC-SBD<br>CCD 091000013124406 | 5,344.17- |
| | Axos Operations | |
| 11/14 | SALE    AUSTIN SECURITY<br>CCD 021000028468292 | 5,829.26- |
| | FREE SPEECH SYSTEMS | |
| 11/14 | Monthly    FREESPEECHOP<br>PPD 122287250000066 | 24,700.00- |
| | FREESPEECHOP | |
| 11/15 | Expenses    FREESPEECHOP<br>PPD 122287250000045 | 2,192.33- |
| | FREESPEECHOP | |



Date 11/30/22          Page      9
Primary Account      ██████78919

Commercial Checking        ██████████  (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 11/15 | WEBPAYMENT ADDSHOPPERSINC<br>WEB 091000012223915<br>FREE SPEECH SYSTEMS | 2,989.00- |
| 11/15 | Monthly    FREESPEECHOP<br>PPD 122287250000035<br>FREESPEECHOP | 50,000.00- |
| 11/15 | Weekly    FREESPEECHOP<br>CCD 122287250000040<br>FREESPEECHOP | 55,000.00- |
| 11/15 | Weekly    FREESPEECHOP<br>CCD 122287250000037<br>FREESPEECHOP | 254,050.00- |
| 11/16 | SALE     BLUE ASENSION LO<br>CCD 021000021328725<br>FREE SPEECH SYSTEMS | 25,040.01- |
| 11/16 | SALE     BLUE ASENSION LO<br>CCD 021000021328723<br>FREE SPEECH SYSTEMS | 49,999.99- |
| 11/16 | Monthly    FREESPEECHOP<br>CCD 122287250000549<br>FREESPEECHOP | 52,631.26- |
| 11/18 | DBT CRD 1011 11/17/22 82785204<br>EAGLE TOWING AND RECOV<br>AUSTIN      TX C#0837 | 183.00- |
| 11/18 | PURCHASE   COMPLETECONTROLR<br>PPD 091000018897820<br>FREE SPEECH SYSTEMS | 206.25- |
| 11/18 | SALE     AUSTIN SECURITY<br>CCD 021000023565532<br>FREE SPEECH SYSTEMS | 3,657.25- |
| 11/18 | SALE     AUSTIN SECURITY<br>CCD 021000023565534<br>FREE SPEECH SYSTEMS | 5,185.18- |
| 11/18 | monthly    FREESPEECHOP<br>PPD 122287250000714<br>FREESPEECHOP | 20,000.00- |
| 11/18 | SALE     BLUE ASENSION LO<br>CCD 021000023568231<br>FREE SPEECH SYSTEMS | 31,140.00- |
| 11/18 | monthly    FREESPEECHOP<br>PPD 122287250000700 | 41,617.74- |



Date 11/30/22
Primary Account                    78919

Page    10

Commercial Checking                    (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 11/18 | FREESPEECHOP<br>Monthly    FREESPEECHOP<br>CCD 122287250000693 | 90,053.00- |
| 11/18 | FREESPEECHOP<br>monthly    FREESPEECHOP<br>CCD 122287250000706 | 212,677.98- |
| 11/18 | FREESPEECHOP<br>monthly    FREESPEECHOP<br>CCD 122287250000712 | 508,265.00- |
| 11/21 | FREESPEECHOP<br>DBT CRD 1557 11/18/22 90301375<br>COVERT CHEVROLET OF HU<br>HUTTO        TX C#0837 | 352.32- |
| 11/21 | PAYMENT    City of Austin T<br>WEB 021000023631651<br>FREE SPEECH SYSTEMS LL<br>5424584569 | 16,736.02- |
| 11/23 | PRINT CHRG SUPERIOR PRESS<br>PPD 091000012903496<br>FREE SPEECH SYSTEMS, | 199.27- |
| 11/23 | RECRD MGMT IRON MOUNTAIN<br>CCD 021000025816842<br>WENDELL °M SCHWARTZ | 340.06- |
| 11/23 | PRINT CHRG SUPERIOR PRESS<br>PPD 091000012903497<br>FREE SPEECH SYSTEMS, | 396.84- |
| 11/23 | SALE      BLUE ASENSION LO<br>CCD 021000022371006<br>FREE SPEECH SYSTEMS | 1,800.01- |
| 11/23 | Payment    ATT<br>PPD 031100205645117<br>Free speech systems | 2,751.56- |
| 11/23 | monthly    FREESPEECHOP<br>PPD 122287250000624<br>FREESPEECHOP | 20,000.00- |
| 11/23 | SALE      BLUE ASENSION LO<br>CCD 021000022371004<br>FREE SPEECH SYSTEMS | 49,999.99- |
| 11/25 | ACH Chargeback | 20,000.00- |
| 11/28 | PHONECHECK HASTINGSHUMANS<br>TEL 091000014960165 | 169.95- |



Date 11/30/22          Page    11
Primary Account        ⬛⬛⬛78919

Commercial Checking          ⬛⬛⬛⬛⬛   (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 11/28 | PHONECHECK HASTINGSHUMANS<br>TEL 091000014960158 | 9,154.02- |
| 11/30 | Debit Card Rush Order | 50.00- |
| 11/30 | ORKIN PEST ORKIN<br>WEB 021000028492713<br>FREE SPEECH SYSTEMS *O<br>2366061 | 261.97- |
| 11/30 | MSInvoice  DS WATERS OF AME<br>PPD 042000011184648<br>Wendell M Schwartz | 643.85- |
| 11/30 | Service Charge | .30-SC |

## CHECKS IN SERIAL NUMBER ORDER

| Date | Check No | Amount | Date | Check No | Amount |
|------|----------|--------|------|----------|--------|
| 11/07 | 99000758 | 100.79 | 11/25 | 99556681* | 65.66 |
| 11/09 | 99004724* | 44.78 | 11/28 | 99745491* | 40.04 |
| 11/09 | 99019411* | 42.04 | 11/28 | 99885866* | 56.33 |
| 11/14 | 99212994* | 218.89 | 11/29 | 99888651* | 98.02 |
| 11/14 | 99240371* | 239.82 | 11/25 | 99895633* | 17.29 |
| 11/10 | 99240504* | 17.19 | 11/25 | 99895803* | 497.26 |
| 11/15 | 99527498* | 58.98 | 11/14 | 99995014* | 71,597.80 |
| 11/14 | 99549738* | 18,754.27 | | | |

\* Indicates Skip In Check Number Sequence

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 11/01 | 552,197.23 | 11/10 | 502,988.15 | 11/22 | 340,146.89 |
| 11/02 | 436,054.47 | 11/14 | 374,363.86 | 11/23 | 264,659.16 |
| 11/03 | 332,804.83 | 11/15 | 10,073.55 | 11/25 | 244,078.95 |
| 11/04 | 35,565.85 | 11/16 | 182,402.29 | 11/28 | 240,717.09 |
| 11/07 | 33,365.14 | 11/17 | 1,226,496.63 | 11/29 | 240,619.07 |
| 11/08 | 31,090.08 | 11/18 | 313,511.23 | 11/30 | 239,662.95 |
| 11/09 | 47,499.88- | 11/21 | 296,422.89 | | |

\*\*\* END OF STATEMENT \*\*\*



Date 11/30/22          Page       1
Primary Account      78877

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Deposit
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Case 22-60043, Deposit

| | | |
|---|---|---|
| Commercial Checking | | Number of Enclosures                    0 |
| Account Number | | Statement Dates  11/01/22 thru 11/30/22 |
| Previous Balance | 840,915.62 | Days in the statement period        30 |
| 18 Deposits/Credits | 2,464,271.55 | Avg Daily Ledger          972,891.50 |
| 6 Checks/Debits | 2,200,000.00 | Avg Daily Collected       972,891.50 |
| Maintenance Fee | .00 | |
| Interest Paid | .00 | |
| Ending Balance | 1,105,187.17 | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 11/01 | Wire Transfer Credit | 296,501.49 |
| | 91362-4344 US CA | |
| | 20221101B6B7HU3R010191 | |
| | 20221101MMQFMP9N000181 | |
| | 11011230FT03 | |
| 11/02 | Wire Transfer Credit | 52,787.32 |
| | VENDOR PAYMENT | |
| | 20221102B6B7HU2R009482 | |

006674



Date 11/30/22          Page       2
Primary Account        ▓▓▓▓78877

Commercial Checking          ▓▓▓▓▓▓▓   (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| | 20221102MMQFMP9N000187 11021306FT03 | |
| 11/03 | Wire Transfer Credit ▓▓▓▓▓▓▓ ▓ 91362-4344 US CA 20221103B6B7HU4R009678 | 103,967.42 |
| | 20221103MMQFMP9N000115 11031206FT03 | |
| 11/04 | Wire Transfer Credit ▓▓▓▓▓▓▓ 91362-4344 US CA 20221104B6B7HU2R009553 | 132,173.49 |
| | 20221104MMQFMP9N000129 11041229FT03 | |
| 11/07 | Wire Transfer Credit ▓▓▓▓▓▓ 91362-4344 US CA 20221107B6B7HU4R015307 | 166,259.43 |
| | 20221107MMQFMP9N000310 11071654FT03 | |
| 11/08 | Wire Transfer Credit ▓▓▓▓▓▓ 91362-4344 US CA 20221108B6B7HU4R014032 | 227,856.35 |
| | 20221108MMQFMP9N000318 11081713FT03 | |
| 11/09 | Wire Transfer Credit ▓▓▓▓▓▓ 91362-4344 US CA 20221109B6B7HU2R013415 | 47,698.90 |



```
                              Date 11/30/22          Page      3
                              Primary Account      ████78877
```

Commercial Checking            ████████    (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| | 20221109MMQFMP9N000250 | |
| | 11091526FT03 | |
| 11/10 | Wire Transfer Credit | 76,586.64 |
| | ████████ | |
| | 91362-4344 US CA | |
| | 20221110B6B7HU1R015504 | |
| | 20221110MMQFMP9N000311 | |
| | 11101607FT03 | |
| 11/14 | Wire Transfer Credit | 111,790.76 |
| | ████████ | |
| | 91362-4344 US CA | |
| | 20221114B6B7HU4R022606 | |
| | 20221114MMQFMP9N000377 | |
| | 11141609FT03 | |
| 11/16 | Wire Transfer Credit | 262,779.77 |
| | ████████ | |
| | 91362-4344 US CA | |
| | 20221116B6B7HU1R015967 | |
| | 20221116MMQFMP9N000332 | |
| | 11161703FT03 | |
| 11/17 | Wire Transfer Credit | 79,661.66 |
| | ████████ | |
| | 91362-4344 US CA | |
| | 20221117B6B7HU4R016369 | |
| | 20221117MMQFMP9N000294 | |
| | 11171704FT03 | |
| 11/18 | Wire Transfer Credit | 31,632.62 |
| | ████████ | |
| | 91362-4344 US CA | |
| | 20221118B6B7HU1R017780 | |



Date 11/30/22  
Primary Account ⬛⬛⬛78877  
Page    4

Commercial Checking   ⬛⬛⬛⬛   (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
|  | 20221118MMQFMP9N000408<br>11181734FT03 |  |
| 11/21 | Wire Transfer Credit | 124,767.83 |
|  | ⬛⬛⬛⬛⬛ |  |
|  | 91362-4344 US CA<br>20221121B6B7HU1R014661<br>20221121MMQFMP9N000279<br>11211556FT03 |  |
| 11/22 | Wire Transfer Credit | 135,566.52 |
|  | ⬛⬛⬛⬛⬛ |  |
|  | 91362-4344 US CA<br>20221122B6B7HU2R013297<br>20221122MMQFMP9N000265<br>11221500FT03 |  |
| 11/25 | Wire Transfer Credit | 199,992.32 |
|  | ⬛⬛⬛⬛⬛ |  |
|  | 91362-4344 US CA<br>20221125B6B7HU2R012118<br>20221125MMQFMP9N000120<br>11251155FT03 |  |
| 11/28 | Wire Transfer Credit | 114,920.67 |
|  | ⬛⬛⬛⬛⬛ |  |
|  | 91362-4344 US CA<br>20221128B6B7HU3R014166<br>20221128MMQFMP9N000312<br>11281545FT03 |  |
| 11/29 | Wire Transfer Credit | 184,562.00 |
|  | ⬛⬛⬛⬛⬛ |  |
|  | 91362-4344 US CA<br>20221129B6B7HU1R010944 |  |



Date 11/30/22          Page      5
Primary Account      8▆▆▆78877

Commercial Checking                (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| | 20221129MMQFMP9N000179 | |
| | 11291308FT03 | |
| 11/30 | Wire Transfer Credit | 114,766.36 |
| | ▆▆▆▆▆ | |
| | 91362-4344 US CA | |
| | 20221130B6B7HU3R021403 | |
| | 20221130MMQFMP9N000212 | |
| | 11301300FT03 | |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 11/03 | From DDA *8877,To DDA *8919 | 100,000.00- |
| 11/10 | From DDA *8877,To DDA *8919 | 200,000.00- |
| 11/10 | From DDA *8877,To DDA *8919 | 400,000.00- |
| 11/16 | From DDA *8877,To DDA *8901 | 300,000.00- |
| 11/17 | From DDA *8877,To DDA *8927 | 200,000.00- |
| 11/17 | From DDA *8877,To DDA *8919 | 1,000,000.00- |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 11/01 | 1,137,417.11 | 11/09 | 1,768,160.02 | 11/21 | 355,379.30 |
| 11/02 | 1,190,204.43 | 11/10 | 1,244,746.66 | 11/22 | 490,945.82 |
| 11/03 | 1,194,171.85 | 11/14 | 1,356,537.42 | 11/25 | 690,938.14 |
| 11/04 | 1,326,345.34 | 11/16 | 1,319,317.19 | 11/28 | 805,858.81 |
| 11/07 | 1,492,604.77 | 11/17 | 198,978.85 | 11/29 | 990,420.81 |
| 11/08 | 1,720,461.12 | 11/18 | 230,611.47 | 11/30 | 1,105,187.17 |

*** END OF STATEMENT ***



Date 11/30/22          Page      1
Primary Account            78885

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Donations
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Case 22-60043, Donations

| | | | |
|---|---|---|---|
| Commercial Checking | | Number of Enclosures | 0 |
| Account Number | | Statement Dates  11/01/22 thru 11/30/22 | |
| Previous Balance | 351,229.87 | Days in the statement period | 30 |
| 39 Deposits/Credits | 4,741.64 | Avg Daily Ledger | 351,704.03 |
| Checks/Debits | .00 | Avg Daily Collected | 351,545.97 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 355,971.51 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 11/28 | MyDeposit | 8.00 |
| 11/28 | MyDeposit | 10.00 |
| 11/28 | MyDeposit | 10.00 |
| 11/28 | MyDeposit | 10.00 |
| 11/28 | MyDeposit | 10.00 |
| 11/28 | MyDeposit | 10.04 |
| 11/28 | MyDeposit | 20.00 |
| 11/28 | MyDeposit | 25.00 |
| 11/28 | MyDeposit | 25.00 |
| 11/28 | MyDeposit | 25.00 |
| 11/28 | MyDeposit | 25.00 |
| 11/28 | MyDeposit | 50.00 |
| 11/28 | MyDeposit | 50.00 |
| 11/28 | MyDeposit | 50.00 |
| 11/28 | MyDeposit | 50.00 |



Date 11/30/22        Page     2
Primary Account      ████████78885

Commercial Checking        ████████    (Continued)

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|------|-------------|--------|
| 11/28 | MyDeposit | 50.00 |
| 11/28 | MyDeposit | 50.00 |
| 11/28 | MyDeposit | 56.00 |
| 11/28 | MyDeposit | 60.00 |
| 11/28 | MyDeposit | 65.00 |
| 11/28 | MyDeposit | 65.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 100.00 |
| 11/28 | MyDeposit | 140.00 |
| 11/28 | MyDeposit | 150.00 |
| 11/28 | MyDeposit | 177.60 |
| 11/28 | MyDeposit | 250.00 |
| 11/28 | MyDeposit | 300.00 |
| 11/28 | MyDeposit | 300.00 |
| 11/28 | MyDeposit | 400.00 |
| 11/28 | MyDeposit | 400.00 |
| 11/28 | MyDeposit | 1,000.00 |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance |
|------|---------|------|---------|
| 11/01 | 351,229.87 | 11/28 | 355,971.51 |

*** END OF STATEMENT ***



Date 11/30/22          Page     1
Primary Account        ██████78901

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Legal
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:          FREE SPEECH SYSTEMS, LLC
                        Case 22-60043, Legal

| | | |
|---|---|---|
| Commercial Checking | Number of Enclosures | 0 |
| Account Number          ██████ | Statement Dates   11/01/22 thru 11/30/22 | |
| Previous Balance                 .00 | Days in the statement period | 30 |
| 1 Deposits/Credits       300,000.00 | Avg Daily Ledger | .00 |
| 1 Checks/Debits          300,000.00 | Avg Daily Collected | .00 |
| Maintenance Fee                  .00 | | |
| Interest Paid                    .00 | | |
| Ending Balance                   .00 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 11/16 | From DDA *8877,To DDA *8901 | 300,000.00 |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|---|---|---|
| 11/16 | From DDA *8901,To DDA *8919 | 300,000.00– |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance |
|---|---|---|---|
| 11/01 | .00 | 11/16 | .00 |



Date 11/30/22        Page        1
Primary Account      ████████78927

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Payroll
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:        FREE SPEECH SYSTEMS, LLC
                      Case 22-60043, Payroll

| | | | |
|---|---|---|---|
| Commercial Checking | | Number of Enclosures | 0 |
| Account Number | ████████ | Statement Dates  11/01/22 thru 11/30/22 | |
| Previous Balance | 16,616.78 | Days in the statement period | 30 |
| 3 Deposits/Credits | 328,724.00 | Avg Daily Ledger | 65,535.44 |
| 5 Checks/Debits | 243,504.17 | Avg Daily Collected | 65,535.44 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 101,836.61 | | |

## DEPOSITS AND OTHER CREDITS

| Date | Description | Amount |
|---|---|---|
| 11/03 | From DDA *8919,To DDA *8927 | 125,000.00 |
| 11/15 | ACH Credit Back Item | 3,724.00 |
| 11/17 | From DDA *8877,To DDA *8927 | 200,000.00 |

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|---|---|---|
| 11/04 | Payroll    FREESPEECHPAYR<br>PPD 122287250000362<br>FREESPEECHPAYR | 2,651.74– |
| 11/04 | Payroll    FREESPEECHPAYR<br>PPD 122287250000359<br>FREESPEECHPAYR | 118,273.54– |

006682



Date 11/30/22          Page      2
Primary Account    ██████78927

Commercial Checking          ████████    (Continued)

## CHECKS AND WITHDRAWALS

| Date | Description | Amount |
|------|-------------|--------|
| 11/09 | monthly    FREESPEECHPAYR | 3,724.00- |
|       | CCD 122287250000276 | |
|       | FREESPEECHPAYR | |
| 11/18 | Payroll    FREESPEECHPAYR | 2,651.72- |
|       | PPD 122287250000390 | |
|       | FREESPEECHPAYR | |
| 11/18 | Payroll    FREESPEECHPAYR | 116,203.17- |
|       | PPD 122287250000387 | |
|       | FREESPEECHPAYR | |

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 11/01 | 16,616.78 | 11/09 | 16,967.50 | 11/18 | 101,836.61 |
| 11/03 | 141,616.78 | 11/15 | 20,691.50 | | |
| 11/04 | 20,691.50 | 11/17 | 220,691.50 | | |

*** END OF STATEMENT ***



Date 11/30/22          Page        1
Primary Account       ●●●●●78893

FREE SPEECH SYSTEMS, LLC
Case 22-60043, Infowars
3019 ALVIN DEVANE BLVD, SUITE 230
AUSTIN TX 78741

Account Title:        FREE SPEECH SYSTEMS, LLC
                      Case 22-60043, Infowars

| Commercial Checking | | Number of Enclosures | 0 |
|---|---|---|---|
| Account Number | ●●●●● | Statement Dates  11/01/22 thru 11/30/22 | |
| Previous Balance | 6,125.44 | Days in the statement period | 30 |
| Deposits/Credits | .00 | Avg Daily Ledger | 6,125.44 |
| Checks/Debits | .00 | Avg Daily Collected | 6,125.44 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 6,125.44 | | |

**DAILY BALANCE INFORMATION**

| Date | Balance |
|---|---|
| 11/01 | 6,125.44 |

*** END OF STATEMENT ***

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **Free Speech Systems LLC,** | § | |
| | § | **Case No. 22-60043 (CML)** |
| **Debtor.** | § | |

**PQPR HOLDINGS LIMITED, LLC'S SUPPLEMENTAL OBJECTION TO SUBCHAPTER TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO THE SUBCHAPTER V TRUSTEE**

PQPR LIMITED, LLC ("PQPR") submits this Supplemental Objection to Subchapter V Trustee's Motion for Entry of an Order Authorizing Retention of M3 Advisory Partners, LP as Financial Advisor to the Subchapter V Trustee (the "M3 Application") as follows:

## I.     INTRODUCTION

1.      The Subchapter V Trustee (the "Trustee") has requested authority to retain M3 Advisory Partners, LP ("M3") as a financial advisor to the Debtor [Docket No. 282].  PQPR, a secured creditor of the Debtor, filed a limited objection to M3's retention [Docket No. 305] on several bases, including the failure to provide a budget or cap the fees and expenses incurred by M3.  The undersigned counsel has conferred with the Trustee's counsel regarding PQPR's objections, and counsel indicated that the Trustee is unwilling to voluntarily provide a budget or agree to a cap on M3's fees and expenses.  This effectively gives M3 a blank check this Debtor cannot afford.

## II.     ISSUES WITH THE M3 APPLICATION

**A.     Inconsistencies Regarding Approval under § 328 or § 330**

2.      The Trustee has stated that a budget or cap is not necessary because M3's fees will be submitted to the Court for approval and interested parties can object at that time.  However, the M3 Application, the Declaration of Brian Griffith in support of the M3 Application (the "<u>Griffith Declaration</u>"), and the M3 Engagement Letter are not clear on that issue.  The Trustee's counsel's statement and the following portions of the M3 Application and the Griffith Declaration indicate that M3 will seek compensation for its services pursuant to Bankruptcy Code § 330, which provides the after-the-fact determination of "reasonable compensation for actual, necessary services."

- "M3 intends to **apply to the Court for allowance of compensation and reimbursement of expenses** for advisory support services in accordance with the terms and conditions set forth in the Engagement Letter (the "Fee and Expense Structure") as well as the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and orders of the Court."  M3 Application at ¶ 14 (emphasis added).

- "M3 shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case **in compliance with sections 330 and 331** of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court."  Griffith Declaration at ¶ 10 (emphasis added).

3.      However, other portions of the M3 Application and the M3 Engagement Letter indicate that M3's compensation will be subject to Bankruptcy Code § 328, and due and payable within 15 days of the Trustee's receipt of M3's invoices.

- "Section 327(a) authorizes the retention of M3 as financial advisor for the Trustee **to be compensated in accordance with § 328** as set forth herein and in the Engagement Agreement." M3 Application at ¶ 22 (emphasis added).

- "As compensation for providing the Services hereunder, M3 shall be entitled to **non-refundable professional fees based on the actual hours** incurred by M3 personnel…." M3 Engagement Letter § 4(i) (emphasis added).

2

- "M3 shall deliver to the Client an invoice for the Service Fees (as reduced by such discount) **on a monthly basis and the Debtor shall pay to M3 the amount invoiced** for the relevant period in accordance with the provisions of Section 4(b) below." M3 Engagement Letter § 4(i) (emphasis added).

- "All amounts owing hereunder shall, subject to approval of the Court, be due and payable by wire transfer of immediately available funds in accordance with instructions from time to time  provided by M3 **within 15 days following receipt of the invoice therefor**, except that the Deferred Fees shall be payable from available funds without any requirement of further invoice promptly upon approval of the Court following the successful conclusion of the Debtor's bankruptcy proceeding." M3 Engagement Letter § 4(b) (emphasis added).

- "Unless expressly stated otherwise in the relevant invoice, **none of the amounts invoiced** by M3 from time to time with respect to the Engagement **shall be contingent upon, or in any way tied to the delivery of, any reports or other work product in the future, nor upon the outcome of any case or matters**.  M3 Engagement Letter § 4(c) (emphasis added).

4.     Despite the inconsistencies in the M3 Application, Griffith Declaration, and M3 Engagement Letter, it appears that M3 expects that its fees and expenses will be paid on a monthly basis without the Court's ability to adjust the amounts owed using a § 330 analysis ("M3 shall be entitled to **non-refundable professional fees based on the actual hours** incurred").  Clarity on this question is essential because "[o]nce the bankruptcy court has approved a rate or means of payment, … the court cannot on the submission of the final fee application instead approve a 'reasonable' fee under § 330(a), unless the bankruptcy court finds that the original arrangement was improvident due to unanticipated circumstances as required by § 328(a)." *In re Tex. Sec., Inc.,* 218 F.3d 443, 445–46 (5th Cir.2000).

## B.     Failure to Meet § 328 Burden

5.     The party filing an application to employ has the burden to prove that the professional should be retained.  The Court, "in its duties as a gatekeeper, must have a sufficiently strong record when deciding whether to approve a professional under § 328(a)."  *In re Energy*

006687

*Partners, Ltd.,* 409 B.R. 211, 225 (Bankr. S.D. Tex. 2009). In *In re Energy Partners*, Judge Bohm

employed the non-exclusive factors utilized by the Delaware Bankruptcy Court[1] and explained:

> …§ 328 applications require particularly close scrutiny at the outset because the money paid to these professionals will be even more difficult, if not virtually impossible, to disgorge once distributed…. [T]he Court should, under § 328, make a preemptive determination of the benefit that the professionals' services will provide the estate. This task is difficult because … when determining whether to approve a professional who seeks to be paid pursuant to § 328, the Court must predict whether, and to what extent, a professional will be able to provide a tangible, identifiable, and material benefit to the estate. For the Court to make such an assessment, the parties must make a sufficient record as to what tangible, identifiable, and material benefits the services of the proposed professionals will provide to the estate.

*Id.* at 229 (internal citations omitted). The M3 Application, Griffith Declaration, and M3

Engagement Letter provide only conclusory statements as to why it should be retained by the

Trustee.

## C.    Inconsistencies with Previously Established Procedures

6.    On September 30, 2022, the Court entered an *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [Docket No. 202] (the "Interim Compensation Order"), which set forth requirements for interim compensation and reimbursement of expenses for "the professionals specifically retained pursuant to an order of the Court … **and the subchapter v trustee and her professionals** (collectively, the "Retained Professionals")…," "except as otherwise provided in an order of the Court authorizing the

---

[1] The non-exclusive factors established by the Delaware Bankruptcy Court include: "(1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the Debtor and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation; (3) whether the retention, as proposed, is in the best interests of the estate; (4) whether there is creditor opposition to the retention and retainer provisions; and (5) whether, given the size, circumstances and posture of the case, the amount of the retainer is itself reasonable, including whether the retainer provides the appropriate level of "risk minimization," especially in light of the existence of any other "risk-minimizing" devices, such as an administrative order and/or a carve-out." *In re Insilco Techs., Inc.,* 291 B.R. 628, 633 (Bankr.D.Del.2003).

4

retention of a particular professional." The Interim Compensation Order allowed for monthly compensation of Retained Professional upon submission of a Monthly Fee Statement containing an invoice with fee and expense detail. It also set an Objection Deadline that is 14 days after service of the Monthly Fee Statement and provided for a hold-back of the greater of 20% of the requested fees or the aggregate amount of fees subject to an unresolved objection.

7.      M3 proposes that it submit monthly invoices to the Trustee monthly for its hourly fees and expenses, which must be paid within 15 days of receipt and are non-refundable. Although the M3 Engagement Letter uses the words "subject to approval of the Court," it is unclear at what point the Trustee/M3 will seek such approval and if the payments are subject to objections. It is unlikely that 15 days is sufficient time for parties in interest to review the application and lodge any objections and for the Court to hold a hearing (if necessary) and approve the application.

8.      Additionally, the M3 Engagement Letter states: "All amounts owing hereunder shall, subject to approval of the Court, be due and payable by wire transfer of immediately available funds in accordance with instructions from time to time provided by M3 within 15 days following receipt of the invoice therefor, **except that the Deferred Fees shall be payable from available funds without any requirement of further invoice promptly upon approval of the Court following the successful conclusion of the Debtor's bankruptcy proceeding**." M3 Engagement Letter § 4(b). "Deferred Fees" is not defined anywhere in the M3 Application or M3 Engagement Letter. It is unclear what fees M3 proposes to be paid without further Court approval.

**D.      Inconsistencies with Interim Cash Collateral Orders and Budget**

9.      PQPR holds a security interest in all of Debtor's assets. Thus, all assets are PQPR's cash collateral that cannot be utilized without PQPR's permission or Court order. This includes the payment of professional fees. The *Sixth Interim Order Authorizing Debtor's Use of Cash*

5

*Collateral and Providing Partial Adequate Protection* for the period of November 26 – December 23, 2022 [Docket No. 287] authorizes Debtor's use of PQPR's cash collateral to pay items set forth in the budget attached to the order. A hearing to extend the cash collateral order is scheduled for December 19, 2022. The Debtor's CRO has provided PQPR with a new proposed four-week cash collateral budget, and PQPR anticipates reaching an agreement on the use of cash collateral strictly as provided in the proposed budget. The budget provides for payment of professional fees as follows:

| | | | | CURRENT 4 WEEK BUDGET | | |
| | | 12/24/2022-<br>12/30/2022 | 12/31/2022-<br>1/06/2023 | 1/07/2023-<br>1/13/2023 | 1/14/2023-<br>1/20/2023 | |
| | Week Number | 22 | 1 | 2 | 3 | *Total* |
| **Professional Fees** | | | | | | |
| CRO Fees | | - | (50,000.00) | - | - | (50,000.00) |
| Trustee Fees | | (15,000.00) | - | (15,000.00) | - | (30,000.00) |
| Trustee Counsel | | (15,000.00) | - | (15,000.00) | - | (30,000.00) |
| Legal Fees - Reynal | | - | (21,630.00) | - | - | (21,630.00) |
| Ray Battaglia | | - | (30,000.00) | - | - | (30,000.00) |
| **Total Professional Fees** | | (30,000.00) | (101,630.00) | (30,000.00) | - | (161,630.00) |

This budget does not contain much, if any, "fat" to pay M3. PQPR objects to any payments to M3 unless and until the payments are included in the cash collateral budget, agreed to by PQPR, or ordered by the Court.

### III.    CONCLUSION

10.    PQPR's objection to the M3 Application is two-fold. First, PQPR objects to any "pre-approval" of M3's compensation under Bankruptcy Code § 328 and to any "non-refundable" payments. Second, PQPR objects to the use of its cash collateral to pay M3 unless such payments are provided for in the cash collateral budget and subject to a cap in any future cash collateral orders.

006690

11.     Therefore, PQPR requests that the Court deny the M3 Application as presented. To the extent M3's retention is approved, PQPR asks that the Court order the Trustee and M3 to provide sort of cap and/or budget for M3's fees and expenses, and that M3's retention is subject to the terms of the Interim Compensation Order and Bankruptcy Code § 330, such that M3 must demonstrate that the fees and expenses represent reasonable compensation for actual, necessary services.

Dated:  December 16, 2022                    Respectfully submitted,


By: */s/ Stephen W. Lemmon*
        Stephen W. Lemmon
        Texas Bar. No. 12194500
        STREUSAND, LANDON, OZBURN &
        LEMMON, LLP
        1801 S. MoPac Expressway, Suite 320
        Austin, Texas 78746
        Telephone: (512) 236-9900
        Facsimile: (512) 236-9904
        lemmon@slollp.com

        ATTORNEYS FOR
        PQPR HOLDINGS LIMITED, LLC

006691

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2022, a true and correct copy of the foregoing instrument was served via this Court's ECF notification system upon all parties registered to receive electronic notice of filings in this case.

_/s/ Stephen W. Lemmon_____
Stephen W. Lemmon

006692

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **Free Speech Systems LLC,** | § | |
| | § | **Case No. 22-60043 (CML)** |
| Debtor. | § | |

**PQPR HOLDINGS LIMITED, LLC'S AMENDED WITNESS AND EXHIBIT LIST FOR
DECEMBER 19, 2022 HEARING**

PQPR Holdings Limited, LLC ("PQPR"), the secured creditor of the Debtor and a party-in-interest, respectfully submits this Witness and Exhibit List for the hearing scheduled for December 19, 2022:

## WITNESS LIST

1. Robert Roe
2. David Jones
3. Melissa Haselden, Subchapter V Trustee
4. Any witness identified by any other party

## EXHIBIT LIST

| Exhibit No. | Description |
|---|---|
| PQPR-1 | PQPR August 13, 2020 Note, Exh 4 to Dkt. No. 26 |
| PQPR-2 | Security Agreement, Exh 5 to Dkt. No. 26 |
| PQPR-3 | PQPR November 10, 2021 Note, Exh 6 to Dkt. No. 26 |
| PQPR-4 | PQPR UCC-1 Financing Statement, Exh 7 to Dkt. No. 26 |
| PQPR-5 | PQPR Forbearance Term Sheet, Exh 8 to Dkt. No. 26 |
| PQPR-6 | 13 Week Budget, Exh 9 to Dkt. No. 26 |
| PQPR-7 | Interim Cash Collateral Budget, Exh 10 to Dkt. No. 26 |
| PQPR-8 | 2nd Interim Cash Collateral Order and Budget, Dkt. No. 98 |
| PQPR-9 | 3rd Interim Cash Collateral Order and Budget, Dkt. No. 151 |
| PQPR-10 | PQPR Proof of Claim, Claim No. 11 |
| PQPR-11 | Sub V Trustee's Motion to Retain M3 Advisory Partners, LP, Dkt. No. 282 |
| PQPR-11 | 4th Interim Cash Collateral Order and Budget, Dkt. No. XXX |
| PQPR-12 | 4 Week Budget 2022.12.24-2023.01.02 |
| | Any exhibits offered by any other party |

Dated: December 16, 2022

Respectfully submitted,

STREUSAND, LANDON & OZBURN, LLP

By:    /s/Stephen W. Lemmon
Stephen W. Lemmon

006693

Texas Bar. No. 12194500
STREUSAND, LANDON, OZBURN &
LEMMON, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
lemmon@slollp.com
**ATTORNEYS FOR**
**PQPR HOLDINGS LIMITED, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on counsel for Debtor, Debtor, and all parties receiving or entitled to notice through CM/ECF on this 16th day of December, 2022.


*/s/ Stephen W. Lemmon*
Stephen W. Lemmon

2

006694

# PROMISSORY NOTE

$29,588,000.00                      Austin, Texas                      August _13_ , 2020

THIS PROMISSORY NOTE (the **"Note"**) is made as of the date first written above by and between Free Speech Systems, LLC, a Texas Limited Liability Company, 3005 South Lamar Blvd., Suite D109-317, Austin, TX 78704 (**"Maker"**) and PQPR Holdings Limited LLC a Nevada Limited Liability Company, 100 Congress Ave., 18th Floor, Austin, TX 78701, (**"Payee"**).

Pursuant to the terms set forth herein, Maker, for value received, promises and agrees to pay, as herein provided, to the order of Payee or to such bank account as Payee may direct, in lawful money of the United States of America, the principal sum of Twenty Nine Million Five Hundred Eighty-Eight Thousand and 00/100 Dollars ($29,588,000.00). This Note memorializes the accrued and current obligations owed by Maker to Payee and provides for the payment of such obligations as provided hereinbelow.

1.       **Payment of Principal and Interest.**

(a)       Interest, as provided below, is due and payable annually on each anniversary of the Note at the address listed above (unless otherwise directed in writing by Payee) until August 1, 2050 (the **"Maturity Date"**), when the entire amount of unpaid principal and accrued, unpaid interest will be payable in full. Pre-payments, if any, will be applied first to accrued interest, then to any costs or expenses due under the Note, and the remainder to reduction of the principal. Notwithstanding the foregoing, if the date on which payment is due is not a day on which banks are open for business in the State of Texas (a **"Business Day"**), then such payment shall be due on the Business Day next succeeding the payment date.

(b)       The principal balance outstanding from time to time under this Note (after giving effect to all adjustments thereto made pursuant to the terms of this Note) shall bear interest on amounts advanced under this Note at the lesser of (i) **[one and 75/100 percent (1.75%)]** per annum (**"Contract Rate"**); (ii) or the maximum rate of nonusurious interest allowed from time to time by applicable law. Interest shall be calculated at a daily rate based on a year of 365 or 366 days, as the case may be, with the daily rate so determined being applied for the actual number of days elapsed. All past due principal and accrued interest on this Note shall bear interest from maturity until paid at the lesser of (i) **five percent (5%),** or (ii) the highest rate for which Maker may legally contract under applicable law.

2.       **Maximum Interest Rate.** It is the intention of Maker and Payee to conform strictly to applicable usury laws. Accordingly, if the interest payable on this Note would be usurious under applicable law, in that event, notwithstanding anything to the contrary herein, it is agreed that the aggregate of all consideration that constitutes interest under applicable law that is taken, reserved, contracted for, charged or received under this Note shall under no circumstances exceed the maximum amount of interest allowed by applicable law, and any excess shall be canceled automatically and, if theretofore paid, shall be credited on this Note by Payee (or, to the extent that this Note shall have been or would thereby be paid in full, refunded to Maker). All sums paid or agreed to be paid to Payee for the use, forbearance or detention of sums included in

PQPR-1

EXHIBIT

4

exhibitsticker.com

006695

the amounts owing to Payee by Maker shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of this Note until payment in full so that the rate or amount of interest on account of indebtedness does not exceed the applicable usury ceiling, if any. As used in this Note, the term "applicable law" shall mean the law of the State of Texas.

3. **Prepayment.** Borrower reserves the right to prepay, prior to maturity, all or any part of the principal of this Note without penalty. Any prepayments will be solely at Borrower's option and will be applied first to accrued interest, then to fees and expenses due under this Note, and then to principal. Borrower will provide written notice to the holder of this Note of any such prepayment of all or any part of the principal at the time thereof. All payments and prepayments of principal or interest on this Note will be made in lawful money of the United States of America in immediately available funds, at the address of Lender indicated above, or such other place as the holder of this Note may designate in writing to Borrower.

4. **Waiver.** Maker expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith. Maker also waives any obligation that Payee pursue or exhaust its rights against any security for the Note prior to taking actions to collect the Note.

5. **Amendments.** Any term or provision of this Note and any obligation of Maker hereunder or with respect hereto, may be changed or modified, partially or completely, or noncompliance may be consented to or authorized, by written agreement between Maker and Payee.

6. **Events of Default.** The occurrence and continuance of any of the following events shall be considered an **"Event of Default"** for purposes of this Note: (a) default is made in the payment of principal or interest when due (b) any involuntary case or other proceeding shall be commenced against Maker that seeks liquidation, reorganization or other relief with respect to it or its debts or other liabilities under any bankruptcy, insolvency or other similar law now or hereafter in effect or seeking the appointment of a trustee, receiver, liquidator or custodian unless dismissed or stayed within 90 days after the institution thereof (provided that upon ineffectiveness of any stays, an Event of Default shall exist); (c) Maker shall commence a voluntary case or other proceeding seeking liquidation, reorganization or other relief with respect to itself or its debts or other liabilities under any bankruptcy, insolvency or other similar law now or hereafter in effect or seeking the appointment of a trustee, receiver, liquidator, custodian or other similar official with respect to Maker, or shall consent to any such relief or to the appointment of, or taking possession by, any such official in an involuntary case or other proceeding commenced against it, or shall make a general assignment for the benefit of creditors or shall fail generally or shall admit in writing its inability to pay its debts generally as they become due or shall take any corporate action to authorize or effect any of the foregoing; (d) a judgment in excess of $100,000 is entered

PQPR-1

against Maker which is not superseded within ten (10) of the date that it is entered; Maker shall cease business operations.

     **7.**    **Remedy.** Upon the occurrence of payment default as provided  paragraph 6 (a) and the expiration of ten (10) days' notice and opportunity to cure, and upon the occurrence of any other Event of Default as provided in paragraph 6(b) -(d) and the expiration of  thirty (30) days' notice and opportunity to cure, the entire principal amount and accrued interest  of the Note then outstanding shall become immediately due and payable.

     **8.**    **Governing Law and Venue** . This Note and the rights and obligations hereunder shall be governed by and construed in accordance with the laws of the State of Texas without regard to its principles concerning conflicts of law. Venue for any action brought to collect this Note shall be in Travis County, Texas.

     **9.**    **Attorneys' Fees and Expenses**  In the event Payee institutes an action to collect this Note, then in addition to all other amounts due and owing hereunder, Maker shall be liable for and pay to Payee, reasonable fees and costs, including attorneys' fees and expenses of colletion.

     EXECUTED to be effective as of the date first above written.

MAKER:

Alexander E. Jones
Managing Member
Free Speech Systems, LLC

006697

# SECURITY AGREEMENT

THIS SECURITY AGREEMENT (the **"Security Agreement"**) is entered into effective as of August 2, 2020 (the **"Effective Date"**) by and between PQPR Holdings Limited LLC a Nevada Limited Liability Company, 100 Congress Ave., 18th Floor, Austin, TX 78701, (the **"Secured Party"**) and Free Speech Systems, LLC, a Texas Limited Liability Company, 3005 South Lamar Blvd., Suite D109-317, Austin, TX 78704 (the **"Debtor"** or the "**Company**").

Section I.    CREATION OF SECURITY INTEREST

The Debtor hereby grants to the Secured Party a security interest in the Collateral described in Section II of this Security Agreement to secure performance and payment that certain promissory note of even date herewith in the original principal amount of Twenty Nine Million Five Hundred Eighty Eight Thousand Dollars executed by Debtor in favor of Secured Party as it may be amended or modified (the "**Note**") and any and all other obligations of Debtor to Secured Party of any kind or character, now owed or hereafter arising (collectively, the **"Obligations"**). Any capitalized term herein not specifically defined will have the meaning as defined in the limited liability company agreement of the Secured Party.

Section II.    COLLATERAL

In order to secure the payment when due of any and all Obligations, the Debtor hereby pledges to the Secured Party and grants to the Secured Party a security interest in the following collectively, (the **"Collateral"**):

(1) all fixtures and personal property of every kind and nature, including all accounts, goods (including inventory and equipment), documents (including, if applicable, electronic documents), instruments, promissory notes, chattel paper (whether tangible or electronic), letters of credit, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), securities and all other investment property, general intangibles (including all payment intangibles), intellectual property, domain names, trademarks (including but not limited to the nutritional supplement marks Living Cleanse, Honor Roll, ExtendaWise, Happease, Gut Fusion, Vasobeet, Ultimate Female Force, The Real Red Pill, Bodease, Icuren, Flora Life, Immune Wall, Pollen Block, Alpha Power, DNA Force, Survival Shield, and Survival Shield X-2, and the brand Infowars Life), trade names, money, deposit accounts, and any other contract rights or rights to the payment of money; and

(2) all gross revenues, receivables and proceeds and products of each of the foregoing in subparagraph (1), all books and records relating to the foregoing, all supporting obligations related thereto, and all accessions to, substitutions and replacements for, and rents, profits and products of, each of the foregoing, and any and all proceeds of any insurance, indemnity, warranty or guaranty payable to the Debtor from time to time with respect to any of the foregoing.

The Secured Party is hereby granted a first priority lien and security interest in the Collateral to secure the Obligations. Debtor authorizes Secured Party to file a financing statement describing the Collateral in each and every jurisdiction necessary to perfect the

PRPR-2

EXHIBIT

5

006698

security interest and lien granted herein.

Section III.   PAYMENT OBLIGATIONS OF THE DEBTOR

1.   Debtor is not authorized to sell, convey, dispose of encumber or dispose of the Collateral without Secured Party's agreement or until the Obligations are paid in full. The Debtor will account fully and faithfully to the Secured Party for proceeds from disposition of the collateral in any manner and will pay or turn over promptly in cash, negotiable instruments, drafts, assigned accounts or chattel paper, all the proceeds from each sale to be applied to the Debtor's Obligations to the Secured Party, subject if other than cash, to final payment or collection. Application of such proceeds to Obligations of the Debtor will be in the sole discretion of the Secured Party, provided such application of proceeds is made by the Secured Party in a reasonable manner.

2.   The Debtor will pay to the Secured Party on demand all expenses and expenditures, including reasonable attorney's fees and other legal expenses incurred or paid by the Secured Party in exercising or protecting its interests, rights and remedies under this Security Agreement.

3.   The Debtor will pay immediately, without notice, the entire unpaid Obligations of the Debtor to the Secured Party whether created or incurred pursuant to this Security Agreement or otherwise, upon the Debtor's default under Section V of this Security Agreement.

4.   Delivery of the Collateral.

(a)   All certificates and instruments evidencing or representing the Collateral (if any) will be delivered to the Secured Party upon the execution and delivery of this Security Agreement. All other certificates and instruments constituting, evidencing or representing the Collateral from time to time will be delivered to the Secured Party promptly upon the receipt thereof by and/or on behalf of the Debtor. All such certificates and instruments will be held by or on behalf of the Secured Party pursuant hereto, and will be delivered to the Secured Party in suitable form for transfer by delivery or will be accompanied by duly executed instruments of transfer or assignment in blank, all in form and substance satisfactory to the Secured Party.

(b)   If the Debtor receives, by virtue of its being or having been an owner of any Collateral, any (i) certificate, promissory note or instrument, (ii) option or right, whether as an addition to, substitution for, or in exchange for the Collateral, or (iii) distributions on dissolution, in total liquidation or from capital, capital surplus or paid-in surplus, the Debtor will receive such certificate, promissory note, instrument, payment or distribution in trust for the benefit of the Secured Party, will segregate it from the Debtor's other assets and will deliver it forthwith to the Secured Party in the exact form received, with any necessary endorsement and assignment duly executed in blank, to be held by the Secured Party as Collateral and as additional collateral security for the Obligations.

Section IV.   DEBTOR'S REPRESENTATION, WARRANTIES AND AGREEMENTS

2

PRPR-2

The Debtor makes the following representations, warranties and agreements:

1.      The pledge of the Collateral creates a valid and perfected first priority security interest in the pledged Collateral securing payment of the Obligations.

2.      The Debtor will, at its own expense,, do, make, procure, execute and deliver all acts, things, writings and assurances as the Secured Party may at any time request to protect, assure or enforce its interests, rights and remedies created by, provided in or emanating from this Security Agreement.

3.      The Debtor will sign and execute alone or with the Secured Party a Financing Statement and any and all other documents requested by Secured Party for perfection of the lien on the Collateral.

Section V.    EVENTS OF DEFAULT

The Debtor will be in default under this Security Agreement upon the happening of any condition or event set forth below (herein called an **"Event of Default"**):

1.      The Debtor's failure to pay when due any Obligations secured by this Security Agreement;

2.      Default by the Debtor in punctual performance of any of the obligations, covenants, terms or provisions contained or referred to in this Security Agreement or the Note;

3.      Any warranty, representation or statement contained in this Security Agreement or made or furnished to the Secured Party by or on behalf of the Debtor in connection with this Security Agreement or to induce the Secured Party to make a loan to Debtor proves to have been false in any respect when made or furnished;

4.      Loss, theft, sale (except as authorized in this Security Agreement) or encumbrance to or of any of the Collateral, or the making of any levy, seizure or attachment thereof or thereon; or

5.      The Debtor's dissolution, termination of existence, insolvency or business failure; the appointment of a receiver of all or any part of the property of the Debtor; an assignment for the benefit of creditors by the Debtor; the calling of a meeting of creditors of the Debtor; or the commencement of any proceeding under any bankruptcy or insolvency laws by or against the Debtor.

6.      The Debtor shall have entered against it any judgment, arbitration award, fine or penalty for an amount in excess of $500,000, and such judgment, arbitration award, fine or penalty is not stayed or superseded within 30 days of entry.

Section VI.    SECURED PARTY'S RIGHTS AND REMEDIES

A.    Rights Exclusive of Default.

1.      This Security Agreement, the Secured Party's rights hereunder or the Obligations

3

PRPR-2

006700

hereby secured may be assigned by Secured Party, and in any such case, the assignee will be entitled to all of the rights, privileges and remedies granted in this Security Agreement to the Secured Party.

2.      Upon the request of the Secured Party at any time, the Debtor will execute, sign, endorse, transfer or deliver in the name of the Debtor any other documents, necessary to perfect the security interest and obligations created by this Security Agreement.

3.      At its option, the Secured Party may discharge taxes, liens or security interests or other encumbrances at any time levied or placed on the Collateral. The Debtor agrees to reimburse the Secured Party on demand for any payment made, or expense incurred by the Secured Party pursuant to the foregoing authorization.

4.      Debtor will permit Secured Party, by its representatives and agents (a) to inspect the Collateral, (b) to examine and make copies of the records of Debtor relating to the Collateral, and (c) to discuss the Collateral and the related records of Debtor with, and to be advised as to the same by, Debtor's officers, employees, and accountants, all at such reasonable times and intervals as Secured Party may determine, and all at such Debtor's expense.

5.      Debtor will maintain true, complete, and accurate books and records with respect to the Collateral, and furnish to Secured Party such reasonable reports relating to the Collateral at such intervals as Secured Party shall from time to time request. Debtor will give prompt notice in writing to Secured Party of the occurrence of any Default or Event of Default and of any other development, financial or otherwise, which might materially and adversely affect the Collateral in the aggregate amount of $100,000.00 or more per calendar year.

B.      <u>Rights in Event of Default</u>

1.      Upon the occurrence of an Event of Default, Secured Party, in its sole discretion, may demand that all payments and distributions made to Debtor upon or with respect to the Collateral shall be paid and delivered to Secured Party, and Debtor agrees to take all such action as Secured Party may deem necessary or appropriate to cause all such payments and distributions to be made to Secured Party. Secured Party shall have the right, at any time after the occurrence of any Event of Default, to notify and direct any issuer to thereafter make all payments, dividends, and any other distributions payable in respect thereof directly to Secured Party. Such issuer shall be fully protected in relying on the written statement of Secured Party that it then holds a security interest which entitles it to receive such payments and distributions. Any and all money and other property paid over to or received by Secured Party hereunder shall be retained by Secured Party as additional collateral hereunder and may be applied by Secured Party to payment of the Obligations in such manner and order as Secured Party may elect in its sole discretion.

2.      In addition, Secured Party is entitled to exercise any and all contractual rights provided in this Security Agreement or any other loan document between Debtor and Secured Party, and any and all legal rights and remedies available to a secured party (whether or not the UCC applies to the affected Collateral) or under any other applicable law when a debtor is in default under a security agreement.

3.      Secured Party is also entitled to, without notice, sell, lease, assign, grant an option

4

006701

or options to purchase or otherwise dispose of the Collateral or any part thereof in one or more parcels at public or private sale, for cash, credit or for future delivery, and upon such terms as Secured Party may deem commercially reasonable. Neither Secured Party's compliance with any applicable state or federal law in the conduct of such sale, nor its disclaimer of any warranties relating to the Collateral, shall be considered to affect the commercial reasonableness of such sale. Debtor hereby waives notice of the time and place of any public sale or the time after which any private sale or other disposition of all or any part of the Collateral may be made. To the extent such notice may not be waived under applicable law, any notice made shall be deemed reasonable if sent to Debtor at least ten (10) days prior to (i) the date of any such public sale or (ii) the time after which any such private sale or other disposition may be made. Secured Party shall not be obligated to make any sale or other disposition of the Collateral regardless of notice having been given. Subject to the provisions of applicable law, Secured Party may postpone or cause the postponement of the sale of all or any portion of the Collateral by announcement at the time and place of such sale, and such sale may, without further notice, to the extent permitted by law, be made at the time and place to which the sale was postponed, or Secured Party may further postpone such sale by announcement made at such time and place.

4.      Debtor waives (to the extent permitted by law) all rights of redemption, stay, and/ or appraisal which it now has or may have at any time in the future under any rule of law or statute now existing or hereinafter enacted.

5.      Further, Secured Party may at any time after the occurrence of an Event of Default require, in its sole discretion and with notice to Debtor, that any receivables, as described in Section II above, be paid directly to Secured Party. In such event, Debtor shall, and shall permit Secured Party to, promptly notify the parties that owe the receivables to Debtor of Secured Party's interest therein and direct such parties to make payment of all amounts then or thereafter due directly to Secured Party. Upon receipt of any such notice from Secured Party, Debtor shall thereafter hold in trust for Secured Party, all amounts and proceeds (as such term is defined in *Section 9.102(a)(65)* of the UCC) received by it with respect to the receivables and immediately and at all times thereafter deliver to Secured Party all such amounts and proceeds in the same form as so received, whether by cash, check, draft or otherwise, with any necessary endorsements. Secured Party shall hold and apply funds so in such manner and order as Secured Party may elect in its sole discretion. If after the occurrence of an Event of Default, any party owing receivables fails or refuses to make payment on any Collateral when due, Secured Party is authorized, in its sole discretion, either in its own name or in the name of Debtor, to take such action as Secured Party shall deem appropriate for the collection of any amounts owed with respect to Collateral or upon which a delinquency exists. Debtor agrees that Secured Party may at any time and from time to time, if an Event of Default has occurred, compromise with the obligor on any receivable, accept in full payment of any receivable such amount as Secured Party in its sole discretion shall determine or abandon any receivable, and any such action by Secured Party shall be commercially reasonable so long as Secured Party acts in good faith based on information known to it at the time it takes any such action. Regardless of any other provision hereof, however, Secured Party shall never be liable for its failure to collect, or for its failure to exercise diligence in the collection of, any amounts owed with respect to Collateral, nor shall it be under any duty whatsoever to anyone except Debtor to account for funds that it shall actually receive hereunder.

6.      Debtor will reimburse Secured Party for all reasonable expenses incurred by Secured Party in taking ownership of the Collateral, including payment of Secured Party's

PRPR-2

reasonable attorney's fees and legal expenses.

7.    The Secured Party may remedy any default and may waive any default without waiving any other prior or subsequent default.

8.    Upon request of Secured Party after an Event of Default, Debtor shall execute and deliver to Secured Party irrevocable lockbox agreements in the form provided by or otherwise acceptable to Secured Party, which agreements shall be accompanied by an acknowledgment by the bank where the lockbox is located of the lien of Secured Party granted hereunder and of irrevocable instructions to wire all amounts collected therein to a special collateral account at Secured Party.

9.    The remedies of the Secured Party hereunder are cumulative, and the exercise of any one or more of the remedies provided for herein will not be construed as a waiver of any of the other remedies of the Secured Party.

Section VII.    ADDITIONAL AGREEMENTS

1.    **"Secured Party" and "Debtor,"** as used in this instrument, include the heirs, executors or administrators, successors, representatives, receivers, trustees and assigns of those parties.

2.    No delay or omission of Secured Party to exercise any right or remedy granted under this Security Agreement shall impair such right or remedy or be construed to be a waiver of any Event of Default, or an acquiescence therein, and any single or partial exercise of any such right or remedy shall not preclude any other or further exercise thereof or the exercise of any other right or remedy. No waiver, amendment or other variation of the terms, conditions or provisions of this Security Agreement whatsoever shall be valid unless in writing signed by Secured Party and then only to the extent in such writing specifically set forth. All rights and remedies contained in this Security Agreement or by law afforded shall be cumulative and all shall be available to Secured Party until the Secured Obligations have been paid in full.

3.    Should any Collateral come into the possession of Secured Party, Secured Party may use or operate such Collateral for the purpose of preserving it or its value, pursuant to the order of a court of appropriate jurisdiction or in accordance with any other rights held by Secured Party in respect of such Collateral. Debtor covenants to promptly reimburse and pay to Secured Party, at Secured Party's request, the amount of all expenses (including the cost of any insurance and payment of taxes or other charges) incurred by Secured Party in connection with its custody and preservation of the Collateral, and all such expenses, costs, taxes, and other charges shall bear interest at the Contract Rate (as defined in the Note) until repaid and, together with such interest, shall be payable by Debtor to Secured Party upon demand and shall become part of the secured Obligations. However, the risk of accidental loss or damage to, or diminution in value of, the Collateral is on Debtor, and Secured Party shall have no liability whatever for failure to obtain or maintain insurance, nor to determine whether any insurance ever in force is adequate as to amount or as to the risks insured. With respect to the Collateral that is in the possession of Secured Party, Secured Party shall have no duty to fix or preserve rights against prior parties to such Collateral and shall never be liable for any failure to use diligence to collect any amount payable in respect of such Collateral, but shall be liable only to account to Debtor for what it may actually collect or receive thereon. The provisions of this subparagraph are applicable whether or not an Event of Default has occurred.

6

PRPR-2

006703

4.    Except to the extent expressly otherwise provided herein and to the fullest extent permitted by applicable law, Debtor waives (a) any right to require Secured Party to proceed against any other Person, to exhaust its rights in Collateral, or to pursue any other right which Secured Party may have; (b) with respect to any Collateral that is comprised of obligations, presentment and demand for payment, protest, notice of protest and nonpayment, notice of intent to accelerate, and notice of acceleration; and (c) all rights of marshaling in respect of any and all of the Collateral.

5.    Notwithstanding any contrary provision, Debtor agrees that, if, but for the application of this paragraph, granting a security interest in the Collateral would constitute a fraudulent conveyance under 11 U.S.C. § 548 or a fraudulent conveyance or transfer under any state fraudulent conveyance, fraudulent transfer, or similar law in effect from time to time (each a "fraudulent conveyance"), then the security interest remains enforceable to the maximum extent possible without causing such security interest to be a fraudulent conveyance, and this Security Agreement is automatically amended to carry out the intent of this sentence.

6.    Debtor Remains Liable.  Notwithstanding anything to the contrary contained herein, (a) Debtor shall remain liable under the contracts and agreements included in the Collateral to the extent set forth therein to perform all of its respective duties and Obligations thereunder to the same extent as if this Security Agreement had not been executed, (b) the exercise by Secured Party of any of its rights hereunder shall not release Debtor from any of its duties or obligations under the contracts and agreements included in the Collateral, and (c) Secured Party shall not have any obligation or liability under any of the contracts and agreements included in the Collateral by reason of this Security Agreement, nor shall Secured Party be obligated to perform any of the obligations or duties of Debtor thereunder or to take any action to collect or enforce any claim for payment assigned hereunder.

7.    NO RELEASE OF DEBTOR.  THE OBLIGATIONS OF DEBTOR UNDER THIS SECURITY AGREEMENT SHALL NOT BE REDUCED, LIMITED OR TERMINATED, NOR SHALL DEBTOR BE DISCHARGED FROM ANY OBLIGATION HEREUNDER, FOR ANY REASON WHATSOEVER (until the Obligations have been indefeasibly paid in full), including:

(a)    (i) any increase in the principal amount of, or interest rate applicable to, (ii) any extension of the time of payment, observance or performance of, (iii) any other amendment or modification of any of the other terms and provisions of, (iv) any release, composition or settlement (whether by way of acceptance of a plan of reorganization or otherwise) of, (v) any subordination (whether present or future or contractual or otherwise) of, or (vi) any discharge, disallowance, invalidity, illegality, voidness or other unenforceability of, the Obligations;

(b)    (i) any failure to obtain, (ii) any release, composition or settlement of, (iii) any amendment or modification of any of the terms and provisions of, (iv) any subordination of, or (v) any discharge, disallowance, invalidity, illegality, voidness or other unenforceability of, the Note or other loan documents between Debtor and Secured Party;

(c)    (i) any failure to obtain or any release of, any failure to protect or preserve, (ii) any

7

PRPR-2

006704

release, compromise, settlement or extension of the time of payment of any Obligations constituting, (iii) any failure to perfect or maintain the perfection or priority of any lien upon, (iv) any subordination of any lien upon, or (v) any discharge, disallowance, invalidity, illegality, voidness or other unenforceability of any lien or intended lien upon, any collateral now or hereafter securing, the Secured Obligations or any other guaranties thereof;

**(d)**     any termination of or change in any relationship between Debtor and Secured Party;

**(e)**     any exercise of, or any failure or election not to exercise, delay in the exercise of, waiver of, or forbearance of or other indulgence with respect to, any right, remedy or power available to Secured Party, including (i) any election not to or failure to exercise any right of setoff, recoupment or counterclaim, (ii) any election of remedies effected by Secured Party, including the foreclosure upon any real estate constituting collateral, whether or not such election affects the right to obtain a deficiency judgment, and (iii) any election by Secured Party in any proceeding under the Bankruptcy Code of the application of Section 1111(b)(2) of the Bankruptcy Code; and

**(f)**     ANY OTHER ACT OR FAILURE TO ACT OR ANY OTHER EVENT OR CIRCUMSTANCE THAT (i) VARIES THE RISK OF DEBTOR UNDER THIS SECURITY AGREEMENT OR (ii) BUT FOR THE PROVISIONS HEREOF, WOULD, AS A MATTER OF STATUTE OR RULE OF LAW OR EQUITY, OPERATE TO REDUCE, LIMIT OR TERMINATE THE OBLIGATIONS OF DEBTOR HEREUNDER OR DISCHARGE DEBTOR FROM ANY OBLIGATION HEREUNDER.

     **8.**     Notwithstanding any contrary provision, Debtor agrees that, if, but for the application of this paragraph, granting a security interest in the Collateral would constitute a fraudulent conveyance under 11 U.S.C. § 548 or a fraudulent conveyance or transfer under any state fraudulent conveyance, fraudulent transfer, or similar law in effect from time to time (each a "fraudulent conveyance"), then the security interest remains enforceable to the maximum extent possible without causing such security interest to be a fraudulent conveyance, and this Security Agreement is automatically amended to carry out the intent of this sentence.

     **9.**     Further, notwithstanding anything to the contrary contained herein, (a) Debtor shall remain liable under the contracts and agreements included in the Collateral to the extent set forth therein to perform all of its respective duties and obligations thereunder to the same extent as if this Security Agreement had not been executed, (b) the exercise by Secured Party of any of its rights hereunder shall not release Debtor from any of its duties or obligations under the contracts and agreements included in the Collateral, and (c) Secured Party shall not have any obligation or liability under any of the contracts and agreements included in the Collateral by reason of this Security Agreement, nor shall Secured Party be obligated to perform any of the Obligations or duties of any Debtor thereunder or to take any action to collect or enforce any claim for payment assigned hereunder.

     **10.**     The section headings appearing in this instrument have been inserted for convenience only and will be given no substantive meaning or significance whatever in

PRPR-2

construing the terms and provisions of this instrument. Terms used in this instrument which are defined in the Texas Uniform Commercial Code are used with the meanings as therein defined.

11.  The law governing this secured transaction will be that of the State of Texas in force at the date of this instrument. Venue for any dispute arising out of this Security Agreement will be in the state or federal courts located in Travis County, Texas.

12.  Debtor will not create, incur, or suffer to exist any lien on the Collateral except (i) the security interest created by this Security Agreement, and (ii) other liens permitted in writing by the Secured Party.

13.  The unenforceability of any provision of this Security Agreement will not affect the enforceability or validity of any other provision.

14.  This Security Agreement may be executed in any number of counterparts and any party hereto may execute any such counterpart, each of which when executed and delivered will be deemed to be an original and all of which counterparts taken together will constitute but one and the same instrument.

15.  THIS AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

EXECUTED as of the Effective Date.

**DEBTOR:**

Free Speech Systems, LLC

Alexander E. Jones, Managing Member

**SECURED PARTY:**

PQPR Holdings Limited, LLC

David R. Jones, Manager

9

006706

# PROMISSORY NOTE

$25,300,000.00                         Austin, Texas                         November 10, 2021

**THIS PROMISSORY NOTE** (the **"Note"**) is made as of the date first written above by and between Free Speech Systems, LLC, a Texas Limited Liability Company, 3005 South Lamar Blvd., Suite D109-317, Austin, TX 78704 (**"Maker"**) and PQPR Holdings Limited, LLC a Nevada Limited Liability Company, 100 Congress Ave., 18th Floor, Austin, TX 78701 (**"Payee"**).

Pursuant to the terms set forth herein, Maker, for value received, promises and agrees to pay, as herein provided, to the order of Payee or to such bank account as Payee may direct, in lawful money of the United States of America, the principal sum of Twenty-Five Million Three Hundred Thousand and 00/100 Dollars ($25,300,000.00). This Note memorializes the accrued and current obligations owed by Maker to Payee and provides for the payment of such obligations as provided herein below.

## 1. Payment of Principal and Interest; Security

**(a)** Principal and Interest (as provided below), are due and payable in annual installments of $1,939,644.81 on each anniversary of the Note at the address listed above (unless otherwise directed in writing by Payee) with the final payment being due and payable on November 10, 2036 (the **"Maturity Date"**), when the remaining balance of unpaid principal and accrued, unpaid interest will be payable in full. Pre-payments, if any, will be applied first to accrued interest, then to any costs or expenses due under the Note, and the remainder to reduction of the principal. Notwithstanding the foregoing, if the date on which payment is due is not a day on which banks are open for business in the State of Texas (a **"Business Day"**), then such payment shall be due on the Business Day next succeeding the payment date.

**(b)** The principal balance outstanding from time to time under this Note (after giving effect to all adjustments thereto made pursuant to the terms of this Note) shall bear interest at the lesser of (i) [**one and 80/100 percent (1.80%)**] per annum (**"Contract Rate"**); (ii) or the maximum rate of nonusurious interest allowed from time to time by applicable law. Interest shall be calculated at a daily rate based on a year of 365 or 366 days, as the case may be, with the daily rate so determined being applied for the actual number of days elapsed. All past due principal and accrued interest on this Note shall bear interest from maturity until paid at the lesser of (i) **five percent (5%)**, or (ii) the highest rate for which Maker may legally contract under applicable law.

**(c)** This Note is secured by a Security Agreement executed by Maker dated August 13, 2020 and evidenced by a UCC-1 recorded with the State of Texas on November 18, 2020.

2. **Maximum Interest Rate** - It is the intention of Maker and Payee to conform strictly to applicable usury laws. Accordingly, if the interest payable on this Note would be usurious under applicable law, in that event, notwithstanding anything to the contrary herein, it is agreed that the aggregate of all consideration that constitutes interest under applicable law that is taken, reserved, contracted for, charged or received under this Note shall under no circumstances exceed the maximum amount of interest allowed by applicable law, and any excess shall be canceled automatically and, if theretofore paid, shall be credited on this Note by Payee (or, to the extent that this Note shall have been or would thereby be

EXHIBIT

6

paid in full, refunded to Maker). All sums paid or agreed to be paid to Payee for the use, forbearance or detention of sums included in the amounts owing to Payee by Maker shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of this Note until paid in full so that the rate or amount of interest on account of indebtedness does not exceed the applicable usury ceiling, if any. As used in this Note, the term "applicable law" shall mean the law of the State of Texas.

**3. Prepayment** – Borrower reserves the right to prepay, prior to maturity, all or any part of the principal of this Note without penalty. Any prepayments will be solely at Borrower's option and will be applied first to accrued interest, then to fees and expenses due under this Note, and then to principal. Borrower will provide written notice to the holder of this Note of any such prepayment of all or any part of the principal at the time thereof. All payments and prepayments of principal or interest on this Note will be made in lawful money of the United States of America in immediately available funds, at the address of Lender indicated above, or such other place as the holder of this Note may designate in writing to Borrower.

**4. Waiver** - Maker expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith. Maker also waives any obligation that Payee pursue or exhaust its rights against any security for the Note prior to taking actions to collect the Note.

**5. Amendments** - Any term or provision of this Note and any obligation of Maker hereunder or with respect hereto, may be changed or modified, partially or completely, or noncompliance may be consented to or authorized, by written agreement between Maker and Payee.

**6. Events of Default** - The occurrence and continuance of any of the following events shall be considered an **"Event of Default"** for purposes of this Note: (a) default is made in the payment of principal or interest when due (b) any involuntary case or other proceeding shall be commenced against Maker that seeks liquidation, reorganization or other relief with respect to it or its debts or other liabilities under any bankruptcy, insolvency or other similar law now or hereafter in effect or seeking the appointment of a trustee, receiver, liquidator or custodian unless dismissed or stayed within 90 days after the institution thereof (provided that upon ineffectiveness of any stays, an Event of Default shall exist); (c) Maker shall commence a voluntary case or other proceeding seeking liquidation, reorganization or other relief with respect to itself or its debts or other liabilities under any bankruptcy, insolvency or other similar law now or hereafter in effect or seeking the appointment of a trustee, receiver, liquidator, custodian or other similar official with respect to Maker, or shall consent to any such relief or to the appointment of, or taking possession by, any such official in an involuntary case or other proceeding commenced against it, or shall make a general assignment for the benefit of creditors or shall fail generally or shall admit in writing its inability to pay its debts generally as they become due or shall take any corporate action to authorize or effect any of the foregoing; (d) a judgment in excess of $100,000 is entered against Maker which is not superseded within ten (10) of the date that it is entered; Maker shall cease business operations.

**7. Remedy** - Upon the occurrence of payment default as provided paragraph 6 (a) and the expiration of ten (10) days' notice and opportunity to cure, and upon the occurrence of any other Event of Default as provided in paragraph 6(b) -(d) and the expiration of thirty (30) days' notice and opportunity to cure, the entire principal amount and accrued interest of the Note then outstanding shall become immediately due and payable.

PQPR-3

006708

**8. Governing Law and Venue** – This Note and the rights and obligations hereunder shall be governed by and construed in accordance with the laws of the State of Texas without regard to its principles concerning conflicts of law. Venue for any action brought to collect this Note shall be in Travis County, Texas.

**9. Attorneys' Fees and Expenses** - In the event Payee institutes an action to collect this Note, then in addition to all other amounts due and owing hereunder, Maker shall be liable for and pay to Payee reasonable fees and costs, including attorneys' fees and expenses, of collection.

EXECUTED to be effective as of the date first above written.

**MAKER:**

Free Speech Systems, LLC

By _____

Alexander E. Jones, Manager

**ACKNOWLEDGEMENT BY PAYEE:**

PQPR Holdings Limited, LLC

By _____

David R. Jones, Manager

**PQPR-3**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| Acuity CxO LLC 5122929690 |

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
Acuity CxO LLC
219 Black Wolf Run
Austin, TX 78738
USA

**FILING NUMBER:** 20-0058072731
**FILING DATE:** 11/18/2020     02:06 PM
**DOCUMENT NUMBER:** 1008390830002
**FILED: Texas Secretary of State**
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME - Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
**Free Speech Systems LLC**

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3005 South Lamar Blvd, Suite D109-317 | Austin | TX | 78704 | USA |

2. DEBTOR'S NAME - Provide only one Debtor name (2a or 2b)

3. SECURED PARTY'S NAME

3a. ORGANIZATION'S NAME
**PQPR Holdings Limited LLC**

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 100 Congress Avenue, 18th Floor | Austin | TX | 78701 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
(1) all fixtures and personal property of every kind and nature, including all accounts, goods (including inventory and equipment), documents (including, if applicable, electronic documents), instruments, promissory notes, chattel paper (whether tangible or electronic), letters of credit, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), securities and all other investment property, general intangibles (including all payment intangibles), intellectual property, domain names, trademarks (including but not limited to the nutritional supplement marks Living Cleanse, Honor Roll, ExtendaWise, Happease, Gut Fusion, Vasobeet, Ultimate Female Force, The Real Red Pill, Bodease, Icuren, Flora Life, Immune Wall, Pollen Block, Alpha Power, DNA Force, Survival Shield, and Survival Shield X-2, and the brand Infowars Life), trade names, money, deposit accounts, and any other contract rights or rights to the payment of money; and
(2)all gross revenues, receivables and proceeds and products of each of the foregoing in subparagraph (1), all books and records relating to the foregoing, all supporting obligations related thereto, and all accessions to, substitutions and replacements for, and rents, profits and products of, each of the foregoing, and any and all proceeds of any insurance, indemnity, warranty or guaranty payable to the Debtor from time to time with respect to any of the foregoing.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust ☐ being administered by a Decedent's Personal Representative
6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility
6b. ☐ Agricultural Lien ☐ Non-UCC Filing
7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor
8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY

PQPR-4

EXHIBIT 7

006710

**Forbearance Agreement**
**Summary of Indicative Terms and Conditions**
**Free Speech Systems, LLC.**
**July 10, 2022**

*Free Speech Systems, LLC ("FSS") has discovered certain problems with its record keeping and inventory. These problems, along with litigation expenses, have created a cash flow difficulty, which FSS believes to be temporary. FSS has requested, and PQPR Holdings Limited, LLC ("PQPR"), a secured creditor and provider of product to FSS, has agreed, to a temporary forbearance of certain terms for a period of 60 days, as follows:*

**Credit Card Processing Fee:**     The "fixed fee" provided for in the Financial Services Agreement between FSS and _____ LLC and the MOU shall be reduced from ten percent (10%) to two percent (2%) of gross sales proceeds, net of credit card processing fees.

4% (four percent) WMS

**Allocation of Net Sales Proceeds:**

**FSS Inventory**     FSS Inventory means inventory which PQPR has ordered from vendors on FSS' behalf and for which FSS has pre-paid (prior to product delivery) all or part of the cost of the product.

FSS shall receive 90% of the Net Sales Proceeds and PQPR shall receive 10% of the Net Sales Proceeds. Such sums will be distributed to FSS and PQPR by

FSS shall pay one third any amount advanced by PQPR for FSS Inventory within 30 days following execution of final documents memorializing this agreement, with the balance of PQPR's advances for FSS Inventory due 15 days thereafter.

**PQPR Inventory**     PQPR Inventory means inventory which PQPR has ordered from vendors on PQPR's behalf and for which PQPR has paid the cost of the product.

PQPR Net Sales Proceeds generated from the sale of PQPR Inventory through FSS sales channels shall be paid 20% to FSS and 80% to PQPR.

PQPR Net Sales Proceeds generated from the sale of PQPR Inventory through non FSS sales channels shall be paid 10% to FSS and 90% to PQPR.

All payments will be distributed to FSS and PQPR by

Aurium.

| | |
|---|---|
| **Warehouse and Fulfillment Related Expenses** | FSS will pay one hundred percent (100%) of the employee, lease and shipping expenses associated with the warehouse and fulfillment operations in connection with the sale of PQPR and FSS Inventory. |
| **PQPR Debt** | FSS owes PQPR as represented by the notes dated August 13, 2020, and November 10, 2021 in the total original amount of $54,888,000. Currently, FSS is paying PQPR $11,000 per business day. As a temporary accommodation to FSS, PQPR agrees to reduce the amount FSS will pay to PQPR to $2,500 per business day to be applied to interest on the PQPR Notes for thirty (30) days following the effective date of this agreement, increasing to $5,500 per business day thereafter through the term of this forbearance agreement. |
| | FSS will acknowledge the validity and priority of the PQPR debt and liens and will agree to a replacement lien of equal scope and priority to PQPR's existing liens. |
| **Term:** | 60 Days |
| **Reservation:** | Subject to revision after implementation based on actual operational results. |

Executed this _12_ day of July 2022.


Free Speech Systems, LLC


By: _____

    Marc Schwartz, Its Chief Restructuring Officer



PQPR Holdings Limited, LLC


By: _____

    David Jones, Its Manager

LLC

By: _____
Its Manager

PQPR-5

## EXHIBIT A

**13-Week  Budget**

006714

Free Speech Systems LLC
## Forecasted 13 Week Cash Flow Budget
Between July 30, 2022 and October 28, 2022

| Period / Week Number | 07/30/2022-08/05/2022 (1) | 08/06/2022-08/12/2022 (2) | 08/13/2022-08/19/2022 (3) | 08/20/2022-08/26/2022 (4) | 08/27/2022-09/02/2022 (5) | 09/03/2022-09/09/2022 (6) | 09/10/2022-09/16/2022 (7) | 09/17/2022-09/23/2022 (8) | 09/24/2022-09/30/2022 (9) | 10/01/2022-10/07/2022 (10) | 10/08/2022-10/14/2022 (11) | 10/15/2022-10/21/2022 (12) | 10/22/2022-10/28/2022 (13) | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | | | |
| Product Sales | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 | $ 7,741,357.16 |
| Advertising | | | | 480,166.46 | | | | 480,166.46 | | | | 480,166.46 | | 1,440,499.38 |
| Donations | 3,141.25 | 3,141.25 | 3,141.25 | 3,141.25 | 3,141.25 | 3,141.25 | 3,141.25 | 3,141.25 | 3,141.25 | 3,141.25 | 3,141.25 | 3,141.25 | 3,141.25 | 40,836.21 |
| **Total Income** | 598,630.26 | 598,630.26 | 598,630.26 | 1,078,796.72 | 598,630.26 | 598,630.26 | 598,630.26 | 1,078,796.72 | 598,630.26 | 598,630.26 | 598,630.26 | 1,078,796.72 | 598,630.26 | 9,222,690.75 |
| **Selling & Product Costs** | | | | | | | | | | | | | | |
| Inventory Purchase | (76,155.17) | (76,155.17) | (76,155.17) | (76,155.17) | (76,155.17) | (76,155.17) | (76,155.17) | (76,155.17) | (76,155.17) | (76,155.17) | (76,155.17) | (76,155.17) | (76,155.17) | (990,017.27) |
| Repay PQPR Inventory | | (250,000.00) | | (500,000.00) | | | | | | | | | | (750,000.00) |
| Merchant Account Fees | (26,797.01) | (26,797.01) | (26,797.01) | (26,797.01) | (26,797.01) | (26,797.01) | (26,797.01) | (26,797.01) | (26,797.01) | (26,797.01) | (26,797.01) | (26,797.01) | (26,797.01) | (348,361.07) |
| Shipping cost for drop ship orders | (7,911.81) | (7,911.81) | (7,911.81) | (7,911.81) | (7,911.81) | (7,911.81) | (7,911.81) | (7,911.81) | (7,911.81) | (7,911.81) | (7,911.81) | (7,911.81) | (7,911.81) | (102,853.59) |
| Fulfillment Services | (95,278.24) | (95,278.24) | (95,278.24) | (95,278.24) | (95,278.24) | (95,278.24) | (95,278.24) | (95,278.24) | (95,278.24) | (95,278.24) | (95,278.24) | (95,278.24) | (95,278.24) | (1,238,617.15) |
| Processor Fees | (23,819.56) | (23,819.56) | (23,819.56) | (23,819.56) | (23,819.56) | (23,819.56) | (23,819.56) | (23,819.56) | (23,819.56) | (23,819.56) | (23,819.56) | (23,819.56) | (23,819.56) | (309,654.29) |
| eCommerce Store Maintenance | (27,270.00) | | | | (27,270.00) | | | | (27,270.00) | | | | | (81,810.00) |
| Texas Sales Tax | (5,337.87) | | | | (5,337.87) | | | | (5,337.87) | | | | | (16,013.61) |
| **Total Cost of Goods Sold** | (262,569.67) | (479,961.80) | (229,961.80) | (729,961.80) | (262,569.67) | (229,961.80) | (229,961.80) | (229,961.80) | (262,569.67) | (229,961.80) | (229,961.80) | (229,961.80) | (229,961.80) | (3,837,326.97) |
| **Operating Expenses** | | | | | | | | | | | | | | |
| **Advertising & Promotion** | | | | | | | | | | | | | | |
| Advertising & Promotion | (3,041.98) | | | | (3,041.98) | | | | (3,041.98) | | | | | (9,125.93) |
| Print Media | (3,000.00) | | | | (3,000.00) | | | | (3,000.00) | | | | | (9,000.00) |
| Radio Show Advertising | (11,500.00) | | | | (11,500.00) | | | | (11,500.00) | | | | | (34,500.00) |
| **Total Advertising & Promotion** | (17,541.98) | | | | (17,541.98) | | | | (17,541.98) | | | | | (52,625.93) |
| **Computer/IT/IP Expense** | | | | | | | | | | | | | | |
| Internet & TV services | (2,082.90) | | (1,608.39) | | (2,082.90) | | (1,608.39) | | (2,082.90) | | (1,608.39) | | | (11,073.89) |
| Software License Fees | (140.80) | | | | (140.80) | | | | (140.80) | | | | | (422.40) |
| Server Hosting Service | (28,595.13) | | | | (28,595.13) | | | | (28,595.13) | | | | | (85,785.40) |
| CDN Video Cloud Storage | (55,728.00) | | | | (55,728.00) | | | | (55,728.00) | | | | | (167,184.00) |
| Satellite Service | (137,282.93) | | | | (137,282.93) | | | | (137,282.93) | | | | | (411,848.78) |
| Imaging License Fee | (9,201.25) | | | | (9,201.25) | | | | (9,201.25) | | | | | (27,603.75) |
| Software & Apps | (5,000.00) | | | | (5,000.00) | | | | (5,000.00) | | | | | (15,000.00) |
| Website Hosting | | | (266.50) | | | | (266.50) | | | | (266.50) | | | (799.50) |
| **Total Computer/IT/IP Expense** | (238,031.01) | | (1,874.89) | | (238,031.01) | | (1,874.89) | | (238,031.01) | | (1,874.89) | | | (719,717.72) |
| **Office & Administrative Expense** | | | | | | | | | | | | | | |
| Insurance | (2,166.50) | | | | (2,166.50) | | | | (2,166.50) | | | | | (6,499.50) |
| Bank Fees & Service Charges | (45.90) | (45.90) | (45.90) | (45.90) | (45.90) | (45.90) | (45.90) | (45.90) | (45.90) | (45.90) | (45.90) | (45.90) | (45.90) | (596.74) |
| Equipment Rental | (1,989.90) | | | | (1,989.90) | | | | (1,989.90) | | | | | (5,969.69) |
| Office Supplies/Printing/Copy | (2.10) | (2.10) | (2.10) | (2.10) | (2.10) | (2.10) | (2.10) | (2.10) | (2.10) | (2.10) | (2.10) | (2.10) | (2.10) | (27.31) |
| Business Meals | (280.46) | (280.46) | (280.46) | (280.46) | (280.46) | (280.46) | (280.46) | (280.46) | (280.46) | (280.46) | (280.46) | (280.46) | (280.46) | (3,645.97) |
| **Total Office & Administrative Expense** | (2,318.36) | (328.46) | (328.46) | (328.46) | (2,318.36) | (328.46) | (328.46) | (328.46) | (2,318.36) | (328.46) | (328.46) | (328.46) | (328.46) | (10,239.71) |
| Outsourced Services | (45,980.00) | | | | (45,980.00) | | | | (45,980.00) | | | | | (137,940.00) |
| Consulting Services | (22,670.00) | | (12,000.00) | | (22,670.00) | | (12,000.00) | | (22,670.00) | | (12,000.00) | | | (104,010.00) |
| **Utilities** | | | | | | | | | | | | | | |
| Electricity | | | (5,107.63) | | | | (5,107.63) | | | | (5,107.63) | | | (15,322.89) |
| HVAC | (256.19) | | | | (256.19) | | | | (256.19) | | | | | (768.58) |
| CAM Charges | (20,364.16) | | | | (20,364.16) | | | | (20,364.16) | | | | | (61,092.48) |
| Water & Sewer | (1,708.55) | | | | (1,708.55) | | | | (1,708.55) | | | | | (5,125.66) |
| Gas Service | (132.09) | | | | (132.09) | | | | (132.09) | | | | | (396.28) |
| Pest Control | (244.65) | | | | (244.65) | | | | (244.65) | | | | | (733.95) |
| Waste Management | (351.81) | | | | (351.81) | | | | (351.81) | | | | | (1,055.43) |
| **Total Utilities** | (23,057.46) | | (5,107.63) | | (23,057.46) | | (5,107.63) | | (23,057.46) | | (5,107.63) | | | (84,495.27) |
| **Occupancy** | | | | | | | | | | | | | | |
| Rent | (33,408.51) | | | | (33,408.51) | | | | (33,408.51) | | | | | (100,225.53) |
| Security | (31,111.90) | | | | (31,111.90) | | | | (31,111.90) | | | | | (93,335.69) |
| Repair & Maintenance - Building | (1,777.19) | | | | (1,777.19) | | | | (1,777.19) | | | | | (5,331.56) |
| Janitorial | (5,983.33) | | | | (5,983.33) | | | | (5,983.33) | | | | | (17,950.00) |
| **Total Occupancy** | (72,280.93) | | | | (72,280.93) | | | | (72,280.93) | | | | | (216,842.78) |
| Supplies | (1,258.02) | | | | (1,258.02) | | | | (1,258.02) | | | | | (3,774.07) |

PQPR-6

**Free Speech Systems LLC**
**Forecasted 13 Week Cash Flow Budget**
Between July 30, 2022 and October 28, 2022

| Period | 07/30/2022-08/05/2022 | 08/06/2022-08/12/2022 | 08/13/2022-08/19/2022 | 08/20/2022-08/26/2022 | 08/27/2022-09/02/2022 | 09/03/2022-09/09/2022 | 09/10/2022-09/16/2022 | 09/17/2022-09/23/2022 | 09/24/2022-09/30/2022 | 10/01/2022-10/07/2022 | 10/08/2022-10/14/2022 | 10/15/2022-10/21/2022 | 10/22/2022-10/28/2022 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Telephone | (18,337.88) | | | | (18,337.88) | | | | (18,337.88) | | | | | (55,013.65) |
| **Personnel Expenses** | | | | | | | | | | | | | | |
| Salaries & Wages - Base | (168,467.44) | | (168,467.44) | | (168,467.44) | | (168,467.44) | | (168,467.44) | | (168,467.44) | | (168,467.44) | (1,179,272.08) |
| Payroll Tax | (13,971.09) | | (13,971.09) | | (13,971.09) | | (13,971.09) | | (13,971.09) | | (13,971.09) | | (13,971.09) | (97,797.65) |
| Alex Jones Salary | (54,166.67) | | (54,166.67) | | (54,166.67) | | (54,166.67) | | (54,166.67) | | (54,166.67) | | (54,166.67) | (379,166.67) |
| Total Personnel Expenses | (236,605.20) | | (236,605.20) | | (236,605.20) | | (236,605.20) | | (236,605.20) | | (236,605.20) | | (236,605.20) | (1,656,236.39) |
| **Travel** | | | | | | | | | | | | | | |
| Mileage/Parking/Tolls | (99.69) | (99.69) | (99.69) | (99.69) | (99.69) | (99.69) | (99.69) | (99.69) | (99.69) | (99.69) | (99.69) | (99.69) | (99.69) | (1,295.98) |
| Vehicle Leases | (1,470.56) | | | | (1,470.56) | | | | (1,470.56) | | | | | (4,411.68) |
| Total Travel Expenses | (1,570.25) | (99.69) | (99.69) | (99.69) | (1,570.25) | (99.69) | (99.69) | (99.69) | (1,570.25) | (99.69) | (99.69) | (99.69) | (99.69) | (5,707.66) |
| **Total Operating Expenses** | (680,347.03) | (1,898.71) | (256,015.88) | (428.15) | (680,347.03) | (1,898.71) | (256,015.88) | (428.15) | (680,347.03) | (428.15) | (238,503.91) | (19,410.68) | (237,033.35) | (3,053,102.68) |
| **Non-Operating Expenses** | | | | | | | | | | | | | | |
| Payment on PQPR Note | (12,500.00) | (15,500.00) | (27,500.00) | (27,500.00) | (27,500.00) | (55,000.00) | (55,000.00) | (55,000.00) | (55,000.00) | (55,000.00) | (55,000.00) | (55,000.00) | (27,500.00) | (523,000.00) |
| AMEX Payment | (172,390.28) | | (172,390.28) | | (172,390.28) | | (172,390.28) | | (172,390.28) | | (172,390.28) | | | (1,034,341.69) |
| Total Other Expenses | (184,890.28) | (15,500.00) | (199,890.28) | (27,500.00) | (199,890.28) | (55,000.00) | (227,390.28) | (55,000.00) | (227,390.28) | (55,000.00) | (227,390.28) | (55,000.00) | (27,500.00) | (1,557,341.69) |
| **Professional Fees** | | | | | | | | | | | | | | |
| CRO Fees | | | | | | | (52,992.00) | | (35,328.00) | | | | | (88,320.00) |
| Financial Advisor Fee | | | | | | | (57,876.00) | | (40,352.00) | | | | | (98,228.00) |
| Shannon & Lee LLP | | | | | | | (40,000.00) | | (60,000.00) | | | | | (100,000.00) |
| Ray Battaglia | | | | | | | (24,000.00) | | (24,000.00) | | | | | (48,000.00) |
| Total Professional Fees | | | | | | | (174,868.00) | | (159,680.00) | | | | | (334,548.00) |
| **Total Cash Flow** | $ (529,176.72) | $ 101,269.75 | $ (87,237.70) | $ 320,906.77 | $ (544,176.72) | $ 339,269.75 | $ (289,605.70) | $ 793,406.77 | $ (731,356.72) | $ 313,240.31 | $ (97,225.73) | $ 774,424.24 | $ 76,635.11 | $ 440,373.41 |

PQPR-6

# Forecasted 3 Week Cash Flow Budget

## Between July 30, 2022 and August 19, 2022

| | Period | 07/30/2022-08/05/2022 | 08/06/2022-08/12/2022 | 08/13/2022-08/19/2022 |
|---|---|---|---|---|
| | Week Number | 1 | 2 | 3 |

## Income

| | | | |
|---|---|---|---|
| Product Sales | $ 595,489.01 | $ 595,489.01 | $ 595,489.01 |
| Advertising | - | - | - |
| Donations | 3,141.25 | 3,141.25 | 3,141.25 |
| **Total Income** | **598,630.26** | **598,630.26** | **598,630.26** |

### Selling & Product Costs

| | | | |
|---|---|---|---|
| Inventory Purchase | (76,155.17) | (76,155.17) | (76,155.17) |
| Repay PQPR Inventory | - | (250,000.00) | - |
| Merchant Account Fees | (26,797.01) | (26,797.01) | (26,797.01) |
| Shipping cost for drop ship orders | (7,911.81) | (7,911.81) | (7,911.81) |
| Fulfillment Services | (95,278.24) | (95,278.24) | (95,278.24) |
| Processor Fees | (23,819.56) | (23,819.56) | (23,819.56) |
| eCommerce Store Maintenance | (27,270.00) | - | - |
| Texas Sales Tax | (5,337.87) | - | - |
| **Total Cost of Goods Sold** | **(262,569.67)** | **(479,961.80)** | **(229,961.80)** |

## Operating Expenses

### Advertising & Promotion

| | | | |
|---|---|---|---|
| Advertising & Promotion | (3,041.98) | - | - |
| Print Media | (3,000.00) | - | - |
| Radio Show Advertising | (11,500.00) | - | - |
| **Total Advertising & Promotion** | **(17,541.98)** | **-** | **-** |

### Computer/IT/IP Expense

| | | | |
|---|---|---|---|
| Internet & TV services | (2,082.90) | - | (1,608.39) |
| Software License Fees | (140.80) | - | - |
| Server Hosting Service | (28,595.13) | - | - |
| CDN Video Cloud Storage | (55,728.00) | - | - |
| Satellite Service | (137,282.93) | - | - |
| Imaging License Fee | (9,201.25) | - | - |
| Software & Apps | (5,000.00) | - | - |
| Website Hosting | - | - | (266.50) |
| **Total Computer/IT/IP Expense** | **(238,031.01)** | **-** | **(1,874.89)** |
| Insurance | (2,166.50) | - | - |

### Office & Administrative Expense

| | | | |
|---|---|---|---|
| Bank Fees & Service Charges | (45.90) | (45.90) | (45.90) |
| Equipment Rental | (1,989.90) | - | - |
| Office Supplies/Printing/Copy | (2.10) | (2.10) | (2.10) |
| Business Meals | (280.46) | (280.46) | (280.46) |
| **Total Office & Administrative Expense** | **(2,318.36)** | **(328.46)** | **(328.46)** |

| | | | |
|---|---|---|---|
| Outsourced Services | (45,980.00) | - | - |
| Consulting Services | (22,670.00) | - | (12,000.00) |
| **Utilities** | | | |
| Electricity | - | - | (5,107.63) |
| HVAC | (256.19) | - | - |

PQPR-7



EXHIBIT

10

006717

exhibitsticker.com

| Period | 07/30/2022-08/05/2022 | 08/06/2022-08/12/2022 | 08/13/2022-08/19/2022 |
|---|---|---|---|
| CAM Charges | (20,364.16) | - | - |
| Water & Sewer | (1,708.55) | - | - |
| Gas Service | (132.09) | - | - |
| Pest Control | (244.65) | - | - |
| Waste Management | (351.81) | - | - |
| **Total Utilities** | **(23,057.46)** | **-** | **(5,107.63)** |
| **Occupancy** | | | |
| Rent | (33,408.51) | - | - |
| Office Security | (31,111.90) | - | - |
| Repair & Maintenance - Building | (1,777.19) | - | - |
| Janitorial | (5,983.33) | - | - |
| **Total Occupancy** | **(72,280.93)** | **-** | **-** |
| Supplies | (1,258.02) | - | - |
| Telephone | (18,337.88) | - | - |
| **Personnel Expenses** | | | |
| Salaries & Wages - Base | (168,467.44) | - | (168,467.44) |
| Payroll Tax | (13,971.09) | - | (13,971.09) |
| Alex Jones Salary | (54,166.67) | - | (54,166.67) |
| **Total Personnel Expenses** | **(236,605.20)** | **-** | **(236,605.20)** |
| **Travel** | | | |
| Mileage/Parking/Tolls | (99.69) | (99.69) | (99.69) |
| Vehicle Leases | - | (1,470.56) | - |
| **Total Travel Expenses** | **(99.69)** | **(1,570.25)** | **(99.69)** |
| **Total Operating Expenses** | **(680,347.03)** | **(1,898.71)** | **(256,015.88)** |
| ***Non-Operating Expenses*** | | | |
| Payment on PQPR Note | (12,500.00) | (15,500.00) | (27,500.00) |
| AMEX Payment | (172,390.28) | - | (172,390.28) |
| **Total Other Expenses** | **(184,890.28)** | **(15,500.00)** | **(199,890.28)** |
| **Professional Fees** | | | |
| CRO Fees | - | - | - |
| Financial Adviosr Fee | - | - | - |
| Shannon & Lee LLP | - | - | - |
| Ray Battaglia | - | - | - |
| **Total Professional Fees** | **-** | **-** | **-** |
| **Total Cash Flow** | **$ (529,176.72)** | **$ 101,269.75** | **$ (87,237.70)** |

PQPR-7

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 24, 2022

Nathan Ochsner, Clerk

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 22-60043** |
| **FREE SPEECH SYSTEMS, LLC.,** | § | **Chapter 11 (Subchapter V)** |
| | § | |
| Debtor. | § | |

## SECOND INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL AND PROVIDING PARTIAL ADEQUATE PROTECTION

On July 29, 2022, the above-captioned debtor and debtor-in-possession (the "Debtor" or "FSS") in the above-captioned chapter 11 case (the "Case"), filed its *Emergency Motion for an Interim and Final Order (I) Authorizing the Use of Cash Collateral Pursuant to sections 105, 361, and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) and (II) Granting Adequate Protection to the Pre-Petition Secured Lender* (the "Motion"). In the Motion, the Debtor requested, *inter alia*, entry of an interim order pursuant to Sections 105, 361, and 363 of title 11 of the United States Code,11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and in accordance with Rules 2002, 4001,and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor's use of Cash Collateral (as hereinafter defined), as set forth herein. The Court held an interim hearing on the Motion on August 3, 2022 (the "Interim Hearing") and entered an order approving the interim use of cash collateral. (the "First Interim Order"). This order is the second interim order ("Second Interim Order"), negotiated between the Debtor and certain tort claimants pursuing litigation against the Debtor and others in Texas and Connecticut (the "Tort Plaintiffs"). The Debtor and the Tort Plaintiffs reserve all rights relating to a final hearing on the use of cash collateral. The findings contained in the First Interim Order are incorporated by reference.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.  <u>Interim Use</u>. The Court approves the interim use of cash collateral as set forth herein.

2. <u>Interim Order</u>. This Order shall be considered an interim cash collateral order and shall be binding upon all parties and upon all subsequently appointed court officers, including any trustee appointed in the Case under Chapter 7 or Chapter 11 of the Bankruptcy Code.

3. <u>DIP Account</u>. The Debtor shall maintain debtor in possession ("<u>DIP</u>") accounts at Axos Bank which accounts shall contain all operating revenues and any other source of cash constituting Cash Collateral, which is (or has been) generated by and is attributable to the Debtor's business (the "<u>DIP Account</u>"). All cash generated by the Debtor or from the Debtor's business or assets, including any cash held in any of the Debtor's pre-petition bank accounts, shall be immediately transferred by the Debtor to the DIP Account. The Debtor shall be prohibited from withdrawing or using Cash Collateral funds from the DIP Account except as provided for in the Budget, this Order, or pursuant to further order of the Court.

4. <u>Terms of Cash Collateral Use</u>. The Debtor is hereby authorized to use Cash Collateral during the period covered by this Second Interim Order (the "<u>Interim Period</u>") to pay the items set forth in the revised Budget attached to this Order as Exhibit A, and up to the respective aggregate amount of disbursements set forth in the Budget for any week during the Interim Period, subject to the Permitted Variance (as hereinafter defined). The Permitted Variance shall be defined as 10% per line item and 20% of the overall Budget. The Debtor shall not use, sell, or expend, directly or indirectly, the Cash Collateral except pursuant to the Budget and upon the terms and conditions set forth in this Order.

5. <u>No Payments to Insiders</u>. Other than as provided for in the Budget, the Debtor shall not make any payment to or for the benefit of any insider of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code. Other than as provided for in the Budget, no payments to any insider during the Interim Period shall exceed $20,000.

6. <u>Payment to PQPR for Inventory Purchase</u>. Notwithstanding the limitation on payments to insiders set forth in the preceding paragraph, the Debtor is authorized to use Cash Collateral to pay PQPR up to $750,000 as provided in the Budget for "Repay PQPR Inventory" (each payment comprising a portion of the $750,000, a "<u>PQPR Payment</u>"). Creditors and parties in interest shall have thirty (30) days from the date

006720

they receive notice that a PQPR Payment was issued to object to the appropriateness of that payment and file pleadings with the Court seeking to clawback the PQPR Payment. The Debtor shall provide notice of a PQPR Payment to creditors and parties in interest on the same day the payment is issued.

7.      Further Authorization.  The Debtor is hereby authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use Cash Collateral subject to the terms of this Order in the amounts and for the expenses set forth on the Budget. The Debtor is authorized to collect and receive all accounts receivable and other operating revenues and immediately deposit same in the DIP Account.

8.      Taxes.  Nothing in this Order shall be construed to grant PQPR (the "Pre-Petition Lender") liens which are senior to pre- and post-petition statutory ad valorem real property tax liens. The Debtor shall remain current in all post-petition tax payments and reporting obligations, including, but not limited to, all ad valorem real property taxes and federal trust fund taxes.

9.      Adequate Protection – Replacement Liens.      The adequate protection and related carve outset forth in the First Interim Order are incorporated in the Second Interim Order.

10.     Subsequent Modification of Order. If any or all of the provisions of this Order are hereafter modified, vacated or stayed, such modification, vacation or stay shall not affect the validity of any obligation, indebtedness or liability incurred by the Debtor from the Petition Date through the effective date of such modification, vacation or stay, or the validity or enforceability of any security interest, lien or priority authorized or created by this Order.

11.     Credit Card Processing. The Debtor is authorized to instruct its credit card processor to remit to Blue Ascension, LLC its fulfillment charges as set forth in the *Emergency Motion to Amend Interim Order Authorizing the Use of Cash Collateral*, from the daily settlement contemporaneously with the distributions to FSS and PQPR.

12.     Reporting. The Debtor shall report each Tuesday for the preceding calendar week reflecting weekly sales and disbursement of the proceeds of those sales.  A copy of the report shall be forwarded to the

006721

U.S. Trustee, the Subchapter V Trustee, counsel for PQPR and Jarrod Martin as a representative of the Tort Plaintiffs.

13.     Reservation of Rights. Nothing herein shall constitute a finding or ruling by this Court that any alleged and disputed lien or alleged and disputed security interest held by the alleged Pre-Petition Lender in respect of the purported PQPR Notes (as defined in the Motion) is valid, senior, enforceable, prior, perfected, or nonavoidable. Moreover, nothing herein shall prejudice the rights of any party-in-interest, including but not limited to the Debtor, any official committee appointed in the Chapter 11 Case or any other creditor, to challenge the validity, priority, enforceability, seniority, avoidability, perfection, or extent of any alleged and disputed lien or alleged and disputed security interest held by the alleged Pre-Petition Lender in respect of the purported PQPR Notes.

14.     Discovery. The Tort Plaintiffs issued written discovery to the Debtor and PQPR relating to the use of cash collateral on a final basis. PQPR and the Debtor will provide written discovery responses and produce responsive documents to the Tort Plaintiffs no later than August 30. If PQPR and the Debtor have objections to discovery, it will be their obligation file written objections to discovery before August 30, 2022. PQPR and the Debtor will make a good faith effort to begin producing responsive documents on a rolling basis as soon as possible, but not later than August 29th, 2022. The Tort Plaintiffs will provide deposition topics no later than August 22, which may be subject to amendment once document production is reviewed. The Debtor shall present a corporate representative for deposition on September 6, 2022. PQPR shall present a corporate representative for deposition on September 8. PQPR, the Debtor, and the Tort Plaintiffs agree that any discovery dispute may be heard on an emergency basis.

15.     Final Cash Collateral Hearing: A final hearing on the Motion shall be held before this Court on September 13, 2022, at 1:00 p.m. Central time.

Signed:  August 24, 2022

Christopher Lopez
United States Bankruptcy Judge

006722

**Free Speech Systems LLC**
**Forecasted Interim Cash Flow Budget (Week 4 - Week 7)**
**Between August 20, 2022 and September 16, 2022**

| | Period | 08/20/2022-08/26/2022 | 08/27/2022-09/02/2022 | 09/03/2022-09/09/2022 | 09/10/2022-09/16/2022 | Total |
|---|---|---|---|---|---|---|
| | Week Number | 4 | 5 | 6 | 7 | |
| **Income** | | | | | | |
| Product Sales | | $ 900,000.00 | $ 1,000,000.00 | $ 1,000,000.00 | $ 1,000,000.00 | $ 3,900,000.00 |
| Advertising | | $ 480,166.46 | $ - | $ - | $ - | $ 480,166.46 |
| Donations | | $ 3,141.25 | $ 3,141.25 | $ 3,141.25 | $ 3,141.25 | $ 12,564.99 |
| **Total Income** | | $ 1,383,307.71 | $ 1,003,141.25 | $ 1,003,141.25 | $ 1,003,141.25 | $ 4,392,731.45 |
| **Selling & Product Costs** | | | | | | |
| Inventory Purchase | | $ (76,155.17) | $ (76,155.17) | $ (225,294.19) | $ (225,294.19) | $ (602,898.72) |
| Repay PQPR Inventory | | $ (250,000.00) | | $ (500,000.00) | | $ (750,000.00) |
| Merchant Account Fees | | $ (44,100.00) | $ (49,000.00) | $ (49,000.00) | $ (49,000.00) | $ (191,100.00) |
| Shipping cost for drop ship orders | | $ (11,957.62) | $ (13,286.25) | $ (13,286.25) | $ (13,286.25) | $ (51,816.36) |
| Fulfillment Services | | $ (219,512.20) | $ (243,902.44) | $ (243,902.44) | $ (243,902.44) | $ (951,219.51) |
| Processor Fees | | $ (36,000.00) | $ (40,000.00) | $ (40,000.00) | $ (40,000.00) | $ (156,000.00) |
| eCommerce Store Maintenance | | $ - | $ (27,270.00) | $ - | $ - | $ (27,270.00) |
| Texas Sales Tax | | $ - | $ (5,337.87) | $ - | $ - | $ (5,337.87) |
| **Total Cost of Goods Sold** | | $ (637,724.99) | $ (454,951.73) | $ (1,071,482.87) | $ (571,482.87) | $ (2,735,642.47) |
| **Operating Expenses** | | | | | | |
| **Advertising & Promotion** | | | | | | |
| Advertising & Promotion | | $ - | $ (3,041.98) | $ - | $ - | $ (3,041.98) |
| Print Media | | $ - | $ (3,000.00) | $ - | $ - | $ (3,000.00) |
| Radio Show Advertising | | $ - | $ (11,500.00) | $ - | $ - | $ (11,500.00) |
| **Total Advertising & Promotion** | | $ - | $ (17,541.98) | $ - | $ - | $ (17,541.98) |
| **Computer/IT/IP Expense** | | | | | | |
| Internet & TV services | | $ - | $ (2,082.90) | $ - | $ (1,608.39) | $ (3,691.30) |
| Software License Fees | | $ - | $ (140.80) | $ - | $ - | $ (140.80) |
| Server Hosting Service | | $ - | $ (28,595.13) | $ - | $ - | $ (28,595.13) |
| CDN Video Cloud Storage | | $ - | $ (55,728.00) | $ - | $ - | $ (55,728.00) |
| Satellite Service | | $ - | $ (137,282.93) | $ - | $ - | $ (137,282.93) |
| Imaging License Fee | | $ - | $ (9,201.25) | $ - | $ - | $ (9,201.25) |
| Software & Apps | | $ - | $ (5,000.00) | $ - | $ - | $ (5,000.00) |
| Website Hosting | | $ - | $ - | $ - | $ (266.50) | $ (266.50) |
| **Total Computer/IT/IP Expense** | | $ - | $ (238,031.01) | $ - | $ (1,874.89) | $ (239,905.91) |
| Insurance | | $ - | $ (2,166.50) | $ - | $ - | $ (2,166.50) |
| **Office & Administrative Expense** | | | | | | $ - |
| Bank Fees & Service Charges | | $ (69.38) | $ (77.08) | $ (77.08) | $ (77.08) | $ (300.63) |
| Equipment Rental | | $ - | $ (1,989.90) | $ - | $ - | $ (1,989.90) |
| Office Supplies/Printing/Copy | | $ (3.17) | $ (3.53) | $ (3.53) | $ (3.53) | $ (13.76) |
| Business Meals | | $ (423.88) | $ (470.97) | $ (470.97) | $ (470.97) | $ (1,836.79) |
| **Total Office & Administrative Expense** | | $ (496.43) | $ (2,541.48) | $ (551.58) | $ (551.58) | $ (4,141.08) |
| **Outsourced Services** | | $ - | $ - | $ - | $ - | |
| Consulting Services | | $ - | $ - | $ - | $ - | |
| **Utilities** | | | | | | |
| Electricity | | $ - | $ - | $ - | $ (5,107.63) | $ (5,107.63) |
| HVAC | | $ - | $ (256.19) | $ - | $ - | $ (256.19) |
| CAM Charges | | $ - | $ (20,364.16) | $ - | $ - | $ (20,364.16) |
| Water & Sewer | | $ - | $ (1,708.55) | $ - | $ - | $ (1,708.55) |
| Gas Service | | $ - | $ (132.09) | $ - | $ - | $ (132.09) |
| Pest Control | | $ - | $ (244.65) | $ - | $ - | $ (244.65) |
| Waste Management | | $ - | $ (351.81) | $ - | $ - | $ (351.81) |
| **Total Utilities** | | $ - | $ (23,057.46) | $ - | $ (5,107.63) | $ (28,165.09) |
| **Occupancy** | | | | | | |
| Rent | | $ - | $ (33,408.51) | $ - | $ - | $ (33,408.51) |
| Office Security | | $ - | $ (31,111.90) | $ - | $ - | $ (31,111.90) |
| Repair & Maintenance - Building | | $ - | $ (1,777.19) | $ - | $ - | $ (1,777.19) |
| Janitorial | | $ - | $ (5,983.33) | $ - | $ - | $ (5,983.33) |
| **Total Occupancy** | | $ - | $ (72,280.93) | $ - | $ - | $ (72,280.93) |
| Supplies | | $ - | $ (1,258.02) | $ - | $ - | $ (1,258.02) |
| Telephone | | | $ (18,337.88) | | | $ (18,337.88) |
| **Personnel Expenses** | | | | | | $ - |
| Salaries & Wages - Base | | $ - | $ (168,467.44) | $ - | $ (168,467.44) | $ (336,934.88) |
| Payroll Tax | | $ - | $ (13,287.76) | $ - | $ (13,287.76) | $ (26,575.52) |
| Alex Jones Salary | | $ - | $ (20,000.00) | $ - | $ (20,000.00) | $ (40,000.00) |



EXHIBIT

PQPR-8

006723

**Free Speech Systems LLC**
**Forecasted Interim Cash Flow Budget (Week 4 - Week 7)**
**Between August 20, 2022 and September 16, 2022**

| Period | 08/20/2022-08/26/2022 | 08/27/2022-09/02/2022 | 09/03/2022-09/09/2022 | 09/10/2022-09/16/2022 | Total |
|---|---|---|---|---|---|
| Total Personnel Expenses | $ - | $ (201,755.20) | $ - | $ (201,755.20) | $ (403,510.40) |
| **Travel** | | | | | $ - |
| Mileage/Parking/Tolls | $ (150.67) | $ (167.41) | $ (167.41) | $ (167.41) | $ (652.90) |
| Vehicle Leases | $ - | $ - | $ (1,470.56) | $ - | $ (1,470.56) |
| **Total Travel Expenses** | $ (150.67) | $ (167.41) | $ (1,637.97) | $ (167.41) | $ (2,123.46) |
| **Total Operating Expenses** | $ (647.10) | $ (577,137.87) | $ (2,189.56) | $ (209,456.72) | $ (789,431.24) |
| ***Non-Operating Expenses*** | | | | | $ - |
| Payment on PQPR Note | $ (5,000.00) | $ (5,000.00) | $ (5,000.00) | $ (5,000.00) | $ (20,000.00) |
| AMEX Payment | $ - | $ - | $ - | $ - | $ - |
| **Total Other Expenses** | $ (5,000.00) | $ (5,000.00) | $ (5,000.00) | $ (5,000.00) | $ (20,000.00) |
| **Professional Fees** | | | | | |
| Subchapter v Trustee retainer | | | | $ (25,000.00) | $ (25,000.00) |
| Fulfillment Expert | $ (12,500.00) | $ - | $ - | $ - | $ (12,500.00) |
| Witness expenses and cost | | | | | |
| Pattis & Smith | $ - | $ - | $ (100,000.00) | $ - | $ (100,000.00) |
| Reynal Law Firm, PC | $ - | $ - | $ (50,000.00) | $ - | $ (50,000.00) |
| SALLC Fees | $ - | $ - | $ - | | $ - |
| Shannon & Lee LLP | $ - | $ - | $ - | | $ - |
| Ray Battaglia | $ - | $ - | $ - | | $ - |
| **Total Professional Fees** | $ (12,500.00) | $ - | $ (150,000.00) | $ (25,000.00) | $ (187,500.00) |
| **Total Cash Flow** | $ 727,435.62 | $ (33,948.36) | $ (225,531.18) | $ 192,201.66 | $ 660,157.73 |

006724

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 13, 2022

Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 22-60043** |
| **FREE SPEECH SYSTEMS, LLC.,** | § | **Chapter 11 (Subchapter V)** |
| | § | |
| Debtor. | § | |

## THIRD INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL AND PROVIDING PARTIAL ADEQUATE PROTECTION

On July 29, 2022, the above-captioned debtor and debtor-in-possession (the "Debtor" or "FSS") in the above-captioned chapter 11 case (the "Case"), filed its *Emergency Motion for an Interim and Final Order (I) Authorizing the Use of Cash Collateral Pursuant to sections 105, 361, and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) and (II) Granting Adequate Protection to the Pre-Petition Secured Lender* (the "Motion"). In the Motion, the Debtor requested, *inter alia*, entry of an interim order pursuant to Sections 105, 361, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and in accordance with Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor's use of Cash Collateral (as hereinafter defined), as set forth herein. The Court held an interim hearing on the Motion on August 3, 2022 (the "Interim Hearing") and entered an order approving the interim use of cash collateral. (the "First Interim Order"). On August 24, 2022, the Court entered a *Second Interim Order Authorizing Debtor's Use of Cash Collateral and Providing Partial Adequate Protection* ("Second Interim Order") [Dkt. No. 98]. This order is the third interim order ("Third Interim Order"), negotiated between the Debtor and certain tort claimants pursuing litigation against the Debtor and others in Texas and Connecticut (the "Tort Plaintiffs"). The Debtor and the Tort Plaintiffs reserve all rights relating to a final hearing on the use of cash collateral. The findings contained in the First Interim Order are incorporated by reference.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Interim Use. The Court approves the interim use of cash collateral as set forth herein.

006725

2. <u>Interim Order</u>. This Order shall be considered an interim cash collateral order and shall be binding upon all parties and upon all subsequently appointed court officers, including any trustee appointed in the Case under Chapter 7 or Chapter 11 of the Bankruptcy Code.

3. <u>DIP Account</u>. The Debtor shall maintain debtor in possession ("<u>DIP</u>") accounts at Axos Bank which accounts shall contain all operating revenues and any other source of cash constituting Cash Collateral, which is (or has been) generated by and is attributable to the Debtor's business (the "<u>DIP Account</u>").  All cash generated by the Debtor or from the Debtor's business or assets, including any cash held in any of the Debtor's pre-petition bank accounts, shall be immediately transferred by the Debtor to the DIP Account. The Debtor shall be prohibited from withdrawing or using Cash Collateral funds from the DIP Account except as provided for in the Budget, this Order, or pursuant to further order of the Court.

4. <u>Terms of Cash Collateral Use</u>. The Debtor is hereby authorized to use Cash Collateral during the period covered by this Third Interim Order (the "<u>Interim Period</u>") to pay the items set forth in the revised Budget attached to this Order as Exhibit A, and up to the respective aggregate amount of disbursements set forth in the Budget for any week during the Interim Period, subject to the Permitted Variance (as hereinafter defined). The Permitted Variance shall be defined as 10% per line item and 20% of the overall Budget. The Debtor shall not use, sell, or expend, directly or indirectly, the Cash Collateral except pursuant to the Budget and upon the terms and conditions set forth in this Order.

5. <u>No Payments to Insiders</u>. Other than as provided for in the Budget, the Debtor shall not make any payment to or for the benefit of any insider of the Debtor, either directly or indirectly, as that term is defined in section 101(31) of the Bankruptcy Code.  Other than as provided for in the Budget, no payments to any insider during the Interim Period shall exceed $20,000.

6. <u>Payment to PQPR for Inventory Purchase</u>. The (i) rights of Creditors and parties in interest to object to the appropriateness of post-petition payments to PQPR for Inventory Purchases and file pleadings with the Court seeking to clawback the PQPR Payment and (ii) the obligation of the Debtor to provide notice

006726

of a PQPR Payment to creditors and parties in interest as set forth in the First and Second Interim Cash Collateral Orders are fully preserved by this Order.

7. <u>Further Authorization</u>. The Debtor is hereby authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use Cash Collateral subject to the terms of this Order in the amounts and for the expenses set forth on the Budget. The Debtor is authorized to collect and receive all accounts receivable and other operating revenues and immediately deposit same in the DIP Account.

8. <u>Taxes</u>. Nothing in this Order shall be construed to grant PQPR (the "<u>Pre-Petition Lender</u>") liens which are senior to pre- and post-petition statutory ad valorem real property tax liens. The Debtor shall remain current in all post-petition tax payments and reporting obligations, including, but not limited to, all ad valorem real property taxes and federal trust fund taxes.

9. <u>Adequate Protection – Replacement Liens</u>. The adequate protection and related carve out set forth in the First and Second Interim Orders are incorporated in the Third Interim Order.

10. <u>Subsequent Modification of Order</u>. If any or all of the provisions of this Order are hereafter modified, vacated or stayed, such modification, vacation or stay shall not affect the validity of any obligation, indebtedness or liability incurred by the Debtor from the Petition Date through the effective date of such modification, vacation or stay, or the validity or enforceability of any security interest, lien or priority authorized or created by this Order.

11. <u>Credit Card Processing</u>. The Debtor is authorized to instruct its credit card processor to remit to Blue Ascension, LLC its fulfillment charges as set forth in the *Emergency Motion to Amend Interim Order Authorizing the Use of Cash Collateral*, from the daily settlement contemporaneously with the distributions to FSS and PQPR.

12. <u>Reporting</u>. The Debtor shall report each Tuesday for the preceding calendar week reflecting weekly sales and disbursement of the proceeds of those sales. A copy of the report shall be forwarded to the U.S. Trustee, the Subchapter V Trustee, counsel for PQPR and Jarrod Martin as a representative of the Tort Plaintiffs.

006727

13.    <u>Reservation of Rights</u>. Nothing herein shall constitute a finding or ruling by this Court that any alleged and disputed lien or alleged and disputed security interest held by the alleged Pre-Petition Lender in respect of the purported PQPR Notes (as defined in the Motion) is valid, senior, enforceable, prior, perfected, or nonavoidable. Moreover, nothing herein shall prejudice the rights of any party-in-interest, including but not limited to the Debtor, any official committee appointed in the Chapter 11 Case or any other creditor, to challenge the validity, priority, enforceability, seniority, avoidability, perfection, or extent of any alleged and disputed lien or alleged and disputed security interest held by the alleged Pre-Petition Lender in respect of the purported PQPR Notes.

14.    <u>Final Cash Collateral Hearing</u>: A final hearing on the Motion shall be held before this Court on October 12, 2022, at 10:00 a.m. Central time.

Signed:  September 13, 2022

Christopher Lopez
United States Bankruptcy Judge

006728

**Free Speech Systems LLC**

**Forecasted Interim Cash Flow Budget (Week 8- Week 11)**

**Between September 17, 2022 and October 14, 2022**

| | Period | 09/17/2022-09/23/2022 | 09/24/2022-09/30/2022 | 10/01/2022-10/07/2022 | 10/08/2022-10/14/2022 | Total |
|---|---|---|---|---|---|---|
| | Week Number | 8 | 9 | 10 | 11 | |
| **Income** | | | | | | |
| Product Sales | | $ 1,000,000.00 | $ 1,000,000.00 | $ 1,000,000.00 | $ 1,000,000.00 | $ 4,000,000.00 |
| Advertising | | $ 100,000.00 | $ 100,000.00 | $ 100,000.00 | $ 100,000.00 | $ 400,000.00 |
| Donations | | $ 3,141.25 | $ 3,141.25 | $ 3,141.25 | $ 3,141.25 | $ 12,564.99 |
| **Total Income** | | **$ 1,103,141.25** | **$ 1,103,141.25** | **$ 1,103,141.25** | **$ 1,103,141.25** | **$ 4,412,564.99** |
| **Selling & Product Costs** | | | | | | |
| Inventory Purchase | | $ (225,294.19) | $ (225,294.19) | $ (225,294.19) | $ (225,294.19) | $ (901,176.75) |
| Repay PQPR Inventory | | $ - | $ - | $ - | $ - | $ - |
| Merchant Account Fees | | $ (49,000.00) | $ (49,000.00) | $ (49,000.00) | $ (49,000.00) | $ (196,000.00) |
| Shipping cost for drop ship orders | | $ (13,286.25) | $ (13,286.25) | $ (13,286.25) | $ (13,286.25) | $ (53,144.99) |
| Fulfillment Services | | $ (293,902.44) | $ (293,902.44) | $ (293,902.44) | $ (293,902.44) | $ (1,175,609.76) |
| Processor Fees | | $ (40,000.00) | $ (40,000.00) | $ (40,000.00) | $ (40,000.00) | $ (160,000.00) |
| eCommerce Store Maintenance | | $ - | $ (27,270.00) | $ - | $ - | $ (27,270.00) |
| Texas Sales Tax | | $ - | $ (5,337.87) | $ - | $ - | $ (5,337.87) |
| **Total Cost of Goods Sold** | | **$ (621,482.87)** | **$ (654,090.74)** | **$ (621,482.87)** | **$ (621,482.87)** | **$ (2,518,539.36)** |
| **Operating Expenses** | | | | | | |
| **Advertising & Promotion** | | | | | | |
| Advertising & Promotion | | $ - | $ (3,041.98) | $ - | $ - | $ (3,041.98) |
| Print Media | | $ - | $ (3,000.00) | $ - | $ - | $ (3,000.00) |
| Radio Show Advertising | | $ - | $ (11,500.00) | $ - | $ - | $ (11,500.00) |
| **Total Advertising & Promotion** | | **$ -** | **$ (17,541.98)** | **$ -** | **$ -** | **$ (17,541.98)** |
| **Computer/IT/IP Expense** | | | | | | |
| Internet & TV services | | $ - | $ (2,082.90) | $ - | $ (1,608.39) | $ (3,691.30) |
| Software License Fees | | $ - | $ (140.80) | $ - | $ - | $ (140.80) |
| Server Hosting Service | | $ - | $ (28,595.13) | $ - | $ - | $ (28,595.13) |
| CDN Video Cloud Storage | | $ - | $ (55,728.00) | $ - | $ - | $ (55,728.00) |
| Satellite Service | | $ - | $ (137,282.93) | $ - | $ - | $ (137,282.93) |
| Imaging License Fee | | $ - | $ (9,201.25) | $ - | $ - | $ (9,201.25) |
| Software & Apps | | $ - | $ (5,000.00) | $ - | $ - | $ (5,000.00) |
| 62410 Contract Broadcase Services | | $ (11,200.00) | | | | $ (11,200.00) |
| 62420 Contract Radio Show Production | | $ (25,000.00) | | | | $ (25,000.00) |
| 62430 Contract Video Production | | $ (10,000.00) | | | | $ (10,000.00) |
| 62470 Free Lance Contributors | | $ (3,500.00) | | | | $ (3,500.00) |
| Website Hosting | | $ - | $ - | $ - | $ - | |
| **Total Computer/IT/IP Expense** | | **$ (49,700.00)** | **$ (238,031.01)** | **$ -** | **$ (1,608.39)** | **$ (289,339.41)** |
| Insurance | | | $ (2,166.50) | $ - | | $ (2,166.50) |
| **Office & Administrative Expense** | | | | | | |
| Bank Fees & Service Charges | | $ (77.08) | $ (77.08) | $ (77.08) | $ (77.08) | $ (308.34) |
| Equipment Rental | | $ - | $ (1,989.90) | $ - | $ - | $ (1,989.90) |
| Office Supplies/Printing/Copy | | $ (3.53) | $ (3.53) | $ (3.53) | $ (3.53) | $ (14.11) |
| Business Meals | | $ (470.97) | $ (470.97) | $ (470.97) | $ (470.97) | $ (1,883.89) |
| **Total Office & Administrative Expense** | | **$ (551.58)** | **$ (2,541.48)** | **$ (551.58)** | **$ (551.58)** | **$ (4,196.24)** |
| | | | | | | |
| **Utilities** | | | | | | |
| Electricity | | $ - | $ - | $ - | $ (5,107.63) | $ (5,107.63) |
| HVAC | | $ - | $ (256.19) | $ - | $ - | $ (256.19) |
| CAM Charges | | $ - | $ (20,364.16) | $ - | $ - | $ (20,364.16) |
| Water & Sewer | | $ - | $ (1,708.55) | $ - | $ - | $ (1,708.55) |

006729

**Free Speech Systems LLC**

**Forecasted Interim Cash Flow Budget (Week 8- Week 11)**

**Between September 17, 2022 and October 14, 2022**

| | Period | 09/17/2022-<br>09/23/2022 | 09/24/2022-<br>09/30/2022 | 10/01/2022-<br>10/07/2022 | 10/08/2022-<br>10/14/2022 | Total |
|---|---|---|---|---|---|---|
| Gas Service | | $ - | $ (132.09) | $ - | $ - | $ (132.09) |
| Pest Control | | $ - | $ (244.65) | $ - | $ - | $ (244.65) |
| Waste Management | | $ - | $ (351.81) | $ - | $ - | $ (351.81) |
| **Total Utilities** | | **$ -** | **$ (23,057.46)** | **$ -** | **$ (5,107.63)** | **$ (28,165.09)** |
| **Occupancy** | | | | | | |
| Rent | | $ - | $ (33,408.51) | $ - | $ - | $ (33,408.51) |
| Office Security | | $ - | $ (31,111.90) | $ - | $ - | $ (31,111.90) |
| Repair & Maintenance - Building | | $ - | $ (1,777.19) | $ - | $ - | $ (1,777.19) |
| Janitorial | | $ - | $ (5,983.33) | $ - | $ - | $ (5,983.33) |
| **Total Occupancy** | | **$ -** | **$ (72,280.93)** | **$ -** | **$ -** | **$ (72,280.93)** |
| Supplies | | $ - | $ (1,258.02) | $ - | $ - | $ (1,258.02) |
| Telephone | | $ - | $ (18,337.88) | $ - | $ - | $ (18,337.88) |
| **Personnel Expenses** | | | | | | $ - |
| Salaries & Wages - Base | | $ - | $ (168,467.44) | $ - | $ (168,467.44) | $ (336,934.88) |
| Payroll Tax | | $ - | $ (13,287.76) | $ - | $ (13,287.76) | $ (26,575.52) |
| Alex Jones Salary | | $ - | $ (20,000.00) | $ - | $ (20,000.00) | $ (40,000.00) |
| **Total Personnel Expenses** | | **$ -** | **$ (201,755.20)** | **$ -** | **$ (201,755.20)** | **$ (403,510.40)** |
| **Travel** | | | | | | |
| Mileage/Parking/Tolls | | $ (167.41) | $ (167.41) | $ (167.41) | $ (167.41) | $ (669.64) |
| Vehicle Leases | | $ - | $ - | $ - | $ (1,470.56) | $ (1,470.56) |
| **Total Travel Expenses** | | **$ (167.41)** | **$ (167.41)** | **$ (167.41)** | **$ (1,637.97)** | **$ (2,140.20)** |
| **Total Operating Expenses** | | **$ (50,419.00)** | **$ (577,137.87)** | **$ (719.00)** | **$ (210,660.78)** | **$ (838,936.64)** |
| **Non-Operating Expenses** | | | | | | |
| Payment on PQPR Note | | $ (5,000.00) | $ (5,000.00) | $ (5,000.00) | $ (5,000.00) | $ (20,000.00) |
| AMEX Payment | | $ - | $ - | $ - | $ - | |
| **Total Other Expenses** | | **$ (5,000.00)** | **$ (5,000.00)** | **$ (5,000.00)** | **$ (5,000.00)** | **$ (20,000.00)** |
| **Professional Fees** | | | | | | |
| Subchapter v Trustee retainer | | | | | | |
| Fulfillment Expert | | $ (22,487.56) | $ - | $ - | $ - | $ (22,487.56) |
| Economic Loss Expert | | | | | | $ - |
| Alex Jones at Trial Cost | | $ (80,920.00) | | | | $ (80,920.00) |
| Witness expenses and trial costs | | $ (34,048.00) | | | | $ (34,048.00) |
| Brittany Paz | | | | | | $ - |
| Pattis & Smith | | $ - | $ - | $ (100,000.00) | $ - | $ (100,000.00) |
| Reynal Law Firm, PC | | $ - | $ - | $ (100,000.00) | $ - | $ (100,000.00) |
| SALLC Fees | | | $ - | $ - | $ (188,018.31) | $ (188,018.31) |
| Shannon & Lee LLP | | | $ - | $ - | $ (207,348.36) | $ (207,348.36) |
| Ray Battaglia | | | $ - | $ - | $ (47,316.80) | $ (47,316.80) |
| **Total Professional Fees** | | **$ (137,455.56)** | **$ -** | **$ (200,000.00)** | **$ (442,683.47)** | **$ (780,139.03)** |
| **Total Cash Flow** | | **$ 288,783.82** | **$ (133,087.37)** | **$ 275,939.38** | **$ (176,685.88)** | **$ 254,949.95** |



EXHIBIT

A

006730

**Fill in this information to identify the case:**

Debtor 1 ___Free Speech Systems, LLC___

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of Texas

Case number ___22-60043___

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

___PQPR Holdings Limited LLC___
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Streusand Landon Ozburn & Lemmon, LLP<br>Name | Streusand Landon Ozburn & Lemmon, LLP<br>Name |
| 1801 S. Mopac Expy., Suite 320<br>Number          Street | 1801 S. Mopac Expy., Suite 320<br>Number          Street |
| Austin                    TX           78746<br>City                       State            ZIP Code | Austin                    TX           78746<br>City                       State            ZIP Code |
| Contact phone  512-220-2688 | Contact phone  512-220-2688 |
| Contact email  lemmon@slollp.com | Contact email  lemmon@slollp.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____ 68,154,691.46  **Does this amount include interest or other charges?**

plus additional unpaid debt ☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Goods sold, unpaid account, resulting in 2 Promissory Notes and subsequent additional unpaid goods sold.

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe: all assets of debtor

Basis for perfection: UCC-1

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ 68,154,691.46

Amount of the claim that is secured: $ 68,154,691.46

Amount of the claim that is unsecured: $_____ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) per contract _____%

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                     Proof of Claim                     page 2

Doc ID: ed98b89b619236351f8fb711d29b95290e7f088e

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:**    **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10 / 06 / 2022
         MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | David | R. | Jones |
|---|---|---|---|
| | First name | Middle name | Last name |

Title _____

Company   PQPR Holdings Limited LLC

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____

      Number       Street

_____

City       State       ZIP Code

Contact phone _____    Email   davidrossjones@aol.com

---

**PQPR-10**

Official Form 410          **Proof of Claim**          Doc ID: ed98b89b619236351f8fb711d29b95290e7f088e   page 3

PQPR
Due from FSS - Proof of Claim
7/29/2022

| Open Account | | |
|---|---|---|
| Advance to FSS | $ | 121,920.27 |
| Due to PQPR | $ | 23,808,367.00 |
| PQPR Reimbursement Receivable | $ | (9,538,413.22) |
| | | |
| Balance | $ | 14,391,874.05 |

| Notes | | |
|---|---|---|
| Note 1 | $ | 29,538,183.63 |
| Note 2 | $ | 24,108,504.21 |
| | | |
| Total | $ | 53,646,687.84 |

| Accrued Interest 8/20/21 to 11/10/21 | | |
|---|---|---|
| Note 1 Balance | $ | 29,538,183.63 |
| Interest Rate | | 1.75% |
| Annual Interest | $ | 516,918.21 |
| | | |
| Daily | $ | 1,416.21 |
| | | |
| Days* | | 82 |
| | | |
| Accrued Interest | $ | 116,129.57 |
| | | |
| Total | $ | 68,154,691.46 |

**PQPR-10**

Doc ID: ed98b89b619236351f8fb711d29b95290e7f088e

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| Acuity CxO LLC 5122929690 |

| B. E-MAIL CONTACT AT FILER (optional) |
|---|
| |

| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |
|---|
| Acuity CxO LLC |
| 219 Black Wolf Run |
| Austin, TX 78738 |
| USA |

**FILING NUMBER:** 20-0058072731
**FILING DATE:** 11/18/2020    02:06 PM
**DOCUMENT NUMBER:** 1008390830002
**FILED: Texas Secretary of State**
**IMAGE GENERATED ELECTRONICALLY FOR WEB FILING**
**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. DEBTOR'S NAME - Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **Free Speech Systems LLC** | | | |
| | 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **3005 South Lamar Blvd, Suite D109-317** | **Austin** | **TX** | **78704** | **USA** |

2. DEBTOR'S NAME - Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY) - Provide only one Secured Party name (3a or 3b)

| | 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **PQPR Holdings Limited LLC** | | | |
| | 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **100 Congress Avenue, 18th Floor** | **Austin** | **TX** | **78701** | **USA** |

4. COLLATERAL: This financing statement covers the following collateral:
(1) all fixtures and personal property of every kind and nature, including all accounts, goods (including all inventory and equipment), documents (including, if applicable, electronic documents), instruments, promissory notes, chattel paper (whether tangible or electronic), letters of credit, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), securities and all other investment property, general intangibles (including all payment intangibles), intellectual property, domain names, trademarks (including but not limited to the nutritional supplement marks Living Cleanse, Honor Roll, ExtendaWise, Happease, Gut Fusion, Vasobeet, Ultimate Female Force, The Real Red Pill, Bodease, Icuren, Flora Life, Immune Wall, Pollen Block, Alpha Power, DNA Force, Survival Shield, and Survival Shield X-2, and the brand Infowars Life), trade names, money, deposit accounts, and any other contract rights or rights to the payment of money; and
(2) all gross revenues, receivables and proceeds and products of each of the foregoing in subparagraph (1), all books and records relating to the foregoing, all supporting obligations related thereto, and all accessions to, substitutions and replacements for, and rents, profits and products of, each of the foregoing, and any and all proceeds of any insurance, indemnity, warranty or guaranty payable to the Debtor from time to time with respect to any of the foregoing.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box.
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY**

PQPR-10

EXHIBIT

7

PQPR-4

006735

Doc ID: ed98b89b619236351f8fb711d29b95290e7f088e

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
|  | ) |  |
| FREE SPEECH SYSTEMS, LLC | ) | Case No. 22-60043 |
|  | ) |  |
| Debtor. | ) |  |

### SUBCHAPTER TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO THE SUBCHAPTER V TRUSTEE

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Melissa Haselden, ("Trustee") respectfully states the following in support of this motion (the "Motion"):

### Summary of Relief Requested

1.     The Trustee seeks entry of an order (the "Order"), authorizing the Trustee to retain and employ M3 Advisory Partners, LP ("M3") as her financial advisor effective as of October 20, 2022 in accordance to the terms and conditions of the engagement letter between the Trustee and M3, dated October 19, 2022, attached as **Exhibit B** (the "Engagement Letter").  In support of this Motion, the Trustee submits the declaration of Brian Griffith (the "Griffith Declaration"), a Managing Director of M3, attached as **Exhibit A**.

006736

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Subchapter V Trustee confirms her consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are §§ 105 and 363 of the Bankruptcy Code, Bankruptcy Rule 2002(a)(2), and Rules 2002-1(a)(2) and 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## APPLICATION

5.      The Trustee is the duly qualified and acting Subchapter V Trustee for the estate of the Free Speech Systems, LLC ("Debtor"). The Debtor initiated the bankruptcy case on July 29, 2022 (the "Petition Date") via the filing of a voluntary chapter 11 petition.

6.      On September 20, 2022, the Court entered the *Order Expanding the Subchapter V Trustee's Duties Pursuant to 11 U.S.C. § 1183(b)(2) of the Bankruptcy Code* [Docket No. 183].

7.      In recognition of the unique complexities involved in this matter, the Trustee seeks approval to retain M3 as her financial advisor. The Trustee identified the need for M3 as her advisor to assist with general matters related to the investigation mandated by the Court as well as the fulfillment of her duties in this unique case.

8.      To accomplish these goals, the Trustee hereby files this Application pursuant to §§ 327(a), 328, and 704 of the Bankruptcy Code. The Trustee requests authority to retain M3, as counsel pursuant to the terms of the attached proposed engagement agreement (the "Engagement

006737

Letter"), attached as Exhibit B. The Trustee requests that the employment be effective as of October 20, 2022.

9.     The Trustee selected M3 to render professional services to her in her role as subchapter V Trustee, which include, but are not limited to, the following responsibilities:

   a)   Assisting in the investigation required by the Court;

   b)   Assisting the Trustee in analyzing claims owned by the estate against third parties arising under chapter 5 of the Bankruptcy Code and other applicable law;

   c)   Supporting the Trustee in the bankruptcy case, any adversary proceedings, and other proceedings before the Bankruptcy Court, and in any other judicial or administrative proceeding;

   d)   Performing any other financial advisory services that may be appropriate in connection with the foregoing.

10.    The Trustee selected M3 because its professionals have extensive experience in matters relating to the retail and other relevant industries, bankruptcy matters, investigations, and efforts to maximize value.  This case presents unique issues.  M3 has the expertise and capacity to address the needs of the estate.  The Trustee believes that M3 can provide the estate with the required financial advisory expertise to allow the Trustee to administer the estate and discharge her fiduciary duties under the circumstances effectively and prudently.  Because of the anticipated complexity investigating the matters ordered by the Court and facilitating development of a confirmable plan in this complicated case, the Trustee believes retention of M3 is necessary due to its array of expertise.

## M3's Qualifications

11.     M3 is an independent corporate turnaround and advisory firm providing operational, strategic, and financial advice for clients.  On a combined basis, M3's principals have worked on more than 200 restructurings throughout their careers, including on numerous retail industry engagements and other industries relevant to the business of the Debtor. *See In re Tailored Brands, Inc.*, 20-33900 (MI) (Bankr.S.D.TX. October 6, 2020) [Docket No. 799], *In re Neiman Marcus Group LTD LLC*, (DRJ) (Bankr.S.DTX. July 16, 2020) [Docket No. 1225], *In re Barneys New York, Inc.*, No. 19-36300 (CMG) (Bankr. S.D.N.Y. Sept. 20, 2019) [Docket No. 274], and *In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 19, 2018) [Docket No. 814].

12.     Brian Griffith has more than 20 years of experience as a restructuring professional, and has developed an expertise in providing restructuring advisory and consulting services across a wide range of industries throughout his career.  Brian Griffith will be responsible for the overall design and delivery of the services to be provided by M3 pursuant to this engagement as set forth in the Engagement Letter and the Motion.  Brian Griffith's prior experience encompasses a broad range of restructuring related services including: (i) investigations; (ii) stabilizing business operations; (iii) negotiations with creditors, and (iv) improving and managing liquidity.

## Scope of Services

13.     Consistent with the terms of the Engagement Letter, M3 will, among other things, provide the following services to the Trustee:

     (a)   provide support to the Client in its evaluation of the expenditures of the Debtor;

     (b)   review transfers made by the Debtor; including payments, distributions or withdrawals to insiders;

     (c)   provide support to the Client in its evaluation of the PQPR claim;

(d)  assist the Client in its investigation of potential claims and causes of action ordered by the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") on September 20, 2022;

(e)  provide support to the Client, as requested by it, in evaluating the business operations and financial prospects of the Debtor;

(f)  advise and assist the Client and its counsel with on-going assessment of the Debtor's financial performance and its ability to repay its outstanding obligations; and

(g)  provide such other services as M3 and the Client shall otherwise agree in writing.

## Professional Compensation

14.  M3 was not engaged prior to the bankruptcy filing.  It is not owed any amounts with respect to prepetition fees and expenses. M3 intends to apply to the Court for allowance of compensation and reimbursement of expenses for advisory support services in accordance with the terms and conditions set forth in the Engagement Letter (the "Fee and Expense Structure") as well as the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and orders of the Court.

15.  The Trustee negotiated a compensation agreement designed to fit the particular needs and possibilities of this case.  M3 is sensitive to the equities and unusual circumstances of this case and therefore agreed to a reduction in compensation below its standard rates.  M3's standard hourly rates as of October 2022, with a 30% discount, will apply.  M3 agrees to not raise its rates with regards to the matters for which it is being retained without seeking further order of this Court.

16.  The standard hourly rates charged by M3 professionals anticipated to be assigned to this case are as follows:

| Title | Per Hour (USD) |
|---|---|
| Managing Partner | $1,285 |
| Senior Managing Directors | $1,155 |
| Managing Directors | $970-1,100 |
| Directors | $790-$895 |
| Vice President | $710 |
| Senior Associate | $605 |
| Associate | $520 |
| Analyst | $415 |

17.     The compensation terms in the Engagement Letter are more favorable than M3's normal and customary compensation for comparable cases, both in- and out-of-court, involving the services to be provided.  In addition, these terms are reasonable and at the low end of the range of fees typically charged by firms of similar caliber for comparable services.

18.     In addition to the fees outlined above, M3 will bill for reasonable direct expenses incurred on the Trustee's behalf during its engagement.  Direct expenses include reasonable and customary out-of-pocket expenses which are billed directly to the engagement, such as certain telephone, overnight mail, messenger, travel, meals, accommodations, and other expenses specifically related to the engagement.

### No Duplication of Services

19.     M3 will use reasonable best efforts to ensure that the services provided will complement, and not duplicate, the activities of the Debtor's workforce or the services to be rendered by other professionals for the Trustee retained in this chapter 11 case.

### M3's Disinterestedness

20.     To the best of the Trustee's knowledge, and except to the extent disclosed herein and in the Griffith Declaration: M3 (a) has no connection with the Debtor, its creditors, or other parties in interest, or the attorneys or accountants of the foregoing, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee and (b) does not hold or represent any interest

adverse to the Debtor's estate.  The Griffith Declaration shows that M3 is a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code.

21.     To the extent that any new relevant facts or relationships bearing on the connections described herein during the period of M3's retention are discovered or arise, M3 will use reasonable efforts to file promptly a supplemental declaration.

## **CONCLUSION**

22.     Section 327(a) authorizes the retention of M3 as financial advisor for the Trustee to be compensated in accordance with § 328 as set forth herein and in the Engagement Agreement. The Trustee has not given any compensation or promised any compensation to M3, except as set forth in the Engagement Agreement.  In addition, the Trustee has not sought or obtained leave to employ any other professional to represent the Trustee on the same matters as she proposes M3 represent her.

23.     In reaching her decision, the Trustee has evaluated the estate's available resources, the complexity of the case, the investigation and associated risks.  Under the circumstances, the Trustee believes that the terms of the proposed compensation arrangement are both reasonable and prudent and provide her the necessary assistance for the case.

WHEREFORE, the Trustee respectfully requests that an order be entered (a) approving this Application and authorizing the Trustee to employ and retain M3 to represent the Trustee as her financial advisor consistent with the terms set forth herein and in the Engagement Agreement; and (b) granting the Trustee any other relief that is just and proper.

Dated: November 19, 2022

/s/ Elizabeth C. Freeman

**JACKSON WALKER LLP**
Elizabeth C. Freeman (TX Bar No. 24009222)
Sean Gallagher (TX Bar No. 24101781)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email: efreeman@jw.com
Email: sgallagher@jw.com

*Counsel to for Melissa Haselden Subchapter V Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 19, 2022, a copy of the foregoing was served via the Court's ECF system upon all parties receiving notice through same.

*/s/ Elizabeth C. Freeman*
Elizabeth C. Freeman

006744

**EXHIBIT A**

006745

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FREE SPEECH SYSTEMS LLC, | ) | Case No. 22-60043 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DECLARATION OF BRIAN GRIFFITH IN SUPPORT OF
## THE APPLICATION TO RETAIN JACKSON WALKER LLP
## AS COUNSEL FOR THE SUBCHAPTER V TRUSTEE

The undersigned proposed attorney for the above-captioned debtor and debtor-in-possession submits this verified statement of disinterestedness pursuant to Bankruptcy Rule 2014(a).

1.     My name is Brian Griffith.  I am over the age of 18 years, I am competent to make this declaration, and I have personal knowledge of the facts stated herein.  Each and every statement contained herein is true and correct.

2.     I am a Managing Director at M3 Advisory Partners, LP ("M3").  M3 maintains its offices at 1700 Broadway, 19th Floor, New York, NY, 10019.  M3's main telephone number is 212-202-2200.

3.     In conjunction with the Trustee's retention of M3, I directed a search of M3's conflict system for each of the Debtor, the Debtor's creditors, affiliates, and insiders, and the principal of the Debtor (the "Potential Parties in Interest").

4.     M-III may represent other affiliates whose identities and affiliation did not show up on the conflicts system.  It is possible that there are creditors whom the Debtor did not identify in their records that are clients of M3.  The following summarizes the findings gleaned from my

review of the information available on the M3's conflicts system divided into current clients of M3 that are also creditors of the Debtor, former clients, and affiliates of current clients of M3 that are also creditors of the Debtor, and my and M3's connections with the Debtor and its current and former officers, directors, and professionals.

**A.**      <u>M3's Relationship to the Debtor</u>

1.      M3 is not a creditor of the Debtor (including by reason of unpaid fees for prepetition services) or an equity security holder of the Debtor; is not and has not been, within two (2) years before the date of the filing of the petition, a director, officer or an employee of the Debtor; and does not have any interest materially adverse to the interests of the Debtor's estate, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

**B.**      <u>M3's Relationship to the Trustee</u>

6.      M3 and the Trustee entered into the engagement on October 19, 2022. M3 has had no other representation of or relationship with the Trustee.

**C.**      <u>No Clients of M3 are Creditors of the Debtor</u>

7.      No creditors of the Debtor are or have been clients of M-III.

**D.**      <u>M3's Connections with the Trustee's Professionals</u>

8.      M3 has been employed in matters in which Jackson Walker LLP is employed by the Debtor. More often than not, M3 has been retained by an official committee of unsecured creditors appointed in the case or a creditor in those cases in which Jackson Walker LLP represents or represented the Debtor. M-III is not currently employed in any matter by the same estate or party in which Jackson Walker LLP is employed.

9.      Except as set forth herein, neither I nor M3 have had any connection with the Debtor, insiders or affiliates of the Debtor, the Debtor's creditors, the Trustee, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person

employed in the Office of the United States Trustee, and are disinterested persons within the meaning of 11 U.S.C. § 101(14), to the best of my knowledge.

E.  **Statement Regarding United States Trustee Guidelines**

10.     M3 shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.  M3 also intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Fee Guidelines"), both in connection with this Application as well as any interim and final fee applications that may be filed by M3 in connection with this case.

11.     M3 will periodically review both the changes in identifiable parties in interest of the Debtor and clients of M3 as such information becomes available or relevant, and will update this disclosure as appropriate.

12.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed November 18, 2022

/s/ *Brian Griffith*
Brian Griffith

006748

# **Exhibit B**

006749



October 19, 2022

Melissa Haselden
Sub Chapter V Trustee Free Speech System LLC
Haselden Farrow PLLC
Pennzoil Place
700 Milam, Suite 1300
Houston, TX 77002


Attention:    Retention of Financial Advisor

<u>Engagement Letter</u>

Dear Ms. Haselden:

This letter agreement (this "***Agreement***") sets forth the terms and conditions of the engagement (the "***Engagement***") of M3 Advisory Partners, LP ("***M3***") to provide the Services (as defined below) to you as the subchapter V trustee (the "**Client**") for Free Speech Systems, LLC (the "***Debtor***").  M3 and the Client are collectively referred to in this Agreement as the "***Parties***."

    1.   <u>Services</u>:  The Client hereby retains M3 to provide, and M3 hereby agrees to provide, the following services (the "***Services***") upon the terms and subject to the conditions set forth in this Agreement:

        (a)   provide support to the Client in its evaluation of the expenditures of the Debtor;

        (b)   review transfers made by the Debtor; including payments, distributions or withdrawals to insiders;

        (c)   provide support to the Client in its evaluation of the PQPR claim;

        (d)   assist the Client in its investigation of potential claims and causes of action ordered by the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") on September 20, 2022;

        (e)   provide support to the Client, as requested by it, in evaluating the business operations and financial prospects of the Debtor;

        (f)   advise and assist the Client and its counsel with on-going assessment of the Debtor's financial performance and its ability to repay its outstanding obligations; and

        (g)   provide such other services as M3 and the Client shall otherwise agree in writing.

M3 ADVISORY PARTNERS, LP  •  1700 BROADWAY, 19TH FLOOR, NEW YORK, NY 10019
T: (212) 202-2200  •  F: (212) 531-4532  •  WWW.M3-PARTNERS.COM

006750

PQPR-11
Sub V Trustee's Mtn to Retain

2.  <u>Engagement Term</u>.  The Engagement shall commence on the date of acceptance of this Agreement and may be terminated by either Party at any time upon ten business days' written notice.  Following any such termination, neither Party shall have further liability to the other, except with respect to fees and expenses earned and incurred through the date of termination and any provisions of this Agreement which are expressly stated to survive its termination or expiration.

3.  <u>Staffing</u>.  M3 will staff a team that it believes to be appropriate to provide the Services in accordance with the terms of this Agreement.  The individual members of the team are subject to change by M3 from time to time in its sole discretion.  M3 also may provide Services through independent contractors and, unless the context shall otherwise indicate, references in this Agreement to M3 and its employees or staff shall be deemed to include any such independent contractors and their respective employees.

4.  <u>Compensation for Services</u>.  (a)  M3's compensation for services rendered under this Agreement shall be paid by the Debtor by wire transfer of immediately available funds in accordance with instructions provided from time to time by M3 to the Client and will consist of the following:

      (i)    <u>Service Fees</u>:  As compensation for providing the Services hereunder, M3 shall be entitled to non-refundable professional fees based on the actual hours incurred by M3 personnel on matters pertinent to the Engagement (the "***Service Fees***").  The Service Fees shall be based upon M3's standard hourly rates as follows:

| Professional | Standard Rate |
|---|---|
| Managing Partner | $1,285 |
| Senior Managing Director | $1,155 |
| Managing Director | $970 - $1,100 |
| Director | $790 - $895 |
| Vice President | $710 |
| Senior Associate | $605 |
| Associate | $520 |
| Analyst | $415 |

In an effort to be sensitive to the equities of this case and in recognition of the Trustee's efforts to negotiate a compensation agreement designed to fit the particular needs and possibilities of this case, M3 is willing to provide a 30% discount to the standard rates shown above.  M3 shall deliver to the Client an invoice for the Service Fees (as reduced by such discount) on a monthly basis and the Debtor shall pay to M3 the amount invoiced for the relevant period in accordance with the provisions of Section 4(b) below.  From time to time in the normal course of business M-3 may adjust its billing rates upon notice to the Client and subject to approval of the Court.



006751

(ii)     <u>Expenses</u>: In addition to any compensation for providing the Services, the Debtor shall reimburse M3 for all reasonable and documented out-of-pocket expenses incurred in the performance of the Services (including, without limitation, reasonable travel costs). Any request for reimbursement of an out-of-pocket expense in excess of $100 shall be accompanied by reasonable back-up for each expense and as otherwise required by applicable law.

(b)  All amounts owing hereunder shall, subject to approval of the Court, be due and payable by wire transfer of immediately available funds in accordance with instructions from time to time provided by M3 within 15 days following receipt of the invoice therefor, except that the Deferred Fees shall be payable from available funds without any requirement of further invoice promptly upon approval of the Court following the successful conclusion of the Debtor's bankruptcy proceeding. In the event that M3 does not receive payment of amounts payable hereunder within 15 days following receipt of such invoice, M3 shall have the right (subject to approval of the Court) to suspend further Services until payment is received on past due invoices and/or the Retainer is restored. In the event that M3 so suspends the Services, M3 shall not be responsible or liable for any resulting loss, damage or expense due to such suspension.

(c)  Unless expressly stated otherwise in the relevant invoice, none of the amounts invoiced by M3 from time to time with respect to the Engagement shall be contingent upon, or in any way tied to the delivery of, any reports or other work product in the future, nor upon the outcome of any case or matters. All fees payable to M3 are exclusive of taxes or similar charges, which shall be the sole obligation of the Debtor (other than any taxes which may be payable on account of M3's income generally, which shall be the obligation of M3).

(d)  The provisions of this Section shall survive the termination or expiration of this Agreement.

5.   <u>Cooperation from Client</u>. In order to properly perform the Services and fulfill its responsibilities on a timely basis, M3 will rely on the timely cooperation of the Client and, where applicable, the Debtor and their respective professional advisors, including, without limitation, making available to M3 relevant data, information and personnel, performing any tasks or responsibilities assigned to the Client and notifying M3 of any issues or concerns that the Client may have relating to the Services. The Client understands and acknowledges that M3's proper delivery of the Services is dependent upon timely decisions and approvals by the Client and access to all relevant materials. M3 shall have no responsibility or liability for any delays, additional costs or other deficiencies caused by the Client failing to properly fulfill its responsibilities under this Agreement.

6.   <u>Deliverables</u>. (a) In connection with the Engagement, M3 may furnish the Client with information, advice, reports, analyses, presentations or other materials (the "**Deliverables**"). The Deliverables may contain factual data, the interpretation of which may change over the project term as more information or better understanding becomes available. The Client acknowledges



006752

that M3 will have no obligation to update the Deliverables as part of the Services in the event of such a change.

(b) Any materials prepared by M3 are solely for the confidential use of the Client and will not be distributed, reproduced, summarized, referred to, disclosed publicly or given to any other person without the prior written consent of M3, *provided* that such permission shall not be required if the materials are required to be disclosed by applicable law or by order or act of any court or governmental or regulatory authority or body.

(c) The provisions of this Section shall survive the termination or expiration of this Agreement.

7. <u>Limitations on Services</u>. (a) The Services are limited to those specifically noted in this Agreement.

(b) M3 does not provide accounting or tax-related assistance and no Deliverable or other information or advice provided to the Client shall be deemed to be accounting or tax-related assistance. The Client shall be solely responsible for determining the accounting and tax-related implications of the Deliverables and other information and advice provided to it by M3. M3 shall not express any professional opinions on financial statements or perform attest procedures with respect to other information in conjunction with the Engagement. The Services are not designed, nor should they be relied upon, to disclose weaknesses in internal controls, financial statement errors, irregularities or illegal acts. M3 shall assume the accuracy and completeness of all information submitted by or on behalf of the Client to M3 for analysis and which will form the basis of M3's conclusions, without any obligation of M3 to verify the accuracy or completeness of such information, and M3 shall not be responsible for any analysis, advice or other Services to the extent based on inaccurate or incomplete information provided or accepted by or on behalf of the Client.

(c) The Services shall not include preparing, auditing or otherwise attesting in any way (including without limitation, with respect to the accuracy, achievability, reliability, relevance, usefulness or other appropriateness) to the Client's financial projections, and the Client has not engaged M3 for that purpose. The Services are provided based upon the understanding that the Client has sole responsibility for its financial projections (including preparation thereof), developing underlying assumptions and providing any disclosure related thereto. To the extent that, during the performance of Services hereunder, M3 is required to consider the Client's financial projections, the Client understands that M3's procedures with respect to such projections do not constitute an examination in accordance with procedures established by the American Institute of Certified Public Accountants and do not and are not intended to provide any assurance on any aspect of such projections, including, without limitation, the reasonableness of the assumptions underlying such projections, nor do they provide assurance that M3 might not become aware of significant matters affecting the reasonableness of the projections that might be disclosed by more extensive procedures. There will usually be differences between projected and actual



PQPR-11
Sub V Trustee's Mtn to Retain

006753

results, and those differences may be material. The Client understands and agrees that M3 will have no responsibility or liability relating to any such differences.

(d) M3 does not provide investment advice and the Services shall not include the provision of investment advice. The Client shall have sole responsibility for all investment decisions made by it. Similarly, M3 is providing advisory and consulting services only and will not make management decisions for the Client. Although M3 may from time to time suggest or recommend options that may be available to the Client, the ultimate decision with respect to such options rests with the Client and the Client shall be solely responsible for such decision and its outcome. M3 makes no representation, promise or guarantee with respect to the outcome of any matter affecting the Client.

(e) To the extent that the performance of the Services requires that M3 form conclusions or reach opinions, M3 shall do so without regard to or consideration of the impact that such conclusions or opinions may have on the initiation or outcome of any litigation to which the Client is or may become a party.

(f) The Client shall be solely responsible for the work and fees of any third parties engaged by the Client to provide services in connection with the Engagement, regardless of whether such third party was recommended to the Client by M3 or M3 is involved with the services provided by it. M3 shall not be responsible for providing or reviewing the advice or services of any such third party, including advice as to legal, regulatory, accounting or taxation matters.

(g) The provisions of this Section shall survive the termination or expiration of this Agreement.

8. <u>Confidentiality</u>. (a) Each Party shall use reasonable efforts, but in no event less effort than it would use to protect its own confidential information, to keep confidential all non-public confidential or proprietary information obtained from the other Party in the scope of the Engagement (the "***Confidential Information***"), and neither Party will disclose any Confidential Information of the other Party to any other person or entity. For the avoidance of doubt, the term "Confidential Information" shall include (i) the terms of this Agreement, (ii) all non-public confidential and proprietary data, plans, reports, schedules, drawings, accounts, records, calculations, specifications, flow sheets, computer programs, source or object codes, results, and models and (iii) any work product relating to the business of either Party, its subsidiaries, distributors, affiliates, vendors, customers, employees, contractors and consultants. Notwithstanding the foregoing, the term "Confidential Information" shall not include information that (a) is or becomes publicly available other than as a result of disclosure by the receiving Party in violation of this Agreement, (b) was already known to the receiving Party or (c) was independently acquired or developed by the receiving Party from a source not known by it to be bound by a confidentiality requirement with respect to such information. In performing the Services, M3 will use and rely primarily on the Confidential Information and on information available from public sources without having independently verified any of such information.



Sub V Trustee's Mtn to Retain

006754

(b)  The foregoing is not intended to prohibit, nor shall it be construed as prohibiting, M3 from making such disclosures of Confidential Information that M3 reasonably believes are required by law or any regulatory requirement or authority, or to clear client conflicts.  M3 also may disclose Confidential Information to its partners, directors, officers, employees, independent contractors, agents and advisors who have a need to know the Confidential Information for the proper performance of the Services or otherwise in connection with the Engagement.  M3 may make reasonable disclosures of Confidential Information to third parties to the extent that M3 reasonably believes that such disclosure is consistent with its performance of the Services.  In addition, M3 will have the right to disclose to any person that it provided services to the Client or its affiliates and a general description of such services, but such disclosure shall not provide any other Confidential Information about M3's involvement with the Client.

(c) The provisions of this Section shall survive for a period of two years following the termination or expiration of this Agreement and shall supersede any separate confidentiality or analogous agreement between M3 and the Client.

9.  <u>Intellectual Property</u>.  Upon payment in full of all amounts owing to M3 hereunder (but subject to the provisions of Section 7 and 8 of this Agreement), the Client will own all Deliverables furnished by M3 to the Client in connection with the Services, *provided* that M3 will retain ownership of (a) all concepts, analyses, know-how, tools, frameworks, models and industry perspectives used and/or developed by M3 in connection with the Services and (b) all other intellectual property not containing Confidential Information which has been developed by M3 outside of the provision of the Services (the "***M3 Tools***"), it being understood that M3 will have no ownership right to, and will maintain in accordance with the provisions of this Agreement the confidentiality of, any Confidential Information contained in the M3 Tools.  To the extent that the Deliverables include any M3 Tools, M3 hereby grants the Client a non-exclusive, non-transferable, non-sublicensable worldwide, royalty-free license to use and copy the M3 Tools solely as part of the Deliverables and subject to the confidentiality provisions contained in this Agreement.  The Client acknowledges and agrees that the M3 Tools are provided to the Client on an "as is" basis and without any warranty or condition of any kind (whether express, implied or otherwise), and including without limitation any implied warranty of merchantability or fitness for a particular purpose. The provisions of this Section shall survive the termination or expiration of this Agreement.

10. <u>Limitation on Damages</u>.  In no event shall M3 or any of its affiliates, equity holders, partners, directors, employees, agents, representatives and contractors, including past, present or future partners, principals and personnel of each (collectively hereinafter called the "***M3 Representatives***") be liable to the Client or its affiliates, successors, or any person claiming on behalf of or in the right of the Client (including the Client's owners, parents, affiliates, directors, officers, employees, agents, security holders, or creditors) for (i) any amount which, when taken together with all losses for which M3 and the M3 Representatives are liable in connection with this Agreement or the Engagement, would exceed the amount of fees for the Services actually received by M3 from the Client in connection with the Engagement during the immediately preceding 12 months or (ii) any special, consequential, incidental or exemplary damages or loss (or any lost profits, savings or business opportunity) (collectively, the "***Liability Cap***").  This



006755

paragraph shall apply regardless of the nature of any claim(s) (including claims based on contract, statute, negligence, tort, strict liability or otherwise), regardless of any failure of the essential purpose of any remedy and whether or not M3 or any M3 Representative was advised of the possibility of the damage or loss asserted, but shall not apply to the extent finally determined by final and non-appealable judgment of a court of competent jurisdiction to be prohibited by applicable law. For the avoidance of doubt, the Parties hereby irrevocably agree that the Liability Cap is intended to be the total limit of liability for M3 and all other M3 Representatives in the aggregate for any and all claims or demands by anyone in connection with this Agreement, the Services and the Engagement, including without limitation any liability to the Client and to any others making claims relating to the Services and the Engagement. Any such claimants shall allocate among themselves any amounts payable by M3, but the failure of the claimants to reach such an agreement shall not affect the enforceability of the Liability Cap. Under no circumstances shall the collective liability of M3 and the other M3 Representatives in connection with this Agreement exceed the Liability Cap. The provisions of this Section shall survive the termination or expiration of this Agreement.

11. <u>Client Acknowledgement</u>. The Client hereby acknowledges and agrees that M3 may, in the ordinary course of its business, serve clients who are competitive with, or have conflicting interests with, the Client. Consistent with its confidentiality obligations hereunder and its confidentiality obligations to its other clients, M3 will not advise or consult to the Client with respect to any aspect of M3's engagement or potential engagement with any other client, potential client or former client. Similarly, M3 will not advise or consult to any other client, potential client or former client with respect to any aspect of the Engagement. M3 will maintain the confidentiality of the Confidential Information in accordance with the terms of this Agreement and, similarly, will not share confidential information of any client, potential client or former client of M3 with the Client. The provisions of this Section shall survive the termination or expiration of this Agreement.

12. <u>Miscellaneous</u>. (a) This Agreement (i) constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes any other communications, understandings or agreements (both written and oral) among the parties with respect to the subject matter hereof, and (ii) may be modified, amended or supplemented only by prior written agreement of each of the Parties.

(b) The invalidity, illegality, or unenforceability of any provision in or obligation under this Agreement in any jurisdiction shall not affect or impair the validity, legality, or enforceability of the remaining provisions or obligations under this Agreement or of such provision or obligation in any other jurisdiction. If feasible, any such offending provision shall be deemed modified to be within the limits of enforceability or validity; *provided* that, if the offending provision cannot be so modified, it shall be stricken and all other provisions of this Agreement in all other respects shall remain valid and enforceable.



006756

(c)  M3's services hereunder are personal in nature and may not be assigned without the written consent of the Client.  The obligations of M3 hereunder are owing only to the Client and there shall be no third-party beneficiaries of the obligations of M3 hereunder.

(d)  This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed an original, but all such counterparts shall constitute one and the same instrument, and all signatures need not appear on any one counterpart.

(e)  This Agreement and all controversies arising from or related to performance hereunder shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts to be executed and performed within such state.  The Parties hereby submit to the exclusive jurisdiction of and venue in the federal and state courts located in the State of New York and waive any right to trial by jury in connection with any dispute related to this Agreement; provided that the exclusive jurisdiction and venue shall be the Court for so long as it maintains jurisdiction over the Debtor's bankruptcy proceeding.  The provisions of this paragraph shall survive the termination or expiration of this Agreement.

*[Remainder of Page Intentionally Left Blank]*



006757

This Agreement shall be binding upon the Parties and their respective successors and assigns, and no other person shall acquire or have any right under or by virtue of this Agreement.

Please confirm the foregoing is in accordance with your understanding by signing and returning a copy of this Agreement, whereupon it shall become binding and enforceable in accordance with its terms.

Very truly yours,

M3 ADVISORY PARTNERS, LP

By _____
    Name:  Mohsin Y. Meghji
    Title:  Managing Member

ACCEPTED AND AGREED
as of the date first set forth above:

Melissa Haselden, in her capacity as
subchapter V trustee

By:  /s/ Melissa Haselden
    Name:  Melissa Haselden
    Title:  Subchapter V Trustee



006758

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 (Subchapter V) |
| | ) |
| FREE SPEECH SYSTEMS, LLC | ) Case No. 22-60043 |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER GRANTING SUBCHAPTER TRUSTEE'S MOTION
FOR ENTRY OF AN ORDER AUTHORIZING RETENTION OF M3 ADVISORY PARTNERS,
LP AS FINANCIAL ADVISOR TO THE SUBCHAPTER V TRUSTEE**

CAME ON FOR CONSIDERATION the Motion of the Subchapter V Trustee for Entry of an Order Authorizing Retention of M3 Advisory Partners, LP as Financial Advisor ("Motion"). The Court, having considered same, and any response(s) thereto, and found that notice of the Motion was proper is of the opinion that the Motion should be GRANTED; it is therefore ORDERED

1.     The Trustee is authorized to employ and retain M3 Advisory Partners, LP as Financial Advisors effective as of the October 20, 2022 on the terms set forth in the Motion and Engagement Letter.

2.     M3 shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case\ in compliance with §§ 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, applicable provisions of the Bankruptcy Local Rules, and any other applicable orders of the Court.

3.     M3 is entitled to reimbursement of actual and necessary expenses related to the Motion.

4.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

5.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6.      The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:

_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**CURRENT 4 WEEK BUDGET**

| Week Number | 12/24/2022-12/30/2022 **22** | 12/31/2022-1/06/2023 **1** | 1/07/2023-1/13/2023 **2** | 1/14/2023-1/20/2023 **3** | Total | NOTES |
|---|---|---|---|---|---|---|
| **Income** | | | | | | |
| Product Sales (Net of 6.6% Merchant Fee) | $ 200,000.00 | $ 225,000.00 | $ 265,000.00 | $ 285,000.00 | $ 975,000.00 | *Net of 6.6% CC Merchant fees. Includes Shipping Fees and Sales Tax but excludes any PQPR related sales* |
| Point of Sale Revenue | 115,000.00 | 145,000.00 | 155,000.00 | 175,000.00 | 590,000.00 | *Fulfillment Vendor Product Sales* |
| Platinum / PQPR Commission | 85,000.00 | 85,000.00 | 85,000.00 | 85,000.00 | 340,000.00 | *Net of 60% payment to inventory owner* |
| Donations | 7,500.00 | 7,500.00 | 7,500.00 | 7,500.00 | 30,000.00 | |
| **Total Income** | **407,500.00** | **462,500.00** | **512,500.00** | **552,500.00** | **1,935,000.00** | |
| **Selling & Product Costs** | | | | | | |
| Inventory Cost | (117,000.00) | (117,000.00) | (117,000.00) | - | (351,000.00) | *NutriScience Inventory* |
| Inventory Purchases | - | (250,000.00) | (250,000.00) | - | (500,000.00) | *Hi-Tec Inventory purchase per payment plan agreement* |
| PQPR Inventory Purchase | (50,000.00) | (50,000.00) | - | - | (100,000.00) | *Per 2nd interim cash collateral order EOF 98* |
| Point of Sale Product Cost | (28,750.00) | (36,250.00) | (38,750.00) | (43,750.00) | (147,500.00) | *Fulfillment Vendor product costs* |
| Fulfillment Services | (40,000.00) | (45,000.00) | (49,025.00) | (52,725.00) | (186,750.00) | *Assumes we do not transition to 3rd Party Fulfillment Vendor before 12/24/22* |
| eCommerce Store Maintenance | - | - | (12,500.00) | - | (12,500.00) | *Final ECDN Audit bills* |
| Texas Sales Tax (20% of Sales @ 6.25%) | (2,500.00) | (2,812.50) | (3,312.50) | (3,562.50) | (12,187.50) | |
| **Total Cost of Goods Sold** | **(238,250.00)** | **(501,062.50)** | **(470,587.50)** | **(100,037.50)** | **(1,309,937.50)** | |
| **Operating Expenses** | | | | | | |
| **Advertising & Promotion** | | | | | | |
| Print Media | - | - | (3,000.00) | - | (3,000.00) | |
| Radio Show Advertising | (14,760.00) | - | - | - | (14,760.00) | |
| **Total Advertising & Promotion** | **(14,760.00)** | **-** | **(3,000.00)** | **-** | **(17,760.00)** | |
| **Computer/IT/IP Expense** | | | | | | |
| Internet & TV services | (2,500.00) | - | (1,750.00) | - | (4,250.00) | |
| Server Hosting / Cloud Service / Ecomm | (90,000.00) | - | (15,000.00) | - | (105,000.00) | |
| Satellite Service | (140,000.00) | - | - | - | (140,000.00) | |
| Telecommunications | (18,500.00) | - | (2,000.00) | - | (20,500.00) | |
| Image License, Software & Other | - | - | (10,000.00) | - | (10,000.00) | |
| **Total Computer/IT/IP Expense** | **(251,000.00)** | **-** | **(28,750.00)** | **-** | **(279,750.00)** | |
| **Office & Administrative Expense** | | | | | | |
| Bank Fees & Service Charges | (200.00) | (200.00) | (200.00) | (200.00) | (800.00) | |
| Insurance | - | - | - | - | (5,000.00) | *Liability and property, we don't have current Workers Comp policy* |
| Utilities | - | (34,858.32) | - | - | (34,858.32) | |
| Janitorial | - | - | - | - | (9,150.00) | |
| Office Security | - | - | - | - | (5,000.00) | |
| Repair & Maintenance | - | - | - | - | (21,000.00) | *Includes Konica Minolta copier lease* |
| Supplies/Printing/Copy | - | - | - | - | (13,050.00) | |
| **Total Office & Administrative Expense** | **(11,600.00)** | **(46,658.32)** | **(17,500.00)** | **(13,100.00)** | **(88,858.32)** | |
| **Personnel Expenses** | | | | | | |
| Salaries & Wages & Benefits | (110,000.00) | - | (110,000.00) | - | (220,000.00) | |
| Payroll Tax | (10,400.00) | - | (10,400.00) | - | (20,789.91) | |
| Contract Employees | (49,450.00) | (4,450.00) | (4,450.00) | (4,450.00) | (62,800.00) | |
| Consulting Services | (2,400.00) | (1,500.00) | (2,000.00) | (1,500.00) | (7,410.00) | |
| Alex Jones Salary | (20,000.00) | - | (20,000.00) | - | (40,000.00) | |
| **Total Personnel Expenses** | **(192,250.00)** | **(5,950.00)** | **(146,850.00)** | **(5,949.91)** | **(350,999.91)** | |
| **Travel** | | | | | | |
| Mileage/Parking/Tolls | (500.00) | (100.00) | (100.00) | (100.00) | (800.00) | |
| Vehicle Leases | - | - | - | (560.00) | (560.00) | |
| **Total Travel Expenses** | **(500.00)** | **(100.00)** | **(100.00)** | **(660.00)** | **(1,360.00)** | |
| **Total Operating Expenses** | **(470,110.00)** | **(52,608.32)** | **(196,300.00)** | **(19,699.91)** | **(738,718.23)** | |
| **Non-Operating Expenses** | | | | | | |
| Payment to PQPR | (5,000.00) | (5,000.00) | (5,000.00) | (5,000.00) | (20,000.00) | *Weekly adequate protection payment* |
| **Total Other Expenses** | **(5,000.00)** | **(5,000.00)** | **(5,000.00)** | **(5,000.00)** | **(20,000.00)** | |
| **Professional Fees** | | | | | | |
| CRO Fees | (50,000.00) | - | - | - | (50,000.00) | |
| Trustee Fees | - | - | - | (30,000.00) | (30,000.00) | |
| Trustee Counsel | (15,000.00) | - | (15,000.00) | - | (30,000.00) | |
| Legal Fees - Reynal | (15,000.00) | - | (15,000.00) | - | (30,000.00) | |
| Ray Battaglia | (21,630.00) | - | - | - | (21,630.00) | |
| **Total Professional Fees** | **(101,630.00)** | **-** | **(30,000.00)** | **(30,000.00)** | **(161,630.00)** | *HR and Bookkeeping Fees* |
| **Total Cash Flow** | **(335,880.00)** | **(197,800.62)** | **(189,387.50)** | **427,762.59** | **(295,285.73)** | |
| **Ending Cash** | **164,140.00** | **(33,660.52)** | **(223,048.32)** | **204,714.27** | | |

PQPR-12

006761